## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF VERMONT

In re:

Roman Catholic Diocese of Burlington, Vermont,[1]

          Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

## EMERGENCY MOTION AND MEMORANDUM FOR ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM, (II) APPROVING SEXUAL ABUSE CLAIM FORM, (III) APPROVING FORM AND MANNER OF NOTICE, AND (IV) APPROVING CONFIDENTIALITY PROCEDURES

The Roman Catholic Diocese of Burlington, Vermont (the "Diocese") requests that this Court enter an order establishing deadlines for the filing of proofs of claims in this case, approving the proposed sexual abuse claim form ("Sexual Abuse Claim Form"), approving the form and manner of the proposed notices of the deadlines to file timely claims, and approving procedures that will allow survivors asserting a sexual abuse claim (the "Survivors") to file their claims confidentiality, all as more fully described in this motion (the "Motion"). As the relief sought in the Motion seeks to protect the privacy of the Survivors while also establishing proper procedures for both notice of the deadline to file claims and for how the Survivors can provide the Diocese and other relevant parties with necessary information to evaluate the claims, the Court should grant the Motion.

The Diocese conferred with the Office of the United States Trustee (the "UST") prior to filing this Motion.

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Diocese's address is 55 Joy Drive, South Burlington, Vermont 05403, and its Employer Identification Number (EIN) is 03-0180730.

## JURISDICTION, VENUE, AND STATUTORY BASIS FOR RELIEF

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The petition commencing this Chapter 11 case was filed on September 30, 2024 (the "Petition Date").  The case is currently pending before this Court.

3.      This Motion arises under 11 U.S.C. §§ 107 and 501 and Bankruptcy Rules 2002(a), 3003(c), and 9018.  This Motion is filed under Bankruptcy Rules 9013 and 9014 and Local Rules 9013-1 to -6 and 9014-1.  Emergency relief is requested pursuant to Bankruptcy Rule 9006(c) and Local Rule 9075-1.  Notice of this Motion is provided pursuant to Bankruptcy Rule 2002 and Local Rules 9013-3 and 9013-4.

## BACKGROUND[2]

4.      On the Petition Date, the Diocese filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Diocese continues to operate its business as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.  There is presently no pending request or motion for appointment of a trustee or examiner, and no official committee of unsecured creditors has been appointed.

5.      The Diocese is a Catholic Diocese serving the entire State of Vermont.  Further background information regarding the Diocese may be found in the Affidavit of Bishop John J. McDermott in Support of Initial Pleadings and Pursuant to Local Rule 1007-1 (the "McDermott Affidavit").

---

[2] The facts contained in this Motion are verified in the McDermott Affidavit.

6.      In 2019, the Vermont legislature amended 12 V.S.A. § 522 to remove the statute of limitations applicable to civil causes of action for damages based on sexual abuse.  The amendment included a retroactivity provision and the major effect of the amendment was to permit alleged survivors of sexual abuse to file claims previously barred by prior statute of limitations.

7.      As described in more detail in the McDermott Affidavit, certain clergy members in the Diocese violated the sacred trust placed in them by children, their families, and the Diocese by committing acts of sexual abuse.  As of the Petition Date, 31 civil actions were pending against the Diocese.

## REQUESTED RELIEF

### I.     DEADLINE FOR FILING TIMELY PROOF OF CLAIM.

8.      For chapter 11 cases, Bankruptcy Rule 3003 requires all creditors whose claims are not scheduled or are scheduled as disputed, contingent, or unliquidated to file a proof of claim.  Fed. R. Bankr. P. 3003(c)(2).

9.      "The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."  Fed. R. Bankr. P. 3003(c)(3).

10.     The Diocese proposes setting the claim filing deadline for non-government creditors for April 1, 2025 (the "Claim Filing Deadline").

11.     The Diocese believes that the Claim Filing Deadline provides sufficient time for all parties to file proofs of claims, including time survivors of sexual abuse to file the proofs of claim.

### II.    PROPOSED SEXUAL ABUSE CLAIM FORM.

12.     Bankruptcy Rule 3001 requires "a proof of claim [to] conform substantially to the appropriate Official Form."  Fed. R. Bankr. P. 3001(a).  However, Bankruptcy Rule 9009 permits

alterations to the official form "as may be appropriate," including combining or rearranging forms. Fed. R. Bankr. P. 9009.

13.     The Diocese proposes using the Sexual Abuse Claim Form, which is attached as **Exhibit A**.  The proposed Sexual Abuse Claim Form requires detailed information from the Survivors.  This information will be necessary for the Diocese and the Official Committee of Unsecured Creditors (the "Committee")[3] to effectively evaluate the claim.  This information will also play an important role in negotiations between the Diocese and the Committee.

## III.     PROPOSED SEXUAL ABUSE CLAIM NOTICE PROCEDURES.

14.     The Diocese also prepared the proposed "Sexual Abuse Claim Notice," attached as **Exhibit B**, which provides information concerning the deadline for filing claims and procedures for completing the Sexual Abuse Claim Form.

### A.     Service of Proposed Sexual Abuse Claim Notice.

15.     The Diocese proposes to serve the Sexual Abuse Claim Notice and the Sexual Abuse Claim Form (collectively, the "Abuse Claim Filing Package") by United States first-class mail, postage prepaid, on all known Survivors.

16.     The Diocese's service of the Abuse Claim Filing Package will be accomplished through the Survivors' attorney, if previously identified as counsel for each Claimant in connection with the sexual abuse claim, and directly on all other known Survivors.

---

[3] At the time of the filing of this Motion, the UST has not appointed a Committee. However, the Diocese expects that one will be appointed in this case.

