UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

------------------------------------------------------------------

In re:

    ROMAN CATHOLIC DIOCESE OF             Case No. 24-10205
    BURLINGTON VERMONT,                             Chapter 11

                          Debtor.

------------------------------------------------------------------

*Filed & Entered On Docket 01/03/2025*

### ORDER GRANTING THE *EX PARTE* APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE AS OF NOVEMBER 11, 2024

Upon consideration of the *EX PARTE APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO RETAIN AND EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL EFFECTIVE AS OF NOVEMBER 11, 2024* (the "**Application**"), pursuant to sections 327 and 1103(a) Title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Vermont (the "**Local Rules**"), for an order authorizing and approving the retention and employment of Pachulski Stang Ziehl & Jones LLP ("**PSZJ**") as counsel for the Official Committee of Unsecured Creditors (the "**Committee**") of the above-captioned debtor (the "**Debtor**") in this chapter 11 case; and upon consideration of the declaration of James I. Stang in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Debtor's estate, the Debtor's creditors and other parties in interest; and the Committee having provided adequate and

appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Application is **GRANTED** as set forth herein.

2. The Committee is authorized to retain and employ PSZJ as counsel to the Committee effective as of November 11, 2024. In the alternative, to the extent retention of PSZJ as of November 11, 2024 is not permitted under applicable law, PSZJ shall be retained as of the earliest date permitted under law; <u>provided</u>, <u>however</u>, that PSZJ may seek compensation for work performed and expenses incurred as of and after November 11, 2024 even where the effective date of PSZJ's retention occurs thereafter. Subject to Court approval of its fee statements or fee applications, PSZJ may be compensated for services rendered and reimbursed for expenses incurred beginning on November 11, 2024.

3. PSZJ shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the instant case as set forth in the Application; and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court.

4. The Committee and PSZJ are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5. PSZJ is authorized to sign and file electronically all notices, orders, motions, applications and other requests for relief, all briefs, memoranda, affidavits, declarations, replies and other documents filed in support of such

documents and all objections and responses related to any such documents filed by any party in this chapter 11 case.

6. No fees will be paid to PSZJ, including the use of any retainer received for post-petition services, without prior approval of the Court.

7. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

8. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

9. Within ten business days prior to any increases of PSZJ's rates for any individual employed by PSZJ and retained by the Committee pursuant to this Order, PSZJ shall file a supplemental affidavit or declaration with the Court setting forth the requested rate increase pursuant to 11 U.S.C. § 330(a)(3). Parties in interest, including the Office of the United States Trustee, retain all rights to object to, or otherwise respond to, any rate increase on any and all grounds, including, but not limited to, the reasonableness standard under 11 U.S.C. §330.

January 3, 2025  
Burlington, Vermont

*Heather Z. Cooper*  
Heather Z. Cooper  
United States Bankruptcy Judge