**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

In re:

Roman Catholic Diocese of Burlington, Vermont,[1]

Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

**MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND MEMBERS OF OFFICIAL COMMITTEES**

The Roman Catholic Diocese of Burlington, Vermont (the "Diocese") requests that this Court enter an order substantially in the form attached hereto as **Exhibit A**, establishing procedures for interim compensation and reimbursement of expenses incurred by Professionals (as defined below) and members of any official committees appointed in this Chapter 11 case (the "Motion"). A streamlined process for payment of interim compensation and reimbursement of expenses will enable the Diocese to closely monitor costs of administration, maintain appropriate cash flow, and implement efficient cash management procedures, while still allowing the Court and key parties in interest to ensure the reasonableness and necessity of the compensation and reimbursement being sought.

The Diocese conferred with the Office of the United States Trustee and counsel for the Official Committee of Unsecured Creditors (the "Committee") prior to the filing of this Motion.

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Diocese's address is 55 Joy Drive, South Burlington, Vermont 05403, and its Employer Identification Number (EIN) is 03-0180730.

1

**JURISDICTION, VENUE, AND STATUTORY BASIS FOR RELIEF**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The petition commencing this Chapter 11 case was filed on September 30, 2024 (the "Petition Date").  The case is currently pending before this Court.

3.      This Motion arises under 11 U.S.C. §§ 105(a) and 331, Bankruptcy Rule 2016, and Local Rule 2016-1.  This Motion is filed under Bankruptcy Rule 9013 and Local Rules 9013-1 to -6. Notice of this Motion is provided pursuant to Bankruptcy Rule 2002 and Local Rules 9013-3.

**GENERAL BACKGROUND**

4.      On the Petition Date, the Diocese filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  The Diocese continues to operate its business as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.  There is presently no pending request or motion for appointment of a trustee or examiner.

5.      The Diocese is a Catholic Diocese serving the entire State of Vermont.  Further background information regarding the Diocese may be found in the Affidavit of Bishop John J. McDermott in Support of Initial Pleadings and Pursuant to Local Rule 1007-1(i). (ECF No. 13.)

6.      On the Petition Date, the Diocese filed an application to employ Fredrikson & Byron, P.A. ("Fredrikson") as Chapter 11 counsel to the Diocese. (ECF No. 15). The Court granted the application and approved Fredrikson's employment on October 25, 2024. (ECF No. 61.)

7.      Also on the Petition Date, the Diocese filed an application to employ Obuchowski Law Office as Chapter 11 counsel to the Diocese and local counsel to Fredrikson. (ECF No. 16.)

The Court granted the application and approved Obuchowski Law Office's employment on October 25, 2024. (ECF No. 62.)

8.      On October 1, 2024, the Diocese filed an application to employ Dinse P.C. as special counsel to the Diocese. (ECF No. 22.) The Court granted the application and approved Dinse P.C.'s employment on October 25, 2024. (ECF No. 60.)

9.      On October 22, 2024, the Office of the United States Trustee appointed the Committee.  (ECF No. 52.) The Committee retained Pachulski Stang Ziehl & Jones ("PSZJ") on or around November 12, 2024.

10.      Also on November 12, 2024, the Committee filed an application to employ Lemery Greisler LLC ("Lemery," and together with PSZJ, "Committee Counsel") as counsel for the Committee and local counsel to PSZJ. (ECF No. 104.) The Court granted the application and approved Lemery's employment on December 30, 2024. (ECF No. 145.)

11.      On November 13, 2024, the Committee formally filed an application to employ PSZJ as counsel for the Committee. (ECF No. 106.) The Court granted the application and approved PSZJ's employment on January 3, 2025. (ECF No. 151.)

12.      Based on discussions with Committee Counsel, the Committee also intends to file an application to employ a financial advisor in the coming weeks.

13.      Thus, based on the foregoing, there are various professionals retained in this Chapter 11 case under 11 U.S.C. §§ 327, 328, and/or 1103 and additional professionals may be retained (together, the "Professionals"). Under 11 U.S.C. §§ 330 and 331, such Professionals are generally required to submit interim and final applications for allowance of compensation and reimbursement of expenses, unless the Court provides otherwise.

