UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
01/08/2025

**In re:**

    **Roman Catholic Diocese**　　　　　　　　**Case No. 24-10205**
    **of Burlington, Vermont,**　　　　　　　　　**Chapter 11**

    **Debtor-in-Possession.**

_Appearances_:　Steven R. Kinsella, Esq., for the debtor-in-possession;
　　　　　　　　Raymond J. Obuchowski, Esq., local counsel for the debtor-in-possession;
　　　　　　　　Lisa M. Penpraze, Esq., for the United States Trustee;
　　　　　　　　Brittany Michael, Esq. for Committee of Unsecured Creditors;
　　　　　　　　Paul A. Levine, Esq., local counsel for Committee of Unsecured Creditors;
　　　　　　　　Celeste E. Laramie, Esq., for Survivor Creditors.

<u>**ORDER**
**RECITING CASE STATUS AS OF CASE MANAGEMENT CONFERENCE, AND**
**IMPLEMENTING DECISIONS MADE AT CASE MANAGEMENT CONFERENCE**</u>

The attorneys listed above participated in a case management conference, held at the U.S. Bankruptcy Court in Burlington, Vermont, pursuant to 11 U.S.C. § 105(d), on December 17, 2024. Based on the representations from counsel who wished to be heard at that conference, and the unique circumstances of this case, it was agreed that the debtor-in-possession ("DIP") will proceed as set out below, to ensure the expeditious, effective, and economical use of chapter 11 in this case.

Initially, **THE COURT FINDS** the DIP has obtained final orders granting the following relief sought in the DIP's "first day motions," to wit:

- Final Order (I) Authorizing the Continued Maintenance of the Debtor's Insurance Program and (II) Authorizing Payment of Prepetition Obligations in Respect Thereof (entered December 30, 2024, doc. # 143).

- Final Order (I) Authorizing the Debtor to Pay Certain Accrued and Outstanding Prepetition Employee Compensation, Benefits, and Related Amounts and (II) Authorizing the Debtor to Maintain Existing Payroll Services (entered December 17, 2024, doc. # 123).

- Final Order (I) Granting Emergency Relief and (II) Authorizing the Diocese to File Portions of Schedule F, the Statement of Financial Affairs, the Master Mailing List, and other Pleadings and Documents Under Seal (entered December 17, 2024, doc. # 124).

- Final Order (I) Establishing Deadlines for Filing Proofs of Claim, (II) Approving Sexual Abuse Proof of Claim Form, (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures (entered December 30, 2024, doc. # 144).

**THE COURT FURTHER FINDS** the DIP has obtained interim orders or extended interim orders on the following relief sought in the DIP's "first day motions," to wit:

- Extended Interim Order (I) Granting Emergency Relief; (II) Authorizing Continued Use of Existing Business Books, Records, Bank Accounts, and Check Stock; (III) Authorizing Banks and Financial Institutions to Honor and Process Checks and Transfers; (IV) Authorizing Electronic Funds Transfers and Automated Clearing House Transfers; (V) Authorizing Maintenance of Investment Accounts; and (VI) Granting Limited Relief from the Requirements of 11 U.S.C. § 345(b) (entered December 17, 2024, doc. # 122).

- Extended Interim Order (I) Granting Emergency Relief; (II) Authorizing Continued Use of Existing Business Books, Records, Bank Accounts, and Check Stock; (III) Authorizing Banks and Financial Institutions to Honor and Process Checks and Transfers; (IV) Authorizing Electronic Funds Transfers and Automated Clearing House Transfers; (V) Authorizing Maintenance of Investment Accounts; and (VI) Granting Limited Relief from the Requirements of 11 U.S.C. § 345(b) (entered December 17, 2024, doc. # 121) (Supplemental Motion at doc. # 55).

- Interim Order Authorizing the Debtor to Pay Certain Accrued and Outstanding Pension, Benefits, and Related Amounts for Retired Priests in the Ordinary Course (entered December 17, 2024, doc. # 126).

The interim or extended interim orders are currently set for final hearing on January 28, 2025 at 11:00 a.m.

1. **SCHEDULES AND STATEMENTS:**

The DIP timely filed all required schedules on November 26, 2024 (doc. # 92) and an Amended Master Mailing List (doc. # 93).

2. **RETENTION OF PROFESSIONALS:**

The DIP has obtained orders approving the retention of the following professionals:

1. Order Approving Employment of Fredrikson & Byron, P.A. as Diocese's Chapter 11 Counsel (entered October 25, 2024, doc. # 61).

2

2. Order Under 11 U.S.C. §§ 327(a) and 329 Authorizing Employment and Retention of Obuchowski Law Office, as Local Bankruptcy Attorney Effective as of Petition Date (entered October 25, 2024, doc. # 62).

