**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| In re:<br><br>Roman Catholic Diocese of Burlington, Vermont,<br><br>Debtor. | Case No.: 24-10205-HZC<br>Chapter 11 Case |

**FINAL ORDER (I) GRANTING EMERGENCY RELIEF; (II) AUTHORIZING CONTINUED USE OF EXISTING BUSINESS BOOKS, RECORDS, BANK ACCOUNTS, AND CHECK STOCK; (III) AUTHORIZING BANKS AND FINANCIAL INSTITUTIONS TO HONOR AND PROCESS CHECKS AND TRANSFERS; (IV) AUTHORIZING ELECTRONIC FUNDS TRANSFERS AND AUTOMATED CLEARING HOUSE TRANSFERS; (V) AUTHORIZING MAINTENANCE OF INVESTMENT ACCOUNTS; AND (VI) GRANTING LIMITED RELIEF FROM THE REQUIREMENTS OF 11 U.S.C. § 345(b)**

This matter came before the Court on the Emergency Motion for Order (I) Authorizing Continued Use of Existing Business Books, Records, Bank Accounts, and Check Stock; (II) Authorizing Banks and Financial Institutions to Honor and Process Checks and Transfers; and (III) Authorizing Electronic Funds Transfers and Automated Clearing House Transfers; (IV) Authorizing Maintenance of Investment Accounts; and (V) Granting Limited Relief from the Requirements of 11 U.S.C. § 345(b) (doc. # 9) (the "Motion") filed by the Roman Catholic Diocese of Burlington, Vermont (the "Diocese"), the Affidavit of Bishop John J. McDermott (doc. # 13), the statements of counsel and evidence adduced with respect to the Motion at the emergency hearing on the interim relief sought in the Motion, and the statements of counsel and evidence adduced with respect to the Motion at the final hearing before the Court on December 17, 2024 (the "Final Hearing"). The Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of

the Motion was provided pursuant to Local Rule 9013-3; (v) notice of the Motion and the Final Hearing was sufficient under the circumstances; and (vi) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due consideration, the Court finds that the relief, on a final basis, as requested in the Motion is in the best interests of the Diocese, its estate, and its creditors. Therefore, for good cause shown, **IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED** on a final basis as set forth in this Final Order.

2. Pursuant to 11 U.S.C. §§ 105(a), 345(b), and 363(c), the Diocese is authorized, on a final basis, to:

    a. continue using its existing books and records and cash management system;

    b. designate, maintain, and continue to use, in the same manner with the same account numbers, the following bank accounts:

| Account No. | Account Type | Purpose |
| --- | --- | --- |
| *0976 | Checking Account | Lock Box Sweep Account |
| *9911 | Checking Account | Operating Account |

(collectively, the "Bank Accounts")

    c. use its existing check stock with a "debtor in possession" notation added to each check; and

    d. continue to make disbursements by electronic funds transfer or automatic clearinghouse transactions.

3. TD Bank (the "Bank") is authorized to continue to service and administer the Bank Accounts as accounts of the Diocese as a debtor in possession without interruption and in the usual

and ordinary course. The Bank is authorized to service and administer the Bank Accounts in compliance with the requirements set forth in 11 U.S.C. § 345.

4. The Bank is authorized to receive, process, honor, and pay any and all checks and drafts drawn on the Bank Accounts after September 30, 2024 (the "Petition Date") by the holders or makers thereof; provided, however, that the Bank may not honor and pay any check drawn or used by the Diocese before the Petition Date, for which the Diocese has placed a stop payment in writing.

5. The Bank is further authorized to debit the Diocese's Bank Accounts in the ordinary course of business without need for further order of this Court for: (a) all checks, items, and other payment orders drawn on the Bank Accounts which are cashed at the Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of filing of the petition; (b) all checks, automated clearing house entries, and other items deposited or credited to one of the Diocese's Bank Accounts with the Bank prior to filing of the petition which have been dishonored, reversed, or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Diocese was responsible for such items prior to filing of the petition; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to the Bank as service charges for the maintenance of the cash management system and Bank Accounts.

6. The Bank may rely on the representations of the Diocese with respect to whether any check, item, or other payment order drawn or issued by the Diocese prior to the Petition Date should be honored pursuant any order of this Court, and the Bank will not have any liability to any party for relying on such representations by the Diocese.

7. The Diocese is authorized to maintain the following investment accounts:

| Bank or Financial Institution | Account No. | Account Name | Purpose |
|---|---|---|---|
| Charles Schwab | *9336 | Roman Catholic Diocese of Burlington, Vermont, Inc. | Supporting Rice Memorial High School |
| Charles Schwab | *5777 | Roman Catholic Diocese of Burlington, Vermont, Inc. | CRUT to establish endowment fund for Rice Memorial High School |
| Charles Schwab | *9166 | Roman Catholic Diocese of Burlington, Vermont, Inc. | Stock donation account |
| TD Wealth | *1008 | Roman Catholic Diocese - PBF Retirement Plan - Main | Supporting care of elderly priests |

(collectively, the "Investment Accounts").

8. Cause exists to waive the requirements of 11 U.S.C. § 345(b) as to the Investment Accounts and, therefore, such requirements are waived. However, this Final Order does not make, and shall not be deemed to make, a determination regarding whether or to what extent the Investment Accounts are property of the Diocese's bankruptcy estate.

9. The Diocese is authorized to take any and all actions necessary to implement the provisions of this Final Order. The Diocese shall maintain accurate records of all transfers within the Bank Accounts and Investment Accounts so that all postpetition transfers and transactions shall be adequately and promptly documented in, and readily ascertainable from, its books and records.

10. To the extent Bankruptcy Rule 6004(h) applies, this Final Order is deemed effective and immediately enforceable upon its entry.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and interpretation of this Final Order.

Burlington, Vermont

Heather Z. Cooper
United States Bankruptcy Judge