UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VERMONT

In re:

Roman Catholic Diocese of Burlington, Vermont,

Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

Filed & Entered
On Docket
01/29/2025

# ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR PROFESSIONALS AND MEMBERS OF OFFICIAL COMMITTEES*

This matter came before the Court upon consideration of the Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and Members of Official Committees (doc. # 153 ) (the "Motion") filed by the Roman Catholic Diocese of Burlington, Vermont (the "Diocese") and the statements of counsel made with respect to the Motion at the hearing on January 28, 2025 (the "Hearing"). The Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided; (v) notice of the Motion and the Hearing was sufficient under the circumstances; and (vi) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due consideration, and for good cause shown, the Court finds that the relief requested is appropriate and in the best interests of the parties. **IT IS HEREBY ORDERED**:

---

*The parties are encouraged to read this order closely as it has been modified from the originally proposed order to clarify certain points discussed during the January 28, 2025 hearing.

1.      The Motion is **GRANTED** as set forth in this Order. All terms not specifically defined herein have the meaning provided in the Motion.

2.      Except as may otherwise be provided in any subsequent order of the Court authorizing the retention of a specific Professional or with respect to the retention and compensation of ordinary course professionals not engaged primarily to provide service related to this Chapter 11 case, all Professionals retained under sections 11 U.S.C. §§ 327(a), 327(e) or 328(a) in this Chapter 11 case may seek monthly compensation in accordance with the following procedures (the "Compensation Procedures"):

    a. Effective beginning January 2025, on or before the last day of each month following the month for which compensation is sought (or as soon as reasonably practicable thereafter), each Professional seeking compensation or reimbursement may file a statement with the Court (a "Monthly Fee Statement") for such compensation or reimbursement and serve the Monthly Fee Statement, by electronic mail, U.S. mail, or overnight delivery, on:

        i. the Diocese, Attn: Lorei Dawson, 55 Joy Drive, South Burlington, Vermont 05403;

        ii. counsel for the Diocese, Fredrikson & Byron, P.A., Attn: Steven R. Kinsella, 60 South Sixth Street, Suite 1500, Minneapolis, Minnesota 55402, skinsella@fredlaw.com;

        iii. local counsel for the Diocese, Obuchowski Law Office, 1542 Route 107, P.O. Box 60, Bethel, Vermont 05032, ray@oeblaw.com;

        iv. counsel for the Committee, Pachulski Stang Ziehl & Jones, Attn: Brittany Michael, 780 Third Avenue, 34th Floor, New York, New York 10017, bmichael@pszjlaw.com;

        v. local counsel for the Committee, Lemery Greisler LLC, Attn: Paul A. Levine, 677 Broadway, 8th Floor, Albany, New York 12207, plevine@lemerygreisler.com;

        vi. counsel for any additional committees that may be hereafter appointed;

        vii. and the Office of the United States Trustee, Attn: Lisa Penpraze, 11A Clinton Avenue, Room 620, Albany, New York 12207, Lisa.Penpraze@usdoj.gov (collectively, the "Notice Parties").

b. Any Professional that fails to file a Monthly Fee Statement for a particular month or months may subsequently submit a consolidated Monthly Fee Statement for a subsequent month or months.

c. For those Professionals who bill based on time, each Monthly Fee Statement must contain a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the statement period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour.

d. Any party in interest will have until 4:00 p.m. (prevailing Eastern time) on the 14th day following the filing and service of a Monthly Fee Statement (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraphs (e) and (f) below. Upon the expiration of the Objection Deadline, a Professional **shall file a certificate of no objection** ("CNO") with the Court with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Statement. After a CNO is filed, the Diocese is authorized to pay the Professional an amount (the "Actual Monthly Payment") equal to the lesser of:[1]

   i. 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the applicable Monthly Fee Statement (the "Maximum Monthly Payment"); or

   ii. 80 percent (80%) of the fees and 100 percent (100%) of the expenses requested in the applicable Monthly Fee Statement that are not subject to an objection pursuant to subparagraph (e) below (the "Uncontested Monthly Payment").

e. If any party in interest wishes to object to a Professional's Monthly Fee Statement, it must, on or before the Objection Deadline (or such later date as may be agreed to by the objecting party and the Professional whose Monthly Fee Statement is being contested):

   i. file a written objection (an "Objection") with the Court; and

   ii. serve the Objection on the affected Professional and each of the other Notice Parties

f. Thereafter, the objecting party and the affected Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution of the Objection, the affected Professional may either:

---

[1] Pursuant to 11 U.S.C. § 330 all compensation of Professionals is subject to prior Court approval. Any funds exchanged between parties before an application for compensation has been filed and approved by the Court may be subject to disgorgement.

