**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

| | |
|---|---|
| In re:<br><br>ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT,<br><br>Debtor. | Chapter 11<br>Case No. 24-10205-HCZ |

**RICE MEMORIAL HIGH SCHOOL'S OBJECTION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 AUTHORIZING AND DIRECTING THE PRODUCTION OF DOCUMENTS BY THE DEBTOR**

Rice Memorial High School ("Rice") hereby objects to the *Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing and Directing the Production of Documents by the Debtor* [Dkt. No. 226] (the "Motion"), as follows:

**Objection**

1. Founded in 1917, Rice provides Catholic secondary and college preparatory education to approximately 400 students in grades 9-12 at its campus in South Burlington, Vermont. Although located in, and affiliated with, the Debtor, Rice remains separate from the Debtor as an "unincorporated association" under 12 V.S.A. § 814.

2. As a threshold matter, both the title and text of the Motion seek production of documents under Bankruptcy Rule 2004 only "by the Debtor." The Motion itself acknowledges that "Affiliates" includes "any of the Catholic-based social and community service organizations operating within the DIOCESE REGION," regardless of whether such "Affiliates" are separate corporations or unincorporated associations.

3. While Bankruptcy Rule 2004 provides that "the court may order the examination of any entity," the Motion does not seek the examination of any entity other than the Debtor. It is improper for the Debtor to produce the documents of Rice, particularly where the documents requested involve extensive financial and operational information. Requests related to Rice must be directed to Rice, and Rice must provide any production, even if the Debtor is in possession of relevant records based on its contractual provision of certain administrative services to Rice.

4. Further, even if the Motion were properly directed to Rice, the scope of the requests themselves is objectionable. "[T]he scope of the [Rule 2004] examination is not limitless; [it] should not be so broad as to be more disruptive and costly [to the discovery target] than beneficial to [the entity seeking discovery]." In re Texaco, Inc., 79 B.R. 551, 553 (Bankr. S.D.N.Y. 1987).

5. Here, the scope of the requests sought by the Motion is overbroad and unduly burdensome on a non-profit Catholic organization like Rice, which serves a specific educational mission within the Diocesan region distinct from the abuse allegations at the core of the Debtor's chapter 11 case. The requests seek extensive information for a 10 to 25 year period, much of which has little (or nothing) to do with the Committee's core function under Bankruptcy Code section 1103 – maximizing recoveries for general unsecured creditors. Rice is prepared to cooperate with the Committee on a streamlined discovery process focused on providing the Committee with the information necessary to perform its core duties. The Motion, however, does not serve that purpose and should be denied.

WHEREFORE, Rice requests that the Court deny the Motion.

Dated: March 18, 2025　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　*/s/ Jeremy R. Fischer*
　　　　　　　　　　　　　　　　　　Jeremy R. Fischer
　　　　　　　　　　　　　　　　　　**DRUMMOND WOODSUM**
　　　　　　　　　　　　　　　　　　84 Marginal Way, Suite 600
　　　　　　　　　　　　　　　　　　Portland, Maine 04101-2480
　　　　　　　　　　　　　　　　　　(207) 772-1941
　　　　　　　　　　　　　　　　　　jfischer@dwmlaw.com

　　　　　　　　　　　　　　　　　　*Counsel to Rice Memorial High School*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing objection has been served on all parties requesting CM/ECF notice in this case via this Court's CM/ECF system.

Dated: March 18, 2025　　　　　　　　*/s/ Jeremy R. Fischer*