**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

---

In re:

Roman Catholic Diocese of Burlington, Vermont,

        Debtor.

Case No.: 24-10205-HZC

Chapter 11 Case

---

**Response And Objection Of Vermont Catholic Community Foundation, Inc. To Rule 2004 Motion Of Official Committee Of Unsecured Creditors (Doc. 226)**

Vermont Catholic Community Foundation, Inc. ("VCCF"), through its undersigned counsel, hereby responds and objects to the Motion of the Official Committee of Unsecured Creditors ("UCC") for an Order under Bankruptcy Rule 2004 (Doc. 226)(the "Motion"), to the extent that the UCC seeks an Order that would compel VCCF to produce any documents or information to the UCC. VCCF was not served with the Motion,[1] nor has it ever been contacted by the UCC with regard to production of any records it may have pertaining to funds it holds in which the Debtor may have an interest. For the following reasons, the UCC should not be granted any authority to seek discovery from VCCF on the basis of its Motion.

    1.    VCCF is a charitable organization organized in 2015 as a nonprofit corporation under Vermont law. (See Exhibit A, VCCF 2025 Annual Report). It is governed by a thirteen person Board of Directors, with the Bishop of the Roman Catholic Diocese of Burlington ("Diocese") serving as an ex-officio member along with 12 independent directors. It mission is

---

[1] The Certificate of Service filed by the UCC (Doc. 226-3) confirms the Rule 2004 Motion was not served on VCCF.

Downs Rachlin Martin PLLC

to build and steward charitable giving by receiving and managing funds of Catholic persons or organizations who seek the economic benefit of pooled investments that are managed in accordance with Catholic ethical standards, including making annual distributions of income generated by invested funds, as well as community grants to nonprofit Catholic organizations. VCCF currently manages a pooled investment account while providing oversight to unitized accounting for approximately 120 separate funds, with the Diocese having some form of beneficial (income) or custodial interest in only twelve of these funds. The vast majority of the funds held and managed by VCCF were placed with it by Catholic schools, parishes, cemeteries, organizations and individuals. Most funds are restricted to allow distributions of income only in accordance with donors' designated uses and purposes.

2. The UCC's description of the relationship between the Diocese and VCCF in its Motion is not accurate. The Motion uses a UCC created term, "Diocese Enterprise Members," which incorrectly lumps together various Catholic entities that operate within the region of the Diocese, including parishes, schools, and other Catholic organizations such as VCCF, and asserts incorrectly that they are all "part of the Diocese's civil corporation." (Doc. 226, ¶4). This assertion as applied to VCCF is not supported by any document in the record, nor the Affidavits of Bishop John J. McDermott submitted in support of the Debtor's first-day motions. Under Vermont law, VCCF is a nonprofit corporation, legally separate from the Diocese. Despite its inclusion of VCCF as a "Diocese Enterprise Member," the UCC makes no allegation that the Diocese is the alter ego of VCCF, and has no good faith basis for alleging that VCCF is legally, fiscally or operationally connected to the Diocese. (See Affidavit of Bishop John J. McDermott in Support of Initial Pleadings (Doc. 13), ¶s12, 23 (other Catholic organizations separately

organized as nonprofit corporations have no corporate relationship with the Diocese and are not under the fiscal or operating control of the Diocese)).

3. In any event, as the UCC has not asserted any claim that the assets of VCCF are part of the Debtor's estate, this Rule 2004 Motion is not a proper vehicle for delving into such issues. *See In re Roman Catholic Diocese of Gallup*, 513 B.R. 761, 766 (Bankr. D.N.M. 2014)(Rule 2004 Motion denied as to discovery from alleged affiliates of Diocese where no alter ego claim asserted as to alleged affiliates). As the Court ruled in *Diocese of Gallup*, if the UCC seeks discovery from VCCF, on the basis that it is an alleged affiliate of the Debtor, the UCC should be required to file a Rule 2004 motion specific to VCCF.

4. Through its Rule 2004 Motion, the UCC can obtain from the Diocese any records it may have related to the funds it has placed at VCCF. VCCF should not be burdened with obligations to produce documents that the Diocese can produce. To the extent that there are relevant records sought which are not in the possession of the Diocese, following the completion of Rule 2004 examination of the Diocese, which are the separate records of VCCF, the UCC has the ability to seek them from VCCF informally or otherwise. As a small nonprofit, VCCF has limited resources to dedicate to discovery matters relating to the Diocese bankruptcy. Informal discovery, such as that sought by the United States Trustee's Office, to which VCCF has responded previously,[2] is less costly and likely more productive. VCCF is willing to cooperate with any reasonable requests that are not unduly burdensome. If the UCC decides to seek discovery from VCCF formally, it should be required to file a separate Rule 2004 Motion.

---

[2] VCCF previously produced records in response to informal requests made by the U.S. Trustee's Office.

Downs
Rachlin
Martin PLLC

3

5. VCCF respectfully requests that the Motion be denied to the extent it seeks production of documents or other information from VCCF.

Dated: March 18, 2025                    DOWNS RACHLIN MARTIN PLLC

By: /s/Andre D. Bouffard
Andre D. Bouffard
199 Main Street, P.O. Box 190
Burlington, VT 05402-0190
(802) 863-2375
abouffard@drm.com

Attorneys for VCCF

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Response and Objection has been served on all parties requesting CM/ECF notice in this case via this Court's CM/ECF system.

Dated: March 18, 2025                    /s/Andre D. Bouffard

23414673.1