UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| IN RE: | ) |
| | ) |
| ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT,[1] | ) Case No. 24-10205-HZC |
| | ) Chapter 11 |
| Debtor. | ) |
| | ) |

**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS TO SCHEDULE A STATUS CONFERENCE FOR THE
PRESENTATION OF SURVIVOR STATEMENTS**

The Official Committee of Unsecured Creditors (the "Committee") appointed for Roman Catholic Diocese of Burlington, Vermont (the "Diocese") hereby requests the scheduling of two status conferences for the presentation of statements by creditors who are survivors of childhood sexual abuse. The Committee and the Diocese have conferred, and the Debtor does not oppose survivor statements on the terms set forth below.

**I.
PRELIMINARY STATEMENT**

This bankruptcy is not just about financial compensation for survivors. Bishop McDermott stated in his first day declaration that the Diocese is "committed to addressing the wrongs perpetrated and …will continue its outreach to survivors and others affected by the tragedy of sexual abuse."[2] Many survivors have come forward after decades of silence, yet they will not have an opportunity to tell their personal stories because their lawsuits have been automatically stayed as a result of the bankruptcy, which all parties hope will be successful.

---

[1] The Diocese's address is 55 Joy Drive, South Burlington, VT 05403, and its EIN Number is 03-0180730.

[2] *Affidavit of Bishop John J. McDermott in Support of Initial Pleadings and Pursuant to Local Rule 1007-1* [Docket No. 13] at ¶53.

4915-1811-4356.2 18506.00002

These survivors wish to be heard and their pain acknowledged as part of proceedings in this Court.

The Committee requests that the Court set aside two, two-hour sessions dedicated to survivors who wish to give voluntary victim-impact statements.[3] Providing survivors an early opportunity to personally participate in the bankruptcy process is important for this case's success. A direct connection to the Court and these proceedings will strengthen survivors' engagement. Only if survivors are engaged and trust the bankruptcy process will the Diocese be able to gain the survivor support needed for a successful reorganization.

## II.
## JURISDICTION AND VENUE

This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## RELIEF REQUESTED

The Committee requests entry of the proposed order attached hereto as **Exhibit A**, scheduling two two-hour status conferences within the next 30 days so that survivors may provide voluntary statements to the Court and the Diocese. The Diocese does not object to the relief requested. The Committee seeks authority to present survivor statements pursuant to sections 105 and 1109(b) of the Bankruptcy Code on the grounds that abuse survivors wish to be heard as part of the bankruptcy process and their statements will promote engagement and trust

---

[3] The Committee and the Debtor have met and conferred on available dates for the Survivor Statement Sessions and, if available for the Court, request the in-person session to occur on either May 13 or 14, 2025. For the second session, the Committee requests a Zoom hearing at the Court and Diocese's convenience in order to give those survivors for whom travelling back to Burlington is cost prohibitive an opportunity to participate.

2

4915-1811-4356.2 18506.00002

among survivors, all of which will assist mediation efforts and the negotiation of a reorganization plan.

## IV.
## LEGAL DISCUSSION

### A. The Court Has Inherent Authority to Schedule Conferences to Hear Survivor Statements.

Courts have repeatedly recognized the benefit of allowing survivors to give personal impact statements to the court and the debtor as part of the bankruptcy process. The court has inherent authority to schedule a status conference for such statements ("Survivor Statement Sessions") pursuant to sections 105 and 1109(b) of the Bankruptcy Code. The Debtor does not oppose the requested Survivor Statement Sessions.

Bankruptcy Code section 105(a) authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title [Title 11]." Further, section 105(d) states that the court, "on its own motion or on the request of a party in interest – shall hold such status conferences as are necessary to further the expeditious and economical resolution of the case." The Committee requests two two-hour Survivor Statement Sessions for the Court and Diocese to hear survivor statements to promote a better understanding of the main creditor constituency.

In addition, section 1109(b) of the Bankruptcy Code gives creditors of the Diocese a right to be heard "on any issue in a case under this chapter." Survivors seek to be heard in this case and treated as more than a claim number or data point. Addressing survivor concerns is morally and pragmatically appropriate to foster communication, trust, and engagement in the bankruptcy in pursuit of a reorganization plan.

The Committee requests that the Survivor Statement Sessions include direction that the statements are not to be considered evidence and should not be transcribed. The Committee

3

further requests that no parties shall be expected or allowed to comment or respond to the statements.