**B.      Publication of Proposed Sexual Abuse Claim Notice.**

17.      The Diocese further proposes to supplement the notice of the deadline for filing timely proof of claims by also giving notice by publication (the "Publication Notice") pursuant to Bankruptcy Rule 2002(l).

18.      The Diocese will publish, in print and online, the Publication Notice, attached as **Exhibit C**, as follows:

      a.      Once, no later than 60 days prior to the Claim Filing Deadline, in *USA Today* (national edition);

      b.      Once prior to the Claim Filing Deadline in the Vermont Catholic Magazine (Regional Catholic Publication); and

      c.      Three times prior to the Claim Filing Deadline in each of: (i) National Catholic Reporter (National Catholic Publication), (ii) The National Catholic Register (National Catholic Publication), (iii) Burlington Free Press (State-Wide Publication); (iv) Seven Days (State-Wide Publication); (v) The World (Central Vermont Publication); (vi) Rutland Herald (Champlain Valley Publication); (vii) Mountain Times (Rutland and Windsor Counties Publication); (viii) The Sun (Champlain Valley Publication); (ix) Caledonian Record (Caledonia County Publication); (x) Addison County Independent (Addison County Publication); (x) NVT Media (Southern Adirondacks of New York and Grand Isle County Publication); (xi) Brattleboro Reformer (Southeastern Vermont Publication); Bennington Banner (Southwestern Vermont Publication); Times Argus (Central Vermont Publication); The Herald – Randolph Vermont (Central Vermont Publication); St. Albans Messenger (Northwestern Vermont Publication).

19.     In addition to the Publication Notice, the Diocese will also send copies of the Sexual Abuse Claim Notice to the above-listed publications and to the following: (a) local broadcast radio and television stations: WETK, WVER, WVTB, WCAX, WPTZ, and WVNY; and (b) those other dioceses directly bordering the Diocese.

20.     The Diocese will also take the following measures to provide further notice of the deadline for filing timely proofs of claims:

a.     Within five business days of the entry of the order approving this Motion, the Diocese will post the component parts of the Sexual Abuse Claim Filing Package and the deadline for filing non-tort claims on its public website: https://www.vermontcatholic.org/;

b.     Within five business days of the entry of the order approving this Motion, the Diocese will provide a copy of the Publication Notice and the component parts of the Sexual Abuse Claim Filing Package to the Survivors Network of the Abused Priests and request that it post the same on its website: http://www.snapnetwork.org/;

c.     Within five business days of the entry of the order approving this Motion, the Diocese will provide a copy of the Publication Notice and the component parts of the Sexual Abuse Claim Filing Package to the law firms currently representing individuals asserting claims against the Diocese and request that they post the same on their respective websites: (i) Gravel & Shea PC (https://gravelshea.com/), (ii) Shoup Evers & Green (https://www.seglawyersvermont.com/),       (iii)       Kaplan       &       Kaplan (https://www.kaplanlawvt.com/), (iv) Herman Law Group (https://hermanlaw.com/new-york/), (v) Jeff Anderson & Associates, P.A. (https://www.andersonadvocates.com/), and (vi) D'Arcy Johnson Day PC (https://www.djdlawyers.com/);

d.      The Diocese will maintain a telephone number published on its website (https://www.vermontcatholic.org/) that may be used to ask questions and request copies of the Sexual Abuse Claim Filing Package;

e.      Within two weeks of the service of the Sexual Abuse Claim Filing Package, the Diocese will provide a copy of the Publication Notice and the component parts of the Sexual Abuse Claim Filing Package to the following offices/entities and request that each recipient publicly post such notice until the expiration of the Claim Filing Deadline: (i) the Vermont Attorney General, (ii) the county attorney, county administrator, and sheriff's department for each of the counties within the Diocese's geographical area, (iii) the Vermont Department of Health's locations within the Diocese's geographical area, and (iv) each hospital in the Diocese's geographical area;

f.      The Diocese will send a letter to each parish located in the Diocese's geographical area requesting that such parish display either the Publication Notice or the Sexual Abuse Claim Notice in a prominent location within the church, school, or parish office.  The letter will also request that notices be published once a month in the parishes' weekly bulletins until the Claim Filing Deadline.  The letter will also request that each pastor, canonical administrator, or parochial vicar remind parishioners of the availability of information concerning the Claim Filing Deadline.  The letter will also request that parishes disseminate the Publication Notice or Sexual Abuse Claim Notice by e-mail to their respective distribution lists.  The letter shall request confirmation as to whether the parish has complied with the publication request and shall request (i) the dates of publication of the notices in the parish's bulletin and (ii) a copy of the parish bulletin including such notice.

g.      The Diocese shall request that each pastor, canonical administrator, or parochial vicar read a letter from the Bishop at Masses at least two times before the Claim Filing Deadline.  The letter from the Bishop will state that the Bishop requests that the letter be read, that the Claim Filing Deadline is April 1, 2025, that the Bishop requests that people inform their family members about the Claim Filing Deadline, and that the filing of a claim may be done confidentially.

21.      The Diocese believes that the publication protocol described above is most likely to provide notice to creditors who may not otherwise have notice of the Diocese's chapter 11 case.