## RELIEF REQUESTED

14.     By this Motion, the Diocese respectfully requests entry of an order pursuant to 11 U.S.C. §§ 105(a) and 331 establishing the process for the periodic allowance and payment of compensation for professional services rendered and reimbursement of expenses incurred by professionals whose retentions are approved by this Court pursuant to 11 U.S.C. §§ 327, 328, or 1103 and who will be required to file applications for allowance of compensation and reimbursement of expenses pursuant to 11 U.S.C. §§ 330 and 331, on terms that satisfy the requirements of Bankruptcy Rule 2016 and Local Rule 2016-1.

15.     In addition, the Diocese requests entry of an order establishing a procedure for reimbursement of reasonable out of pocket expenses incurred by members of any official committees appointed in this Case.

16.     The Diocese further respectfully requests that the Court limit service of Monthly Fee Statements, Interim Fee Applications, and Final Fee Applications (each defined below), to the Notice Parties (defined below), with notice of any hearings thereon to be served only on those parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in this case.

## I.     PROPOSED COMPENSATION PROCEDURES.

17.     The proposed compensation procedures mirror those approved in *In re The Roman Catholic Diocese of Syracuse, New York*, No. 20-30663 (MCR) (Bankr. N.D.N.Y. Sept. 18, 2020), ECF No. 117; *In re The Diocese of Rochester*, No. 19-20905 (PGW) (Bankr. W.D.N.Y. Dec. 5, 2019), ECF No. 318; *In re The Diocese of Buffalo, N.Y.*, No. 20-10322 (CWB) (Bankr. W.D.N.Y. June 4, 2020), ECF No. 362; and *In re The Roman Catholic Diocese of Albany, New York*, No. 23-10244 (REL) (Bankr. N.D.N.Y. June 29, 2023), ECF No. 295.

18.    The Diocese proposes that the monthly payment of compensation and reimbursement of expenses of the Professionals (the "Compensation Procedures") be structured as follows:

a.  On or before the last day of each month following the month for which compensation is sought (or as soon as reasonably practicable thereafter), each Professional seeking compensation or reimbursement may file a statement with the Court (a "Monthly Fee Statement") for such compensation or reimbursement and serve the Monthly Fee Statement, by electronic mail, U.S. mail, or overnight delivery, on:

   i.   the Diocese, Attn: Lorei Dawson, 55 Joy Drive, South Burlington, Vermont 05403;

   ii.  counsel for the Diocese, Fredrikson & Byron, P.A., Attn: Steven R. Kinsella, 60 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, skinsella@fredlaw.com;

   iii. local counsel for the Diocese, Obuchowski Law Office, 1542 Route 107, P.O. Box 60, Bethel, Vermont 05032, ray@oeblaw.com;

   iv.  counsel for the Committee, Pachulski Stang Ziehl & Jones, Attn: Brittany Michael,  780 Third Avenue, 34th Floor, New York, New York 10017, bmichael@pszjlaw.com;

   v.   local counsel for the Committee, Lemery Greisler LLC, Attn: Paul A. Levine, 677 Broadway, 8th Floor, Albany, New York 12207, plevine@lemerygreisler.com;

   vi.  counsel for any additional committees that may be hereafter appointed;

   vii. and the Office of the United States Trustee, Attn: Lisa Penpraze, 11A Clinton Avenue, Room 620, Albany, New York 12207, Lisa.Penpraze@usdoj.gov (collectively, the "Notice Parties").

b.  Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for a subsequent month or months.

c.  For those Professionals who bill based on time, each Monthly Fee Statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed

breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

d.  Any party in interest will have until 4:00 p.m. (prevailing Eastern time) on the 14th day following the filing and service of a Monthly Fee Statement (the "<u>Objection Deadline</u>") to object to the requested fees and expenses in accordance with the procedures described in subparagraphs (e) and (f) below. Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection ("<u>CNO</u>") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement. After a CNO is filed, the Diocese is authorized and directed to pay the Professional an amount (the "<u>Actual Monthly Payment</u>") equal to the lesser of:

   i.  80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the applicable Monthly Fee Statement (the "<u>Maximum Monthly Payment</u>"); or

   ii.  80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection pursuant to subparagraph (e) below (the "<u>Uncontested Monthly Payment</u>").