3. Order Approving Employment of Dinse P.C. as Diocese's Special Counsel (entered October 25, 2024, doc. # 60).

4. Order Approving Employment of Stretto, Inc. as Diocese's Noticing and Claims Agent (entered November 26, 2024, doc. # 91).

There are no outstanding DIP applications for retention of professional services.

The Committee has obtained orders approving the retention of the following professionals:

1. Order Authorizing and Approving the Employment of Lemery Greisler LLC as Local Counsel to the Official Committee of Unsecured Creditors Effective as of November 27, 2024 (entered December 30, 2024, doc. # 145).

2. Order Granting the Ex Parte Application of the Official Committee of Unsecured Creditors to Retain and Employ Pachulski Stang Ziehl & Jones LLP as Counsel Effective as of November 11, 2024 (entered January 3, 2025, doc. # 151).

There are no outstanding Committee applications for retention of professional services. The Committee may seek the retention of a financial advisor and potentially an insurance archeologist.

3. **INSURANCE:**

The DIP represented that it continues to look for applicable insurance coverage that may assist with the DIP's plan of reorganization. Based upon a DIP prepetition insurance buy back transaction, the DIP may need Court assistance to allow disclosure of the transaction's terms.

4. **ADMINISTRATIVE EXPENSES:**

The DIP proposes to limit the incurrence of additional costs and will rely heavily upon its existing Chief Financial Officer rather than hiring an independent financial advisor. The DIP and Committee discussed limiting administrative expenses by having local counsel participate remotely where appropriate. The Court will consider motions to appear remotely in due course depending upon what is before the Court on any scheduled hearing day.

The parties anticipate preparing and filing an interim compensation motion to allow professionals to streamline the fee application process and the DIP to budget administrative expenses. As of the date of the entry of this Order, such motion has been filed but is not yet ripe for consideration by the Court (docs. ## 153, 155).

5. **ANTICIPATED LITIGATION:**

While the parties will utilize mediation and do not anticipate extensive litigation at this point, there

will be ongoing discovery between the DIP and the Committee to potentially resolve issues relating to property of the estate and a consensual resolution of claims.

To the extent that potential insurance coverage is discovered, additional litigation may be necessary to engage insurers.

6. **USE OF ALTERNATIVE DISPUTE RESOLUTION:**

The DIP and Committee anticipate the use of mediation and will utilize the Court with assistance for the appointment of a judicial mediator as the case progresses.

7. **GENERAL TIMETABLE FOR THE CASE:**

The DIP and Committee have proposed April 4, 2025 as the last day to timely file a proof of claim for all persons, including sexual abuse claimants and entities, other than governmental units. The Court has approved this date (doc. # 144).

The DIP and Committee have proposed July 7, 2025, as the last day for any governmental until to timely file a proof of claim. The Court has approved this date (doc. # 144).

Until claims have been received and analyzed, the trajectory for the case is unclear. The DIP anticipates having a greater sense of timing of the Plan in late April or May.

8. **A DEADLINE FOR FILING THE DISCLOSURE STATEMENT AND PLAN:**

The DIP is not yet able to project when it will be able to file a disclosure statement and plan. As of the date of this Order, the DIP has filed a Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement which is not yet ripe for consideration by the Court (docs. ## 154, 155).

9. **ISSUES WHICH MAY NEED TO BE RESOLVED PRIOR TO CONFIRMATION OF A PLAN:**

First, ongoing discovery between the DIP and Committee. While the parties have worked well together so far, there may be some issues that will involve the Court to the extent a consensual resolution cannot be reached.

Second, compilation and analysis of claims followed by mediation to explore the possibility of consensual resolution.

Third, whether Survivors should be afforded an opportunity to present testimony and what role, if any, that testimony should be afforded in the DIP's reorganization process.

10. **SCHEDULE GOING FORWARD:**

**On May 13, 2025 at 1:00 p.m.** counsel for the DIP and for any interested parties shall appear for a continued case management conference, at which the group will discuss a schedule for completing the

claims objection process, and deadlines by which the DIP will file a disclosure statement and plan. This date represents a good faith projection and may need to be adjusted as the circumstances of the case evolve.

**IT IS FURTHER ORDERED** this Order does not modify any statutory deadlines that preceded the dates set forth herein, and does not preclude the United States trustee or any party in interest from filing a motion to convert or dismiss the case pursuant to 11 U.S.C. § 1112(b) or (e).

**The foregoing is SO ORDERED** pursuant to 11 U.S.C. §105(d)(2).

January 8, 2025  
Burlington, Vermont

Heather Z. Cooper  
United States Bankruptcy Judge