3

    i. file a request with the Court for payment of the difference between the Maximum Monthly Payment and the Uncontested Monthly Payment (the "Incremental Amount"); or

    ii. forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time the Court will consider and resolve any outstanding Objections.

g. Nothing herein shall require the Diocese to make any payments to Professionals without Court approval.

h. **Each Professional shall file its first Interim Fee Application (as defined below) for services rendered from the Petition Date through December 31, 2024 no later than February 7, 2025.**

i. **The initial Monthly Fee Statement shall cover January 2025 and continue on a monthly basis thereafter in the manner described herein.**

j. The decision by any party in interest not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any Application subsequently made to the Court in accordance with the Bankruptcy Code.

k. At approximately **four-month intervals** or such other intervals specified by the Court (the "Interim Fee Period"), **each Professional shall file with the Court, and serve on the Notice Parties, an application for interim Court approval and allowance of the compensation and reimbursement of expenses (an "Interim Fee Application") sought by such Professional in its Monthly Fee Statements, including any holdbacks,[2] filed during the Interim Fee Period, pursuant to 11 U.S.C. § 331.** Only the Court has authority to determine whether to award compensation and reimbursement pursuant to any Application; however, all such Applications should be prepared in substantial conformity with, and may be reviewed by the Office of the United States Trustee, pursuant to the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 dated May 17, 1996 (28 C.F.R. Part 58, Appendix A), as published in 61 Fed. Reg 24889.1. The Interim Fee Application must be accompanied by a cover sheet substantially in the form of **Exhibit B** attached to the Motion and include a brief description identifying:

    i. the Monthly Fee Statements that are the subject of the request;

    ii. the amount of fees and expenses requested;

    iii. the amount of fees and expenses paid to date or subject to an Objection; and

    iv. any other information requested by the Court or required by the Local Rules.

---

[2] Holdbacks include the remaining 20% of fees withheld following a Monthly Fee Statement or any funds withheld pursuant to objections or other reasons.

4

l. Any Professional who fails to file an Interim Fee Application seeking approval of compensation and reimbursement paid pursuant to Monthly Fee Statements at least once every six (6) months shall be ineligible to receive further monthly payments until such an Interim Fee Application has been filed with the Court.

m. The Diocese will request that the Court schedule a hearing on the Interim Fee Applications at least once every six months or at such other intervals as the Court deems appropriate.

n. The pendency of an Objection to a Monthly Fee Statement or Interim Fee Application will not disqualify a Professional from future payment of compensation or reimbursement of expenses under the Compensation Procedures. Any Professional that fails to file a Monthly Fee Statement or an Interim Fee Application when due or permitted will be ineligible to receive further interim payments of fees or expenses under the Compensation Procedures until such time as a Monthly Fee Statement or Interim Fee Application is submitted by the Professional. There will be no other penalties for failing to file a Monthly Fee Statement or an Interim Fee Application in a timely manner.

o. Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein, shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses for any Professional pursuant to a final fee application ("Final Fee Application"). All fees and expenses paid to Professionals under the Compensation Procedures are subject to disgorgement until final allowance by the Court after notice and a hearing.

3. All Committee Members appointed in this Chapter 11 case must seek reimbursement of expenses incurred in accordance with the Compensation Procedures, provided, however, counsel to any official committee may, in accordance with the foregoing procedures for monthly compensation and reimbursement of Professionals, collect and submit statements of expenses, with supporting receipts or other documentation, on behalf of such Committee Members.

4. Required service of Monthly Fee Statements, Interim Fee Applications and Final Fee Applications (the "Applications") is limited to the Notice Parties. Only those parties who have filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in this

Chapter 11 case shall be entitled to receive Hearing Notices with respect to any hearing to be held on the Application, **unless otherwise ordered by the Court.**

5. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

6. The Diocese is authorized to take actions necessary to implement the provisions of this Order.

7. To the extent Bankruptcy Rule 6004(h) applies, this Order is deemed effective and immediately enforceable upon its entry.

8. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and interpretation of this Order.

January 29, 2025  
Burlington, Vermont

Heather Z. Cooper  
United States Bankruptcy Judge

**EXHIBIT B**
**Cover Sheet for Interim Fee Application**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VERMONT**

In re:

Roman Catholic Diocese of Burlington, Vermont,

　　　　　Debtor.

Case No.: Case No.: 24-10205-HZC
Chapter 11 Case

**NOTICE OF INTERIM FEE APPLICATION**

Name of applicant:

Authorized to provide professional services to:

Date of retention:

Period for which compensation and reimbursement is sought:

Amount of compensation sought as actual, reasonable and necessary: $

Amount of expense reimbursement sought as actual, reasonable and necessary: $

This is (a)n: _____ interim application　　_____ final application

Summary of Monthly Fee Statements for compensation period:

| Date Filed | Period Covered | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses |
| | | | | | |
| | | | | | |
| | | | | | |
| **Total:** | | | | | |

Summary of prior Interim Fee Applications:

| Date Filed | Period Covered | Requested | | Approved | |
| --- | --- | --- | --- | --- | --- |
| | | Fees | Expenses | Fees | Expenses |
| | | | | | |
| | | | | | |
| | | | | | |
| **Total:** | | | | | |