Child sexual abuse is a deeply traumatic experience that leaves lasting scars on its survivors. Beyond the immediate physical and emotional harm, it undermines a person's sense of safety, trust, and self-worth, often for a lifetime. For many survivors, seeking justice through the legal system is a fundamental step towards reclaiming their dignity and healing from the profound harm inflicted upon them.   The opportunity to have a "day in court" is important for survivors for several compelling reasons:

- *Validation and Acknowledgment*: Court proceedings provide a formal acknowledgment of the trauma suffered by survivors. It validates their experiences and affirms that their suffering is recognized by society and the legal system.

- *Empowerment and Agency*: Participating in legal proceedings empowers survivors by giving them a voice. It allows them to actively engage in the pursuit of justice and reclaim a sense of agency that was stripped away by the abuse.

- *Closure and Healing*: For many survivors, having their story heard in court can be a pivotal step towards emotional healing and closure. It allows survivors to confront the past, reclaim their narrative, and move forward with their lives.

**B.   Numerous Diocesan Bankruptcy Courts Have Scheduled Hearings for Survivor Statements.**

Victim impact statements have been authorized in numerous diocesan bankruptcies, as well as the *Purdue Pharma* case.  In the diocesan bankruptcies, survivor statements are an important first step in the process of transparency, acknowledgment, and healing that is not otherwise available in the typical bankruptcy.

4

1.  *In re Roman Catholic Archbishop of San Francisco, In re Roman Catholic Archbishop of Baltimore,* and *In re The Roman Catholic Diocese of Syracuse, New York*

In the Archdioceses of San Francisco and Baltimore bankruptcies, the bankruptcy courts allocated two, two-hour sessions for survivor statements from survivor claimants who expressed a willingness and desire to address the Court.[4] In the Diocese of Syracuse bankruptcy, the bankruptcy court ordered a single six-hour session for survivor statements that included a lunch break.[5] The sessions were for "the sole purpose" of increasing "engagement and understanding in [the] chapter 11 case. In each of the cases, the court explicitly ordered that *"no statements of any party at the Conferences will be considered as evidence in any matter or proceeding in this case or as part of the official record in this case."*[6] The statements were not transcribed and audio recordings were not released without further court order.[7]

2.  *In re The Roman Catholic Bishop of Sacramento*

In the bankruptcy of the Sacramento Diocese, on March 7, 2025, the court overruled objections by numerous insurers and issued a written decision for publication, granting the Committee's motion to authorize the presentation of survivor statements. Rejecting arguments that a court session to hear survivors was not authorized by the Bankruptcy Code, the court stated:

> The reality is that profound human, psychological, and spiritual aspects of church sex abuse cases transcend tort damages. The bankruptcy

---

[4] *See Amended Order Granting Application to Schedule a Status Conference with Presentation of Survivor Statements,* Docket No. 829 (Aug. 28, 2024), *In re The Roman Catholic Archbishop of San Francisco,* U.S. Bankruptcy Court, N.D. Cal., Case No. 23-30564-DM, attached as **Exhibit B** and *Order Granting Committee Request to Reserve Time for Presentation of Survivor Statements,* Docket No. 432 (Mar. 21, 2024), *In re Roman Catholic Archbishop of Baltimore,* U.S. Bankruptcy Court, Dist. of Md., Case No. 23-16969, attached as **Exhibit C**.

[5] *See Order Granting Official Committee of Unsecured Creditors' Motion to Authorize Status Conferences for the Presentation of Survivor Impact Statements,* Docket No. 2540 (Feb. 24, 2025), *In re The Roman Catholic Diocese of Syracuse, New York,* U.S. Bankruptcy Court, N.D.N.Y., Case No. 20-20663, attached as **Exhibit D**.

[6] Exhibit B at ¶3; Exhibit C at p. 2; and Exhibit D at ¶3.

[7] Exhibit B at ¶4; Exhibit C at p. 2; Exhibit D at ¶¶4-5

5

4915-1811-4356.2 18506.00002

> reorganization process may be proficient in the hard-headed business of marshaling diocesan resources and insurance coverage available to fund tort damage payments, but it does little to heal festering psychological wounds.
>
> **Anything that promotes reconciliation, catharsis, and solace for sex abuse victims in a chapter 11 case serves the interests of justice and is a worthy task for a bankruptcy judge.**
>
> **Procedurally, the victims statement session qualifies as a form of conference that is neither a trial nor a hearing.** If one needs a label and a justification, it is in the nature of a confidential settlement conference that is an exercise of inherent judicial authority.