## IV.      PROPOSED CONFIDENTIALITY PROCEDURES.

22.      Due to the nature of the information requested in the Sexual Abuse Claim Form, the Diocese seeks approval of the following confidentiality procedures:

a.      The Survivors shall mail or deliver the completed original Sexual Abuse Claim Form to the Clerk of the United States Bankruptcy Court for the District of Vermont at the following address: U.S. Bankruptcy Court, District of Vermont, PO Box 1663, Burlington, VT 05402-1663.  The Clerk of Court will provide copies of the Sexual Abuse Claim Form to counsel for the Diocese on a regular basis.

b.      Sexual Abuse Claim Forms maintained by the Clerk of Court will not be available for viewing or copying unless otherwise ordered by the Court. This confidentiality procedure is for the benefit of the Survivors. Accordingly, the Survivors may elect to make any of the information contained in the Sexual Abuse Claim Form public, even if they elected to file the Sexual Abuse Claim Form confidentially. If a Claimant affirmatively indicates, by checking the box in Part I of the Sexual Abuse Claim Form, that the claim is to be made public, that claim will be added to the public claim

register. If no box is checked or if both boxes are checked on a Sexual Abuse Claim Form, that form shall not be made public.

c.        Sexual Abuse Claim Forms submitted by the Survivors shall be held and treated as confidential by (i) the Diocese and its counsel, (ii) the permitted parties listed below, subject to each permitted party executing and returning to the Diocese's counsel a confidentiality agreement, and (iii) to any additional party the Court determines should have access to the Sexual Abuse Claim Forms.  All parties with access to the Sexual Abuse Claim Forms shall agree to keep the information provided in the Sexual Abuse Claim Forms confidential (unless the Sexual Abuse Claimant elects otherwise under Part 1 of the Sexual Abuse Claim Form).  Permitted parties may obtain copies of the Sexual Abuse Claim Forms in accordance with the terms of an applicable confidentiality agreement only from counsel for the Diocese and shall not seek or obtain such documents from the Clerk of Court.

d.        Permitted parties include (i) counsel for the Diocese, (ii) officers and employees of the Diocese who are necessary to assist the Diocese and its counsel address issues with respect to sexual abuse claims; (iii) counsel for the Committee; (iv) insurance companies or their successors, including any authorized claim administrators of such insurance companies, that issued or allegedly issued policies to the Diocese and their reinsurers and attorneys; (v) any unknown claims representative appointed by the Court in this case; (vi) any mediator, special arbitrator, or claims reviewer appointed by the Court to review and resolve the sexual abuse claims; (vii) any trustee appointed to administer payments to the Survivors; (viii) authorized representatives of a department of corrections with respect to a sexual abuse claim by a Claimant who is incarcerated, but only to the

extent such disclosure is authorized under applicable non-bankruptcy law; (ix) members of the Committee and their personal counsel (after the Sexual Abuse Claim Form has been redacted to remove the Claimant's personal identification information identified in Parts 2(A) and 3 of the Sexual Abuse Claim Form and the signature block); (x) law enforcement in the city or county where the sexual abuse claim arose; (xi) auditors of the United States Conference of Catholic Bishops charged with preparing annual audits of diocesan compliance with the Charter for the Protection of Children and Young People; (xii) each parish identified in a Sexual Abuse Claim Form and the following personnel from each identified parish: (1) the pastor, (2) the trustees serving on the parish financial council, (3) the chairperson of the finance council, (4) the business administrator of the parish, and (5) attorneys serving as counsel for the parish; and (xiii) upon a motion by the Diocese or the Committee, any other person the Court determines should have information in order to evaluate sexual abuse claims.

e.       Permitted parties and their attorneys shall be authorized to review the Sexual Abuse Claim Forms upon execution of a confidentiality agreement agreed upon by the Diocese and the Committee or pursuant to further order of the Court.

23.     The Diocese believes that these confidentiality procedures are necessary and appropriate under the circumstances of this chapter 11 case.  The Diocese understands the sensitive and private nature of the information requested in the Sexual Abuse Claim Forms.  However, this information is necessary for the evaluation of claims.  The Diocese intends for the confidentiality procedures to protect the Survivors' privacy, while the Sexual Abuse Claim Form will function as a user-friendly method to obtain information and not discourage Survivors from coming forward to assert claims.

## V.     EMERGENCY RELIEF.

24.     As the Court normally issues the "Notice of Chapter 11 Bankruptcy Case," which includes a proof of claim deadline, shortly after the Petition Date, the Diocese seeks the relief sought in the Motion, particularly the establishment of the Claim Filing Deadline, on an emergency basis and cause exists to reduce notice of the Motion. The Diocese has given approximately two business days' notice of the hearing.

### BASIS FOR RELIEF

## I.     THE DEADLINE FOR FILING TIMELY PROOF OF CLAIMS IS APPROPRIATE.

25.     Pursuant to Bankruptcy Rule 3003(c)(3), the bankruptcy court must fix the time within which a claim must be filed under 11 U.S.C. § 501. Fed. R. Bankr. P. 3003(c)(3).

26.     The Diocese believes using April 1, 2025, for the Claim Filing Deadline provides sufficient time for Survivors to file claims in this case.

## II.     THE PROPOSED SEXUAL ABUSE CLAIM FORM IS AN APPROPRIATE ALTERATION TO THE NORMAL PROOF OF CLAIM FORM.

27.     Bankruptcy Rule 3001(a) states that "a proof of claim shall conform substantially to the appropriate Official Form." Fed. R. Bankr. P. 3001(a).  However, Bankruptcy Rule 9009 permits alterations, "[t]he Official Forms prescribed by the Judicial Conference of the United States shall be observed and used with alterations as may be appropriate. Forms may be combined and their contents rearranged to permit economies in their use . . ." Fed. R. Bankr. P. 9009. Additionally, section 105(a) of the Bankruptcy Code authorizes a court to take any appropriate action to carry out provision of the Bankruptcy Code.  11 U.S.C. § 105(a).