e.  If any party in interest wishes to object to a Professional's Monthly Fee Statement, it must, on or before the Objection Deadline (or such later date as may be agreed to by the objecting party and the Professional whose Monthly Fee Statement is being contested):

   i.  file a written objection (an "<u>Objection</u>") with the Court; and

   ii.  serve the Objection on the affected Professional and each of the other Notice Parties.

f.  Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either:

   i.  file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Uncontested Monthly Payment (the "<u>Incremental Amount</u>"); or

   ii.  forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and resolve any outstanding Objections.

g.  Nothing herein shall require the Diocese to make any payments to Professionals.

h.   Each Professional may submit its first Monthly Fee Statement no earlier than the January 31, 2025, or the date upon which this Motion is granted. This initial Monthly Fee Statement will cover the period from the Petition Date through December 31, 2025. Thereafter, the Professionals may file Monthly Fee Statements in the manner described above.

i.   The decision by any party in interest not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any Application subsequently made to the Court in accordance with the Bankruptcy Code.

j.   At approximately four-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Professionals may file with the Court and serve on the Notice Parties a request for interim Court approval and allowance of the compensation and reimbursement of expenses (an "Interim Fee Application") sought by such Professional in its Monthly Fee Statements, including any holdbacks, filed during the Interim Fee Period, pursuant to 11 U.S.C. § 331. Only the Court has authority to determine whether to award compensation and reimbursement pursuant to any Application; however, all such Applications should be prepared in substantial conformity with, and may be reviewed by the Office of the United States Trustee, pursuant to the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 dated May 17, 1996 (28 C.F.R. Part 58, Appendix A), as published in 61 Fed. Reg 24889.1. The Interim Fee Application must be accompanied by a cover sheet substantially in the form of **Exhibit B** attached hereto and include a brief description identifying:

   i.   the Monthly Fee Statements that are the subject of the request;

   ii.   the amount of fees and expenses requested;

   iii.   the amount of fees and expenses paid to date or subject to an Objection; and

   iv.   any other information requested by the Court or required by the Local Rules.

k.   Any Professional who fails to file an Interim Fee Application seeking approval of compensation and reimbursement paid pursuant to Monthly Fee Statements at least once every six (6) months shall be ineligible to receive further monthly payments until such an Interim Fee Application has been filed with the Court.

l.   The Diocese will request that the Court schedule a hearing on the Interim Fee Applications at least once every six months or at such other intervals as the Court deems appropriate. If no Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

m.  The pendency of an Objection to a Monthly Fee Statement or Interim Fee Application will not disqualify a Professional from future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Statement or Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

n.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein, shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses for any Professional pursuant to a final fee application ("Final Fee Application"). All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court after notice and a hearing.

19.  The Diocese further requests that the Court limit service of Monthly Fee Statements, Interim Fee Applications, and Final Fee Applications (each, an "Application") to the Notice Parties, with notice of any hearings thereon (a "Hearing Notice") to be served only on those parties that have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in this case. Serving the Applications and the Hearing Notices in this manner will permit the parties most active in this Chapter 11 case to review and object to the Professionals' fees and will save unnecessary duplication and mailing expenses.

20.  The Diocese projects that it will have sufficient cash available to make monthly and interim payments to Professionals retained in this case in compliance with the Compensation Procedures set forth herein.

21.  The Compensation Procedures will enable the Diocese to closely monitor costs of administration, maintain appropriate cash flow, and implement efficient cash management procedures. Moreover, the Compensation Procedures will allow the Court and key parties in

interest to ensure the reasonableness and necessity of the compensation and reimbursement sought pursuant to such procedures.

22.     The Diocese respectfully submits that the efficient administration of this case will be significantly aided by establishing the foregoing Compensation Procedures. Accordingly, the relief requested is in the best interests of the Diocese, its estate, creditors and other parties in interest.

## II.    REIMBURSEMENT OF EXPENSES OF MEMBERS OF OFFICIAL COMMITTEES

23.     The Diocese anticipates that members of official committees (each, a "<u>Committee Member</u>") may incur certain out-of-pocket expenses and will seek reimbursement of those expenses from the Diocese. Alternatively, Committee Counsel may advance out of pocket costs for Committee Members and include those amounts in its invoices. For similar reasons to those stated above with respect to the Professionals, the Compensation Procedures should also apply to allow Committee Members to seek reimbursement either directly from the Diocese or through their counsel.