(Emphasis added).[8] As Judge Klein noted, the bankruptcy court is not the trier of fact of sexual abuse personal injury claims. The survivor statements are not testimony under oath, nor are they evidence, nor or they subject to response. They are fundamentally a "listening session."[9]

3. Additional Northern California Bankruptcy Courts Have Granted Conferences to Hear Survivor Statements.

At least two other bankruptcy courts have recently granted motions to allow survivors to present statements in private proceedings.

For example, in the bankruptcy of the Santa Rosa Diocese, the Court explained the benefit of allowing a limited number of survivors to speak, describing the session as comprising the "building blocks for a confirmable Chapter 11 plan."[10] Again, the court overruled objections by insurers and reminded the parties that it is a non-evidentiary hearing, akin to a status conference.

---

[8] *Memorandum Order on Motion to Authorize Presentation of Survivor Statements,* Docket No. 1153 (Mar. 7, 2025) at p. 2, *In re The Roman Catholic Bishop of Sacramento,* U.S. Bankruptcy Court, E.D. Cal., Case No. 24-21326, attached as **Exhibit E**.

[9] *Id.* at p. 7.

[10] *Order Authorizing Survivor Statement Hearing,* Docket No. 966 (Nov. 18, 2024) at p. 2, *In re The Roman Catholic Bishop of Santa Rosa,* U.S. Bankruptcy Court, N.D. Cal., Case No. 23-10113-CN, attached as **Exhibit F**.

The bankruptcy courts overseeing the Diocese of Oakland similarly authorized and scheduled conferences for survivor statements.[11] The court granted the motion to permit survivor statements under its inherent authority to issue any order that fairness requires and to hear a party in interest.

### C. Proposed Legislation Expressly Permits Survivor Statements.

Last year, bipartisan legislation was introduced specifically to allow voluntary survivor statements in chapter 11 bankruptcy proceedings prior to confirmation to ensure that survivors may be heard. Representative Deborah Ross (Democrat, North Carolina) and Representative Claudia Tenney (Republican, New York) introduced legislation entitled, Closing Bankruptcy Loopholes for Child Predators Act.[12] The bill would amend section 1109 of the Bankruptcy Code to require a hearing within 60 days after the proof of claim deadline "to consider victim impact statements," the sole purpose of which would be "to increase engagement and understanding between the bankruptcy court and victims or survivors of child sexual assault. To encourage candor, and thus enhance the utility of victim impact statements, the information provided through victim impact statements is not, and shall not be used, as evidence by any person in the case."[13]

The legislation appears to have stalled, but its purpose remains valid. Survivor Statement Sessions are appropriate to allow survivors to speak directly and confidentially to the

---

[11] *Agreed Order Granting Motion to Schedule Status Conferences for the Presentation of Survivor Statements*, Docket No. 1436 (October 31, 2024), *In re The Roman Catholic Bishop of Oakland*, U.S. Bankruptcy Court, N.D. Cal., Case No. 23-40523-WJL, attached as **Exhibit G**.

[12] Closing Bankruptcy Loopholes for Child Predators Act of 2024, 118 H.R. 8077, 2024 H.R . 8077, 118 H.R . 8077, attached as **Exhibit H**.

[13] *Id.*, p. 3.

Court and the Diocese, including the Bishop, to explain the tragic physical, emotional, and financial consequences that childhood abuse has had on their lives.

## V.
## CONCLUSION

Allowing and scheduling Survivor Statement Sessions is not merely a matter of legal procedure; it is a critical pathway to justice, healing, and empowerment. It affirms the survivors' rights, acknowledges their pain, and sends a powerful message that society stands with survivors in their journey towards recovery and justice. The Committee respectfully request the Court enter an order substantially in the form attached as **Exhibit A**.

Date: April 11, 2025

Respectfully submitted,

**LEMERY GREISLER LLC**

_____
Paul A. Levine, Esq.
677 Broadway - 8th Floor
Albany, New York 12207
Telephone: (518) 433-8800
Email   plevine@lemerygreisler.com

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**
James I. Stang (admitted *Pro Hac Vice*)
Brittany M. Michael (admitted *Pro Hac Vice*)
Gail S. Greenwood (admitted *Pro Hac Vice*)
780 Third Avenue, 34th Floor
New York, NY  10017
Telephone:  (212) 561-7700
Email:   jstang@pszjlaw.com
    bmichael@pszjlaw.com
    ggreenwood@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*