28.     The Sexual Abuse Claim Form attached as Exhibit A to the Motion provides appropriate and necessary modifications to the Official Form.  Among other things, it provides

information needed to allow the Diocese and other parties in interest to evaluate Sexual Abuse Claims.  For these reasons, similar forms have been approved in other diocesan bankruptcy cases throughout the country.  *See, e.g.,* Order (I) Establishing Deadlines for Filing Proofs of Clim; (II) Approving Sexual Abuse Claim Supplement; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures, *In re Roman Catholic Archbishop of Baltimore*, No. 23-16969 (Bankr. D. Md. Jan. 16, 2024), ECF No. 316; Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Claim Form; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures*, In re Roman Catholic Diocese of Harrisburg,* No. 20-00599 (Bankr. M.D. Penn. May 6, 2020), ECF No. 291; Order Establishing Deadlines for Filing Proofs of Claim; Approving Proof of Claim Forms; Approving Form and Manner of Notice; and Approving Confidentiality Procedure, *In re the Archdiocese of Saint Paul & Minneapolis*, No. 15-30125 (Bankr. D. Minn. Jan. 7, 2015), ECF No. 188.

29.     The Diocese respectfully requests that the Court similarly approve the Sexual Abuse Claim Form in this case.

## III.    THE PROPOSED NOTICE AND PUBLICATION PROTOCOL SHOULD BE ADOPTED AND IMPLEMENTED IN THIS CASE.

30.     Bankruptcy Rule 2002(f) requires a debtor to provide notice of certain bankruptcy proceedings to all creditors by mail.  Fed. R. Bankr. P. 2002(f).  However, Bankruptcy Rule 2002(l) permits notice by publication if "notice by mail is impracticable or that it is desirable to supplement the notice."  Fed. R. Bankr. P. 2002(l).

31.     Generally, courts have found that "known" creditors must receive actual, mail notice of bankruptcy proceedings. *Chemetron Corp. v. Jones*, 72 F.3d 341, 345 (3d Cir. 1995).  By contrast, courts consider notice by publication sufficient to satisfy the requirement of due process for "unknown" creditors.  *See id.* at 346-47; *see also In re Energy Future Holdings Corp.*, 522

B.R. 520, 529 (Bankr. D. Del. 2015) ("Publication in national newspapers is regularly deemed sufficient notice to unknown creditors, especially where supplemented . . . with notice in papers of general circulation in locations where the debtor is conducting business.").

32.     A "known" creditor is one whose identity is either known or "reasonably ascertainable by the debtor." *Chemetron*, 73 F.3d at 346 (citing *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478 (1988)).

33.     An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to the knowledge" of a debtor. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Walters v. Hunt (In re Hunt)*, 146 B.R. 178, 182 (Bankr. N.D. Tex. 1992) ("Unknown creditors include those whose identifies or claims are not reasonably ascertainable . . .").

34.     When determining who a debtor's "known" creditors are, a debtor must perform reasonable due diligence of its books and records, but is not required to engage in "impracticable and extended searches." *Mullane*, 339 U.S. at 317; *see also In re Thimson McKinnon Securities Inc.*, 130 B.R. 717, 720 (Bankr. S.D.N.Y. 1991) (noting that the debtor is not required to search out each conceivable or possible creditor).

35.     After carefully reviewing its books and records, the Diocese believes that it has identified all known creditors.  As noted above, after the termination of the statute of limitations by 12 V.S.A. § 522, there are 31 civil cases currently pending against the Diocese.  Consequently, the Diocese is aware of the identities of the majority of the Survivors.  Separate from the Survivors, the Diocese does not have any secured creditors and has minimal unsecured creditors.

36.     The Diocese will update its schedules and the master mailing matrix if it becomes aware of any additional creditors. All known creditors, including all Survivors made known to the Diocese through reasonable diligence, will receive actual, mailed notice of the Claim Filing Deadline.  The proposed service of the Claim Filing Deadline Package and the Publication Notice thus satisfy the due process requirements and reasonably apprise known creditors of the applicable deadlines.

37.     While the Diocese is not aware of any additional Survivors, due to the termination of the statute of limitations by 12 V.S.A. § 522 certain other individuals, currently unknown to the Diocese, may hold or believe to hold a sexual abuse claim against the Diocese.  Therefore,  because there may be additional Survivors that are currently unknown to the Diocese, the Diocese's proposed publication efforts are designed to reach the widest possible audience of creditors who may not otherwise have notice of the Diocese's chapter 11 case.

38.     The Diocese proposes to reach the widest possible audience through far-reaching dissemination of the Publication Notice and Claim Filing Deadline, including notice to (1) national print media, (2) local and national catholic publications, (3) leading local publications in circulation in and beyond the geographical area serviced by the Diocese, (4) claimant and diocesan websites, (5) the Vermont Attorney General, (6) the county attorney, county clerk, and sheriff's departments, (7) the Vermont Department of Health, (8) each hospital located within the geographical area served by the Diocese, and (9) each of the parishes located within the geographical area served by the Diocese.

39.     The proposed Publication Notice and the method of the publication shall provide wide-ranging notice of the Claim Filing Deadline and the procedures for filing a proof of claim in

satisfaction of the due process requirements.  For these reasons, the Diocese respectfully requests

that the Court approve the proposed notice and publication protocol.

## IV.    THE COURT SHOULD AUTHORIZE THE IMPLEMENTATION OF THE PROPOSED CONFIDENTIALITY PROCEDURES.

40.    Section 1107(b)(2) of the Bankruptcy Code requires a court to issue orders that will

"protect a person with respect to scandalous or defamatory matter contained in paper filed in a

case under this title." 11 U.S.C. § 1107(b)(2); *see also* Fed. R. Bankr. P. 9018 ("On motion or on

its own initiative, with or without notice, the court may make any order which justice requires . . .

to protect any entity against scandalous or defamatory matter contained in any paper filed in a case

under the Code.").