## <u>BASIS FOR RELIEF</u>

24.     All professionals retained under 11 U.S.C. § 327 or 1103 are permitted to submit applications for interim compensation and reimbursement of expenses every 120 days unless the bankruptcy court permits them to do so more often. 11 U.S.C. § 331.

25.     Congress expressly intended for courts, under certain circumstances, to implement their own procedures for reviewing and awarding interim compensation under 11 U.S.C. § 331:

> [t]he court may permit more frequent applications if the circumstances warrant, such as in very large cases where the legal work is extensive and merits more frequent payments. The court is authorized to allow and order disbursement to the applicant of compensation and reimbursement that is otherwise allowable under section 330.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 330 (1977); S. Rep. No. 989, 95th Cong., 2d Sess. 41-42 (1978).

26.    Further, 11 U.S.C. § 105(a) empowers the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

27.    Bankruptcy courts may rely on their discretionary power 11 U.S.C. § 105(a) because, while 11 U.S.C. § 331 "expresses the normal rule that interim fee applications may be filed only once every 120 days, it expressly permits the Court, in appropriate circumstances, to permit fee applications to be filed more often." *In re Mariner Post-Acute Network, Inc.*, 257 B.R. 723, 727 (Bankr. D. Del. 2000).  Accordingly, the Court has ample authority to enter an order to establishing procedures for awarding interim compensation and reimbursement of expenses.

28.    The proposed Compensation Procedures are those that have been approved in other large Chapter 11 cases, including the various diocese-related cases cited above. Both Committee Counsel and the Office of the United States Trustee were involved in several of those cases and can attest to the efficiencies created by the Compensation Procedures.

29.    In deciding whether to establish interim compensation procedures, the Court may consider "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtors in providing services necessary to achieve a successful reorganization." *See, e.g.*, *In re Int'l Horizons, Inc.*, 10 B.R. 895, 897 (Bankr. N.D. Ga. 1981) (establishing procedures for monthly interim compensation and noting that "the Court does not wish to require that attorneys for the debtors in possession fund this reorganization proceeding").

30.     As set forth herein, the Compensation Procedures proposed in this Motion are designed to promote the efficient administration of this case, while at the same time allowing for appropriate monitoring of the Professionals' fees.

31.     The size of this Chapter 11 case and the amount of time and effort that will be required from the Professionals to appropriately address the Diocese's operations and restructuring efforts justifies the Compensation Procedures requested herein. Providing a procedure for requesting and obtaining compensation on a regular basis applicable to all Professionals retained in the case will ensure that the Professionals are fairly compensated in a timely manner and ensure that the Professionals do not bear the risk of non-payment. Similarly, the Diocese and all parties will know on a monthly basis the extent and amount of fees and expenses being incurred in the case.

32.     The Diocese respectfully submits that the Compensation Procedures sought herein are appropriate in light of the foregoing.

## NOTICE AND SERVICE

33.     Notice of this Motion and all related papers were served on the following parties on the date and manner set forth in the certificate of service related to this Motion: (a) the Office of the United States Trustee; (b) the Diocese's secured creditors or, if applicable, to counsel representing them; (c) the Committee and Committee Counsel; (d) applicable federal and state taxing authorities; and (e) to the extent not included in the foregoing, the applicable state and federal regulatory agencies.

## CONCLUSION

34.     The Diocese respectfully requests that this Court enter an order:

a.      Substantially in the form of the proposed order attached hereto as **Exhibit A**; and

b.      Granting such other and further relief as the Court deems necessary and proper.

Dated:  January 3, 2025              /s/ *Steven R. Kinsella*
                                    Raymond J. Obuchowski
                                    **OBUCHOWSKI LAW OFFICE**
                                    1542 Route 107, PO Box 60
                                    Bethel, VT 05032
                                    (802) 234-6244
                                    ray@oeblaw.com

                                    James L. Baillie (*pro hac vice*)
                                    Steven R. Kinsella (*pro hac vice*)
                                    Samuel M. Andre (*pro hac vice*)
                                    Katherine A. Nixon (*pro hac vice*)
                                    **FREDRIKSON & BYRON, P.A.**
                                    60 South Sixth Street, Suite 1500
                                    Minneapolis, MN  55402-4400
                                    (612) 492-7000
                                    jbaillie@fredlaw.com
                                    skinsella@fredlaw.com
                                    sandre@fredlaw.com
                                    knixon@fredlaw.com

                                    **ATTORNEYS FOR THE ROMAN CATHOLIC
                                    DIOCESE OF BURLINGTON, VERMONT**

## **EXHIBIT A**

Proposed Order

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF VERMONT

In re:

Roman Catholic Diocese of Burlington, Vermont,

Debtor.