41.    Many of the Survivors have disclosed their identification information to the

Diocese in confidence and through counsel. The Diocese believes that it has the duty to keep the

identities of the Survivors confidential. The Survivors should not be forced to make their identities

public in order to participate in this case.  In the Motion, the Diocese requests authorization to

implement confidentiality procedures for the purpose of maintaining the confidentiality of the

Survivors:

- The Sexual Abuse Claim Forms will not be available to the general public unless a Claimant affirmative indicates, in writing, his or her desire that the proof of claim be made public.

- Dissemination of the Sexual Abuse Claim Forms will also be limited to the permitted parties, subject to each permitted party agreeing in writing to keep the information provided in the forms confidential.

42.    The Diocese believes that, only through these confidentiality procedures, will

Survivors be willing to fully participate in the process and provide the Diocese with the

information necessary to evaluate the Sexual Abuse Claims.  Consequently, in order to protect the

confidential information of the Survivors and to encourage the Survivors to participate and provide

the necessary information, the Diocese respectfully requests that the Court authorize the implementation of the confidentiality procedures detailed in the Motion.

## V.    CAUSE EXISTS FOR EMERGENCY RELIEF.

43.     Local Rule 9075-1 permits the Court to "deem a matter an 'emergency matter' only if the movant demonstrates that the need for immediate relief is necessitated by circumstances beyond the movant's control and that there is not sufficient time to give the notice required by the Code and the Bankruptcy Rules."

44.     Here, the Diocese seeks approval of (a) the Claim Filing Deadline, (b) the Sexual Abuse Claim Form, (c) the publication notice of the Claim Filing Deadline, and (d) confidentiality procedures for the Sexual Abuse Claim Forms.  As it is important for these issues to be addressed before the Court issues the "Notice of Chapter 11 Bankruptcy Case," there is a clear need for immediate relief that is outside the Diocese's control and insufficient time to provide the full notice period for the Motion.

## WAIVER OF STAY

45.     To the extent that the relief requested in this Motion constitutes a use of property of the Diocese's estate under 11 U.S.C. § 363(b), then the Diocese requests a waiver of the 14-day stay under Bankruptcy Rule 6004(h) and the notice requirements of Bankruptcy Rule 6004(a).

## NOTICE AND SERVICE

46.     Notice of this Motion and all related papers were served on the following parties on the date and manner set forth in the certificate of service related to this Motion: (a) the Office of the United States Trustee, (b) the Debtor's secured creditors or, if applicable, to counsel representing them, (c) the non-insider holders of the 20 largest unsecured claims against the Debtor or, if applicable, to counsel representing such holders, (d) applicable federal and state taxing

authorities, and (e) to the extent not included in the foregoing, the applicable state and federal regulatory agencies.

## **CONCLUSION**

47.     The Diocese respectfully requests that this Court enter an order:

a.      Granting emergency relief;

b.      Establishing April 1, 2025, as the deadline for filing proofs of claim;

c.      Approving the Sexual Abuse Claim Form attached to this Motion as Exhibit A;

d.      Approving the Sexual Abuse Claim Notice attached to this Motion as Exhibit B;

e.      Approving the Publication Notice attached to this Motion as Exhibit C;

f.      Approving the procedures for mailing the Abuse Claim Filing Package and posting of the Publication Notice in the manner set forth in this Motion;

g.      Approving procedures to allow the Survivors to file confidential proof of claim forms;

h.      Granting such other relief as the Court deems proper.

Dated:  September 30, 2024        */e/ Raymond J. Obuchoswki*

Raymond J. Obuchowski
**OBUCHOWSKI LAW OFFICE**
1542 Route 107, PO Box 60
Bethel, VT 05032
(802) 234-6244
ray@oeblaw.com

James L. Baillie (*pro hac vice application pending*)
Steven R. Kinsella (*pro hac vice application pending*)
Samuel M. Andre (*pro hac vice application pending*)
Katherine A. Nixon (*pro hac vice application pending*)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN  55402-4400
(612) 492-7000
jbaillie@fredlaw.com
skinsella@fredlaw.com
sandre@fredlaw.com
knixon@fredlaw.com

**PROPOSED ATTORNEYS FOR ROMAN
CATHOLIC DIOCESE OF BURLINGTON,
VERMONT**

**EXHIBIT A**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF VERMONT

In re:

Roman Catholic Diocese of Burlington, Vermont,

Case No.: 24-10205-HZC
Chapter 11 Case

Debtor.

## SEXUAL ABUSE CLAIM FORM

## IMPORTANT:
## THIS FORM MUST BE *RECEIVED BY* NO LATER THAN APRIL 1, 2025

Carefully read the instructions included with this Sexual Abuse Claim Form and complete ALL applicable questions.  Please print clearly and use blue or black ink.  Please send the **original** to the U.S. Bankruptcy Court Clerk at the following address:

Office of the Clerk of Court
U.S. Bankruptcy Court, District of Vermont
PO Box 1663
Burlington, VT 05402-1663

**THIS PROOF OF CLAIM IS FOR SURVIVORS OF SEXUAL ABUSE ONLY. YOU MAY WISH TO CONSULT AN ATTORNEY REGARDING THIS MATTER.**

A sexual abuse claim includes any claim arising from "childhood sexual abuse" or "childhood physical abuse" as those terms are defined in 12 V.S.A. § 522 for which such persons believe that the Roman Catholic Diocese of Burlington, Vermont (the "Diocese") may be liable.