Case No.: Case No.: 24-10205-HZC

Chapter 11 Case

## ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND MEMBERS OF OFFICIAL COMMITTEES

This matter came before the Court on the Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees (doc. # __) (the "Motion") filed by the Roman Catholic Diocese of Burlington, Vermont (the "Diocese"), the Affidavit of Bishop John J. McDermott (doc. # 13), and the statements of counsel and evidence adduced with respect to the Motion at the hearing on January 28, 2025 (the "Hearing"). The Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided pursuant to Local Rule 9013-3; (v) notice of the Motion and the Hearing was sufficient under the circumstances; and (vi) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due consideration, the Court finds that the relief, as requested in the Motion is in the best interests of the Diocese, its estate, and its creditors. Therefore, for good cause shown, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth in this Order. All terms not specifically defined herein have the meaning provided in the Motion.

2.      Except as may otherwise be provided in any subsequent order of the Court authorizing the retention of a specific Professional or with respect to the retention and compensation of ordinary course professionals not engaged primarily to provide service related to this Chapter 11 case, all Professionals retained under sections 11 U.S.C. §§ 327(a), 327(e) or 328(a) in this Chapter 11 case may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

    a. On or before the last day of each month following the month for which compensation is sought (or as soon as reasonably practicable thereafter), each Professional seeking compensation or reimbursement may file a statement with the Court (a "Monthly Fee Statement") for such compensation or reimbursement and serve the Monthly Fee Statement, by electronic mail, U.S. mail, or overnight delivery, on:

      i. the Diocese, Attn: Lorei Dawson, 55 Joy Drive, South Burlington, Vermont 05403;

      ii. counsel for the Diocese, Fredrikson & Byron, P.A., Attn: Steven R. Kinsella, 60 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, skinsella@fredlaw.com;

      iii. local counsel for the Diocese, Obuchowski Law Office, 1542 Route 107, P.O. Box 60, Bethel, Vermont 05032, ray@oeblaw.com;

      iv. counsel for the Committee, Pachulski Stang Ziehl & Jones, Attn: Brittany Michael,  780 Third Avenue, 34th Floor, New York, New York 10017, bmichael@pszjlaw.com;

      v. local counsel for the Committee, Lemery Greisler LLC, Attn: Paul A. Levine, 677 Broadway, 8th Floor, Albany, New York 12207, plevine@lemerygreisler.com;

      vi. counsel for any additional committees that may be hereafter appointed;

      vii. and the Office of the United States Trustee, Attn: Lisa Penpraze, 11A Clinton Avenue, Room 620, Albany, New York 12207, Lisa.Penpraze@usdoj.gov (collectively, the "Notice Parties").

2

b. Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for a subsequent month or months.

c. For those Professionals who bill based on time, each Monthly Fee Statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

d. Any party in interest will have until 4:00 p.m. (prevailing Eastern time) on the 14th day following the filing and service of a Monthly Fee Statement (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraphs (e) and (f) below. Upon the expiration of the Objection Deadline, a Professional may file a certificate of no objection ("CNO") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement. After a CNO is filed, the Diocese is authorized and directed to pay the Professional an amount (the "Actual Monthly Payment") equal to the lesser of:

   i. 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment"); or

   ii. 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection pursuant to subparagraph (e) below (the "Uncontested Monthly Payment").

e. If any party in interest wishes to object to a Professional's Monthly Fee Statement, it must, on or before the Objection Deadline (or such later date as may be agreed to by the objecting party and the Professional whose Monthly Fee Statement is being contested):

   i. file a written objection (an "Objection") with the Court; and

   ii. serve the Objection on the affected Professional and each of the other Notice Parties

f. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either:

3

     i.  file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Uncontested Monthly Payment (the "<u>Incremental Amount</u>"); or

    ii.  forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and resolve any outstanding Objections.

g.  Nothing herein shall require the Diocese to make any payments to Professionals.