**TO BE VALID, THIS PROOF OF CLAIM MUST BE SIGNED BY YOU OR YOUR ATTORNEY.  IF THE SURVIVOR IS DECEASED OR INCAPACITATED, THE FORM MAY BE SIGNED BY THE SURVIVOR'S REPRESENTATIVE OR THE ATTORNEY FOR THE ESTATE.  IF THE SURVIVOR IS A MINOR, THE FORM MAY BE SIGNED BY THE SURVIVOR'S PARENT OR LEGAL GUARDIAN, OR THE SURVIVOR'S ATTORNEY.  IF THE SURVIVOR DIES AFTER THE SUBMISSION OF THIS FORM, BUT BEFORE THE CLAIM IS RESOLVED, NOTIFICATION OF THE DEATH MUST BE PROVIDED TO THE COURT AT THE ADDRESS ABOVE.**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to five years, or both.  18 U.S.C. §§ 152, 3571.

**UNLESS YOU INDICATE OTHERWISE IN PART I BELOW, YOUR IDENTITY WILL BE KEPT STRICTLY CONFIDENTIAL, UNDER SEAL, AND OUTSIDE THE PUBLIC RECORD.   HOWEVER, INFORMATION IN THIS CLAIM WILL BE PROVIDED, PURSUANT TO COURT-APPROVED CONFIDENTIAL GUIDELINES, TO COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND OTHER COURT-APPROVED THIRD PARTIES, IN ORDER TO EVALUATE THE CLAIM.**

**YOUR PROOF OF CLAIM MAY BE DISPUTED OR HONORED IN WHOLE OR IN PART.   THE DIOCESE RESERVES THE RIGHT TO OBJECT OR TO ASSERT OFFSETS OR DEFENSES AGAINST ANY FILED PROOF OF CLAIM.**

## PART I: CONFIDENTIALITY

**THIS SEXUAL ABUSE CLAIM FORM (ALONG WITH ANY ACCOMPANYING EXHIBITS AND ATTACHMENTS) WILL BE MAINTAINED AS CONFIDENTIAL UNLESS YOU EXPRESSLY REQUEST THAT IT BE PUBLICLY AVAILABLE BY CHECKING THE BOX AND SIGNING BELOW.**

☐   I want my Proof of Claim (along with any accompanying exhibits and attachments) to be kept confidential.

☐   I want my Proof of Claim (along with any accompanying exhibits and attachments) to be made public.

Please verify this election by signing directly below:

Signature: _____

Print Name: _____

## PART II: IDENTIFYING INFORMATION

**A.     Survivor**

_____

First Name            Middle Initial            Last Name            Jr/Sr/III

Mailing Address (If Party is incapacitated, is a minor, or is deceased, please provide the address of the individual submitting the claim.  If you are in jail or prison, your current address.)

_____

City            Sate/Prov.            Zip Code (Postal Code)            Country
(if other than USA)

Telephone No(s):
Home: _____ Work: _____ Cell: _____

Email address: _____

If you are in jail or prison, your identification number: _____

May we leave voicemails for you regarding your claim:   ☐ Yes      ☐ No

May we send confidential information to your email:   ☐ Yes      ☐ No

Birth Date: _____   ☐ Male   ☐ Female
             Month      Day      Year

Last Four Digits of Social Security Number:   XXX-XX- _____

Any other name(s) or alias(es) by which the Survivor has been known:

**B.      Survivor's Attorney (if any – do not list counsel for the Diocese or the Official Creditors Committee):**

_____
Law Firm Name

_____
Attorney's First Name      Middle Initial      Last Name

_____
Street Address

_____
City      Sate/Prov.      Zip Code (Postal Code)      Country
                                                       (if other than USA)

_____
Telephone No.      Fax No.      Email Address

- 3 -

## PART 3:  BACKGROUND INFORMATION

1.  Are you currently married?

☐ Yes ☐ No (if "Yes," please identify the name of your spouse and marriage date)

_____
_____
_____


2.  Have you been previously married?

☐ Yes ☐ No (if "Yes," please identify the name of your former spouse and, as applicable, the date(s) of any dissolution, divorce, separation, or widowhood)

_____
_____
_____


3.  Do you have children?

☐ Yes ☐ No (if "Yes," please identify their names and birthdates.  If any children have died, please provide their date of death)

_____
_____
_____


4.  What schools have you attended?  For each school, please identify the months and years of your attendance.  If you cannot recall the exact months when you began or ended each school year, please identify the season (fall, winter, spring, summer).

_____
_____
_____


5.  Have you received a diploma or degree from any of the schools listed above?

☐ Yes ☐ No (if "Yes," please identify each diploma or degree that you received and the year you received it)

_____
_____
_____

6.      Have you served in the armed forces?

    ☐ Yes ☐ No (if "Yes," please identify the branch of service, the dates you served, and, if you have been discharged, the type of discharge you received)

_____

_____

_____

7.      Are you currently employed?

    ☐ Yes ☐ No (if "Yes," please identify the name of the organization where you are employed, the date of your employment began, and your job title)

_____

_____

_____

8.      What is your employment history?  Please provide the following information about each place you have previously been employed: (i) the name of the organization where you were employed; (ii) the dates of employment; (iii) your job title(s); and (iv) your reason for leaving the place of employment.

_____

_____

_____

9.      Have you been self-employed?

    ☐ Yes ☐ No (if "Yes," please provide your job responsibilities, any business name you used, and the dates of this business)

_____

_____

_____

10.     Are you retired?

    ☐ Yes ☐ No (if "Yes," please identify when you retired)

_____

_____

_____

11.     Part 4 below will ask you about the nature of your complaint against the Diocese.  Other than the incident(s) of sexual abuse described in Part 4, have you ever been sexually abused by anyone else?  If "Yes," please describe this abuse, including the date of the abuse and identify the abuser.