h.  Each Professional may submit its first Monthly Fee Statement no earlier than January 31, 2025, or the date on which this Order is entered, whichever occurs later. This initial Monthly Fee Statement will cover the period from the Petition Date through December 31, 2025. Thereafter, the Professionals may file Monthly Fee Statements in the manner described above.

i.  The decision by any party in interest not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any Application subsequently made to the Court in accordance with the Bankruptcy Code.

j.  At approximately four-month intervals or such other intervals convenient to the Court (the "<u>Interim Fee Period</u>"), each of the Professionals may file with the Court and serve on the Notice Parties a request  for interim Court approval and allowance of the compensation and reimbursement of expenses (an "<u>Interim Fee Application</u>") sought by such Professional in its Monthly Fee Statements, including any holdbacks, filed during the Interim Fee Period, pursuant to 11 U.S.C. § 331. Only the Court has authority to determine whether to award compensation and reimbursement pursuant to any Application; however, all such Applications should be prepared in substantial conformity with, and may be reviewed by the Office of the United States Trustee, pursuant to the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 dated May 17, 1996 (28 C.F.R. Part 58, Appendix A), as published in 61 Fed. Reg 24889.1. The Interim Fee Application must be accompanied by a cover sheet substantially in the form of **<u>Exhibit B</u>** attached to the Motion and include a brief description identifying:

     i.  the Monthly Fee Statements that are the subject of the request;

    ii.  the amount of fees and expenses requested;

    iii.  the amount of fees and expenses paid to date or subject to an Objection; and

    iv.  any other information requested by the Court or required by the Local Rules.

k.  Any Professional who fails to file an Interim Fee Application seeking approval of compensation and reimbursement paid pursuant to Monthly Fee Statements at least once every six (6) months shall be ineligible to receive further monthly payments until such an Interim Fee Application has been filed with the Court.

l.  The Diocese will request that the Court schedule a hearing on the Interim Fee Applications at least once every six months or at such other intervals as the Court deems appropriate. If no Objections are timely filed, the Court may grant an Interim Fee Application without a hearing.

m.  The pendency of an Objection to a Monthly Fee Statement or Interim Fee Application will not disqualify a Professional from future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Statement or Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

n.  Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein, shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses for any Professional pursuant to a final fee application ("Final Fee Application"). All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court after notice and a hearing.

3.  All Committee Members appointed in this Chapter 11 case must seek reimbursement of expenses incurred in accordance with the Compensation Procedures, provided, however, counsel to any official committee may, in accordance with the foregoing procedures for monthly compensation and reimbursement of Professionals, collect and submit statements of expenses, with supporting receipts or other documentation, on behalf of such Committee Members.

4.  Required service of Monthly Fee Statements, Interim Fee Applications and Final Fee Applications (the "Applications") is limited to the Notice Parties. Only those parties who have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in this

5

Chapter 11 case shall be entitled to receive Hearing Notices with respect to any hearing to be held on the Applications.

5.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6.      The Diocese is authorized to take any and all actions necessary to implement the provisions of this Order.

7.      To the extent Bankruptcy Rule 6004(h) applies, this Order is deemed effective and immediately enforceable upon its entry.

8.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and interpretation of this Order.

Burlington, Vermont                           _____

                                              Heather Z. Cooper
                                              United States Bankruptcy Judge

## **EXHIBIT B**

Cover Sheet for Interim Fee Application

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

In re:

Roman   Catholic   Diocese   of   Burlington,          Case No.: Case No.: 24-10205-HZC
Vermont,          Chapter 11 Case

       Debtor.

**NOTICE OF INTERIM FEE APPLICATION**

Name of applicant:          _____

Authorized to provide
professional services to:          _____

Date of retention:          _____

Period for which compensation and
reimbursement is sought:          _____

Amount of compensation sought as
actual, reasonable and necessary:          $ _____

Amount of expense reimbursement
sought as actual, reasonable and
necessary:          $ _____

This is (a)n: _____ interim application _____ final application

Summary of Monthly Fee Statements for compensation period:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| | | | | | |
| | | | | | |
| | | | | | |
| | **Total:** | | | | |

Summary of prior Interim Fee Applications:

| Date Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| | | | | | |
| | | | | | |
| | | | | | |
| | **Total:** | | | | |