_____

_____

_____

## PART 4:  NATURE OF ABUSE
### (Attach additional separate sheets if necessary)

**NOTE:  IF YOU HAVE PREVIOUSLY FILED A LAWSUIT AGAINST THE DIOCESE IN STATE OR FEDERAL COURT, YOU MAY ATTACH THE COMPLAINT. IF YOU DID NOT FILE A LAWSUIT OR IF THE COMPLAINT DOES NOT CONTAIN ALL OF THE INFORMATION REQUESTED BELOW, YOU MUST PROVIDE THE INFORMATION BELOW.**

1.    Who committed each act of sexual abuse?

    _____
    _____
    _____

2.    What is the position, title, or relationship to you of the abuser or individual who committed these acts?

    _____
    _____
    _____

3.    Where did the sexual abuse take place?  Please be specific and complete all relevant information that you know, including the City and State, name of the parish or school (if applicable), and/or the names of any other location.

    _____
    _____
    _____

4.    When did the sexual abuse take place?

    a.    Please be as specific as possible.  If you can, please indicate the day, month, and year.  If you cannot recall the month, please try to recall the season (fall, winter, spring, summer).

    _____
    _____
    _____

    b.    If you were sexually abused on more than one occasion, please state when the abuse started, when it stopped, and how many times it occurred.

    _____
    _____
    _____

    c.      Please also state your age(s) and your grade(s) in school (if applicable) at the time the abuse took place.

_____

_____

_____

5.      Please describe in as much detail as possible the nature of the sexual abuse.   What happened?

_____

_____

_____

6.      Did you tell anyone about the sexual abuse (this would include parents, relatives, friends, the Diocese, attorneys, counselors, and law enforcement authorities)?

    a.      If "Yes," who did you tell?  Please list the name(s) and any contact information you have.

_____

_____

_____

    b.      What did you say?

_____

_____

_____

    c.      When did you tell this person or persons about the abuse?

_____

_____

_____

    d.      If you know, what did the person or persons do in response?

_____

_____

_____

7.      Where there any witnesses?  If so, please list their name(s) and any contact information you have, including addresses.

_____

_____

_____

8.  Do you personally know or have reason to believe that the Diocese knew that your abuser was abusing you or others before or during the period when such abuse occurred?  If "Yes," please provide all information that supports your conclusion, including the information requested in items 8(a) through 8(e) below.

    _____
    _____
    _____

    a.  Who at the Diocese knew that your abuser was abusing you or others?

        _____
        _____
        _____

    b.  How did such person or persons at the Diocese learn this information?  For example, did you report the abuse to someone from the Diocese?  Did someone else tell you they reported it to someone from the Diocese?  Did someone from the Diocese witness the abuse?

        _____
        _____
        _____

    c.  When did such person or persons at the Diocese learn this information?

        _____
        _____
        _____

    d.  What exactly was the person or persons from the Diocese told or what exactly did they observe?

        _____
        _____
        _____

    e.  How did you come to have the information you provided in response to the questions above?

        _____
        _____
        _____

## PART 5:  IMPACT OF ABUSE
### (Attach additional separate sheets if necessary)

1.    What injuries have occurred to you because of the act or acts of sexual abuse that resulted in the claim (for example, the effect on your education, employment, personal relationships, health, and any physical injuries)?

        _____
        _____
        _____

2.    Have you sought counseling or other treatment for your injuries?  If "Yes," with whom and when?

        _____
        _____
        _____

## PART 6:  ADDITIONAL INFORMATION

1.    Prior Non-Bankruptcy Claims: Have you previously filed any lawsuit seeking damages for the sexual abuse described in this claim?

        ☐ Yes   ☐ No (if "Yes," please answer the questions below)

        a.    Where and when did you file the lawsuit?

        _____
        _____
        _____

        b.    Who were the parties to the lawsuit and what was the case number?

        _____
        _____
        _____

        c.    What was the result of that lawsuit?

        _____
        _____
        _____

2.    Prior Bankruptcy Claims: Have you filed any claims in any other bankruptcy case relating to the sexual abuse described in this claim?

        ☐ Yes   ☐ No (if "Yes," you are required to attach a copy of any completed claim form)

        _____
        _____
        _____

3.      Any Settlements: Regardless of whether a complaint was ever filed against any party because of the sexual abuse, have you settled any claim or demand relating to the sexual abuse described in this claim?

      ☐ Yes  ☐ No (if "Yes," please describe, including parties to, the settlement and you are required to attach a copy of any settlement agreement)

_____

_____

_____

4.      Bankruptcy: Have you ever filed bankruptcy?

      ☐ Yes  ☐ No (if "Yes," please provide the following information)

      Name of Case: _____     Court: _____

      Date Filed: _____     Case No.: _____

      Chapter:  ☐ 7  ☐ 11  ☐ 12  ☐ 13    Name of Trustee: _____

      **Date: _____**

**Sign and print your name.  If you are signing the claim on behalf of another person or an estate, print your title.**

**Under penalty of perjury, I declare the foregoing statements to be true and correct:**

  **Signature:** _____

  **Print Name:** _____

  **Title:** _____

60198855_1

- 10 -

**<u>EXHIBIT B</u>**

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF VERMONT

In re:

Roman Catholic Diocese of Burlington, Vermont,

Case No.: 24-10205-HZC
Chapter 11 Case

Debtor.

### NOTICE OF THE TIME FOR TIMELY FILING PROOFS OF CLAIMS RELATING TO, OR ARISING FROM, SEXUAL ABUSE

**THIS IS AN IMPORTANT NOTICE.
YOUR RIGHTS MIGHT BE AFFECTED.**

**TO ALL PERSONS WITH CLAIMS ARISING FROM SEXUAL ABUSE FOR WHICH THE ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT MAY BE LIABLE:**

### APRIL 1, 2025 IS THE LAST DATE TO TIMELY FILE PROOFS OF CLAIMS FOR SEXUAL ABUSE

On September 30, 2024, the Roman Catholic Diocese of Burlington, Vermont (the "Diocese") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Vermont (the "Court"). The Diocese's address, the case number, proof of claim form, and other relevant information related to this chapter 11 case may be obtained at https://www.vermontcatholic.org/. Individuals have asserted sexual abuse claims against the Diocese, on account of alleged actions by people associated with the Diocese. Any person who believes that he or she has, or may have, a claim arising from "childhood sexual abuse" or "childhood physical abuse" as those terms are defined in 12 V.S.A. § 522 (the "Sexual Abuse Claims") for which such person believes that the Diocese may be liable (each such person, a "Survivor") should carefully read this notice.

**YOU SHOULD CONSULT AN ATTORNEY IF YOU HAVE ANY QUESTIONS, INCLUDING WHETHER YOU SHOULD FILE A PROOF OF CLAIM.**

### LAST DATE FOR TIMELY FILING

The Bankruptcy Court entered an order establishing **April 1, 2025** (the "Claim Filing Deadline"), as the last date for each Survivor to timely file a proof of claim. The Claim Filing Deadline and the procedures set forth below for the proof of claim form applying to Sexual Abuse Claims (the

"Sexual Abuse Claim Form") shall apply to all Sexual Abuse Claims alleged to have occurred prior to the Claim Filing Deadline.

## WHO SHOULD FILE

If you believe that you have a Sexual Abuse Claim, you should file a Sexual Abuse Claim Form to maintain and preserve any claims that you have against the Diocese.  Even if you have already filed a lawsuit against the Diocese alleging sexual abuse prior to the Claim Filing Deadline, you should still file a Sexual Abuse Claim Form to maintain and preserve your rights in the Diocese's chapter 11 case.

## WHO SHOULD NOT FILE

You should not file a Sexual Abuse Claim Form if:

      Your Sexual Abuse Claim has already been paid in full **OR**

      You do not have a claim against the Diocese.

## WHAT TO FILE

**FILE A SEXUAL ABUSE CLAIM FORM, A COPY OF WHICH IS ENCLOSED.  YOU MAY ALSO OBTAIN A COPY OF THE SEXUAL ABUSE CLAIM FORM BY FOLLOWING THE INSTRUCTIONS BELOW:**

### PROCEDURES FOR FILING A SEXUAL ABUSE CLAIM FORM

To file a Sexual Abuse Claim Form, take the following steps:

      Fill out the Sexual Abuse Claim Form in its entirety.

For additional copies of the Sexual Abuse Claim Form: (a) photocopy the Sexual Abuse Claim Form; (b) contact the Diocese between the hours of 9:00 a.m. and 5:00 p.m. (Central Standard Time), Monday through Friday; (c) visit the Diocese's website at: https://www.vermontcatholic.org/; or (d) visit the website of the Court at https://www.vtb.uscourts.gov/.

**Please note that the Court's Clerk's staff is not permitted to give legal advice.  You should consult your own attorney for assistance regarding any such inquiries.**

Return the completed original Sexual Abuse Claim Form to the Court Clerk at the address set forth below by the Claim Filing Deadline.  Sexual Abuse Claim Forms will be deemed timely filed only if they are **actually received** by the Clerk of Court by **April 1, 2025**.

If you are returning a Sexual Abuse Claim Form by mail, allow sufficient mailing time so that the Sexual Abuse Proof of Claim Form is received on or before **April 1, 2025**.  Sexual Abuse Claim

Forms that are postmarked before that date, *i.e.*, the Claim Filing Deadline, but which are received by the Clerk of the Court after the Claim Filing Deadline, will be considered tardy.

Sexual Abuse Proof of Claim Forms should be delivered to the following address:

Office of the Clerk of Court
U.S. Bankruptcy Court, District of Vermont
PO Box 1663
Burlington, VT 05402-1663

## CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM

There may be consequences for failing to file a claim.  Please consult your attorney.

## CONFIDENTIALITY

Filed Sexual Abuse Claim Forms will remain confidential in this chapter 11 case, unless you elect otherwise in Part 1 of the Sexual Abuse Claim Form.  Therefore, the Sexual Abuse Claim Form that you file will not be available to the general public, but will be kept confidential, except that information will be provided to the Diocese, the United States Trustee for the District of Vermont, the Diocese's insurers, attorneys for the Official Committee of Unsecured Creditors and its members, any unknown claims representative appointed by the Court, any settlement trustee appointed to administer payments to Survivors, prison authorities for any incarcerated Survivor, and such other persons as the Court determines should have the information in order to evaluate the Sexual Abuse Claim, all of whom will agree to keep the information provided by you confidential.

Dated:

# **EXHIBIT C**

## United States Bankruptcy Court
## for the District of Vermont
## In re Roman Catholic Diocese
## of Burlington, Vermont, Case No. 24-10205-HZC

### Claims Notice for Survivors of Sexual Abuse and Others With Claims Against the Roman Catholic Diocese of Burlington, Vermont

If you were sexually abused by any person connected with the Diocese, a Catholic parish, or Catholic school within the geographic area of the Diocese, or have any claim against the Diocese, you must file a claim by **April 1, 2025**.

*For more diocesan information*: **visit vermontcatholic.org**

*For U.S. Bankruptcy Court for the District of Vermont information:* **visit vtb.uscourts.gov**

*For advice about your rights:* **contact an attorney**