# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF VERMONT

IN RE: )
)
)
ROMAN CATHOLIC DIOCESE OF BURLINGTON, ) Case No. 24-10205-HZC
VERMONT,[1] ) Chapter 11
)
Debtor. )
)

### ORDER GRANTING MOTION TO SCHEDULE A STATUS CONFERENCE FOR THE PRESENTATION OF SURVIVOR STATEMENTS

Upon consideration of the *Motion to Schedule a Status conference for the Presentation of Survivor Statements* (the "Motion") filed by the Official Committee of Unsecured Creditors ("Committee"), the absence of opposition by The Roman Catholic Diocese of Burlington, Vermont (the "Diocese"), all pleadings and arguments at the hearing, the Court having found that notice of the Motion was appropriate under the circumstances, and good cause appearing,

**IT IS HEREBY ORDERED:**

1.     The Motion is GRANTED.

2.     The Court will hold two, two-hour status conferences (collectively, the "Survivor Statement Sessions"), one in person in Courtroom _____, at _____ and one via Zoom at _____.

3.     The sole purpose of the Survivor Statement Sessions is to increase survivor engagement and understanding in this chapter 11 case; no statements of any party in interest at the Survivor Statement Sessions will be considered as evidence in any matter or proceeding in this case or as part of the official record in this case.

---

[1] The Diocese's address is 55 Joy Drive, South Burlington, VT 05403, and its EIN Number is 03-0180730.

4.      The Survivor Statement Sessions will not be transcribed by a court reporter.  The Court will make an audio recording of the Survivor Statement Sessions, which is standard protocol for the Court and necessary for the Court to preside over such sessions, but the recordings of the Survivor Statement Sessions will not be released or transcribed without further Order of the Court, after notice and hearing, and only if and to the extent mandated by law or consented to by the parties.

5.      If any survivor who filed a proof of claim in the Debtor's bankruptcy would like the opportunity to make a statement, the survivor (a "Speaker") should contact counsel to the Official Committee of Unsecured Creditors (Brittany Michael at bmichael@pszjlaw.com) as soon as possible, and include the Speaker's contact information. Please note it may not be possible to accommodate every request.

6.      The Committee shall select the Speakers and, at least two business days in advance of each Survivor Statement Session, counsel for the Committee shall email the courtroom deputy with the names of the Speakers, numbered in order of expected appearance, and the estimated time for each Speaker.

7.      Apart from introductions by counsel and the Court, the Survivor Statement Sessions will include only statements by the Speakers.  No party in interest shall comment or respond to the statements.

Dated: _____, 2025
            Burlington, VT

_____
Hon. Heather Z. Cooper
United States Bankruptcy Judge

2

# EXHIBIT B

Entered on Docket
August 28, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



Signed and Filed: August 28, 2024

**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | ) Bankruptcy Case No. 23-30564-DM |
| | ) |
| THE ROMAN CATHOLIC ARCHBISHOP | ) Chapter 11 |
| OF SAN FRANCISCO, | ) |
| | ) |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |

**AMENDED ORDER GRANTING APPLICATION TO SCHEDULE A STATUS**
**CONFERENCE WITH PRESENTATION OF SURVIVOR STATEMENTS**[1]

At status conferences held on July 25, 2024 at 1:30 p.m.
and August 27, 2024, the court considered the *Application to
Schedule a Status Conference for the Presentation Of Survivor
Statements* (the "Application")[2] [Dkt. No. 745], filed by the
Official Committee of Unsecured Creditors in the above-captioned
bankruptcy case, the response to the Application filed by

───────────────

[1] This Amended Order adds matters discussed at the hearing
on August 27, 2024 and makes non-substantive revisions to the
matters dealt with in Dkt. 781.

[2] Capitalized terms not defined herein shall have the same
meaning ascribed to them in the Application.

-1-

Certain Underwriters at Lloyd's London and Certain London Market

Companies [Dkt. No. 750], and other matters raised *sua sponte* by

the court.

**IT IS HEREBY ORDERED:**

1.    The Application is GRANTED.

2.    The Court will hold two, two-hour in-person status

conferences (collectively, the "Conferences"), in Courtroom 17

of the United States Bankruptcy Court, 450 Golden Gate Ave., San

Francisco, CA 94102, on **September 9, 2024 at 2:00 p.m. PT** and

**September 13, 2024 at 10:30 a.m. PT**, respectively, before the

Honorable Dennis Montali.

3.    No statements of any party in interest at the

Conferences will be considered as evidence in any matter or

proceeding in this case or as part of the official record in

this case.

4.    The Conferences will not be transcribed by a court

reporter and the Court will record the audio of the Conferences,

which is standard protocol for the Court and necessary for the

Court to preside over the Conferences, but the recordings of the

Conferences will not be released or transcribed without further

Order of the Court, after notice and hearing, and only if and to

the extent mandated by law or consented to by the parties.

5.    If any Survivor who filed a proof of claim in the

Debtor's bankruptcy would like the opportunity to make a

statement, the Survivor (a "Speaker") should contact counsel to

the Official Committee of Unsecured Creditors (Brittany Michael

at bmichael@pszjlaw.com) as soon as possible, and include the

1  Speaker's contact information.  Please note it may not be
2  possible to accommodate every re uest.

3      6.   The Committee shall select the Speakers and, prior to
4  the particular Conference (September 6 and September 11) shall
5  email to the Courtroom Deputy (Lorena_Parada@Canb.Uscourts.GO )
6  and counsel for Debtor, the names of the Speakers, numbering the
7  Speakers in order they expect to speak and the estimated time
8  for each Speaker.  During the Conference, Speakers will be
9  referred to only by their assigned Speaker number unless they
10  choose to use their own names.  The entire time for each
11  Conference is approximately two hours, and Speakers will not be
12  allowed more than fifteen minutes each.

13      7.   The Conferences will include only statements by the
14  Speakers, apart from introductions by counsel for the Debtor and
15  the Committee and the court  no parties in interest shall be
16  expected or allowed to comment or respond to the Statements.

17      8.   Courtroom 19 will be available for any overflow in the
18  event Courtroom 17 is full and it will be for listen and viewing
19  only.

20      9.   Masks are optional for anyone in attendance.

21      10.   No recording or photographing, or the use of courtroom
22  artists will be permitted.

23      11.   Courtroom 17 will be available exclusively for the
24  Committee and Speakers beginning at 12:45 p.m. on September 9
25  and 9:15 a.m. on September 13, and opened to the public at
26  1:45 p.m. and 10:15 a.m., respectively for the Conferences.

27      12.   ater will be available in Courtroom 17.

                END OF ORDER

-3-

28

<u>COURT SER ICE LIST</u>

ECF Recipients

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

−4−

# EXHIBIT C

Entered: March 21st, 2024
Signed: March 21st, 2024

**SO ORDERED**



MICHELLE M. HARNER
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Baltimore

In re:                                    *
                                          *
Roman Catholic Archbishop of Baltimore,   *      Case No. 23-16969-MMH
                                          *
               Debtor.                    *      Chapter 11
                                          *

*       *       *       *       *       *       *       *       *       *       *       *       *

### ORDER GRANTING COMMITTEE REQUEST TO RESERVE
### TIME FOR PRESENTATION OF SURVIVOR STATEMENTS

This matter is before the Court on the Notice of Presentation of Survivor Statements (the "Notice"), filed by the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case. ECF 418. By the Notice, the Committee requests that the Court reserve two dates to permit Survivor Statements from certain members of the Committee and other Survivor claimants who have expressed a willingness and desire to address the Court. *Id.* Based on the Notice and the entirety of the docket in this case to date, the Court finds that the requested relief is in the best interest of this estate and may further the Debtor's reorganization efforts to the benefit of the Debtor, the Survivors, and other parties in interest.[1] Accordingly, it is, by the United States Bankruptcy Court for the District of Maryland,

**ORDERED**, that the relief requested by the Notice is granted on the terms and subject to the conditions of this Order; and it is further

---

[1] Given the nature of the relief requested (including the informational nature of the relief), the proposed dates for the status conferences, and the status of this chapter 11 case, the Court finds good cause to grant the relief requested by the Notice without further notice or opportunity for hearing. 11 U.S.C. § 102(1)(B).

**ORDERED**, that the Court will hold two, two-hour status conferences on **April 8, 2024, and May 20, 2024, each beginning at 10:00 a.m., ET** (collectively, the "Conferences"), in person in Courtroom 9-C in Baltimore; and it is further

**ORDERED**, that the sole purpose of the Conferences is to increase engagement and understanding in this chapter 11 case; *no statements of any party at the Conferences will be considered as evidence in any matter or proceeding in this case or as part of the official record in this case*; and it is further

**ORDERED**, that the Conferences will not be transcribed by a court reporter;[2] and it is further

**ORDERED**, that, notwithstanding the immediately preceding decretal paragraph, the Court will record the audio of the Conferences, which is standard protocol for the Court and necessary for the Court to preside over the Conferences, *but the recordings of the Conferences will not be released or transcribed without further Order of the Court, after notice and hearing, and only if and to the extent mandated by law or consented to by the parties*; and it is further

**ORDERED**, that consistent with Local Rule 5070-1, no party or member of the public may photograph, video record, audio record, broadcast, televise, or otherwise transmit the Conferences; and it is further

**ORDERED**, that the Committee shall file an agenda for each Conference on or before April 4, 2024, and May 16, 2024, respectively; such agenda should identify only the number of Survivor Statements being presented and the estimated time allocated to each.

**END OF ORDER**

---

[2] The Court finds that the exceptional circumstances of this case and the factors set forth in the Notice support the relief granted herein. *See, e.g.,* 28 U.S.C. § 735; Notice ¶¶ 6–12, notes 5, 6.

2

# EXHIBIT D

So Ordered.

Signed this 24 day of February, 2025.



_Wendy A. Kinsella_

_____

Wendy A. Kinsella
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 20-30663 |
| The Roman Catholic Diocese of Syracuse, New York, | Chapter 11 |
| Debtor. | Judge Wendy A. Kinsella |

**ORDER GRANTING OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**MOTION TO AUTHORIZE STATUS CONFERENCES FOR THE PRESENTATION OF**
**SURVIVOR IMPACT STATEMENTS**

This matter is before the Court on *The Official Committee of Unsecured Creditors' Motion to Authorize Status Conferences for the Presentation of Survivor Impact Statements* (the "Motion") filed by the Official Committee of Unsecured Creditors at Dkt. No. 2447; *London Market Insurers' Opposition to Motion to Authorize Status Conference for the Presentation of Survivor Impact Statements* filed by Certain Underwriters at Lloyd's, London and London Market Companies at Dkt. No. 2491 (the "LMI Opposition"); *Interstate's Opposition to the Official Committee of Unsecure Creditors' Motion to Authorize Status Conferences for the Presentation of Survivor Impact Statements* filed by Interstate Fire & Casualty Company and Firemen's Fund Insurance

Company Interstate's at Dkt. No. 2495 (the "Interstate Opposition" and collectively with the LMI Opposition, the "Oppositions"); and *The Official Committee of Unsecured Creditors' Reply in Support of the Motion to Authorize Status Conferences for the Presentation of Survivor Impact Statements* (the "Reply") filed by the Committee at Dkt. No. 2510.

Based on the Motion and responsive filings, oral argument regarding the Motion on February 13, 2025, and the record of proceedings in this case, for the reasons stated by the Court on the record; and after due deliberation thereon, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is **GRANTED** in part and denied in part and the Oppositions are **OVERRULED** in part and sustained in part as set forth herein.

2.      Pursuant to 11 U.S.C. § 105(a) and (d), the Court will schedule a status conference for the presentation of survivor statements on April 22, 2025 from 10:00 a.m. to 4:00 p.m. prevailing eastern time with a 30-minute break for lunch (the "Conference").

3.      The sole purpose of the Conference is to increase engagement and understanding in this chapter 11 case. Any statements made during the Conference, or reporting thereon, shall not be considered evidence in any matter or proceeding in this case or as part of the official record in this case and shall have no evidentiary weight.

4.      The Conference shall not be transcribed by a court reporter.

5.      Notwithstanding the paragraph 4 of this Order, immediately above, the Court will record the audio of the Conference, which is standard protocol for the Court and necessary for the Court to preside over the Conference, *provided however*, that such recording of the Conference shall not be released or transcribed without further Court order. To the extent the audio recording

of the Conference is later transcribed pursuant to an order of this Court, such transcript shall be sealed pending further Court order.

6.    Consistent with the Court's Amended Case Management Order at Dkt. No. 1871, all persons attending the Conference are strictly prohibited from making any recording of the proceeding, including but not limited to, a video recording, an audio recording, photographs of the Conference, or any other transmittal of the Conference.

7.    Any media report concerning the statements made at the Conference shall not be considered evidence in any matter or proceeding in this case.

8.    The Conference shall include only survivor statements; no parties in interest shall be expected or allowed to comment or respond to the survivor statements.

9.    The Committee shall file an agenda for the Conference by April 18, 2025; such agenda should identify only the number of survivor statements being presented, and the estimated time allocated to each statement.

10.    Bishop Douglas J. Lucia of the Roman Catholic Diocese of Syracuse, New York shall attend the Conference. Other Diocesan representatives are encouraged to attend.

### ###

# EXHIBIT E

FILED

MAR − 7 2025

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

MGRS

FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re: THE ROMAN CATHOLIC BISHOP)     Chapter 11
OF SACRAMENTO,                      )
                                    )     Case No. 24-21326-C-11
        Debtor.                     )
                                    )     Dkt. Control STI-6
_____)

**MEMORANDUM ORDER ON MOTION TO AUTHORIZE PRESENTATION OF SURVIVOR STATEMENTS**

CHRISTOPHER M. KLEIN, Bankruptcy Judge

The Creditors' Committee, with acquiescence by the Debtor-in-Possession, has asked this Court to honor its promise made at the outset of the case to afford sex abuse victim-claimants the option of personally telling the Bishop, in the Court's presence, how the various abuses have affected their lives.

Some of the insurers object that such a session is not authorized by the Bankruptcy Code and say that a bankruptcy judge has no other authority to conduct such a session. The opposition evinces stunning ignorance of basic judicial powers. Moreover, why the insurers object is a puzzle.

This order granting the motion is published to explain why the opposition by the insurers is wrong.

I

The promise to hear victim statements in the presence of the Court and the Bishop follows from this Court's experience in 2014 presiding over a similar session concurrent with the disclosure statement hearing in the chapter 11 case of The Roman Catholic Bishop of Stockton, California.

1

1    The emotions expressed by those few victims who mustered

2    the courage to come forward seemed to foster some degree of

3    closure and peace to them. That experience (perhaps the most

4    poignant day in this judge's 37 years in office) illustrated the

5    inadequacy of the chapter 11 process in bringing closure to

6    victims without having such an opportunity. Considerations of

7    basic human dignity require that they know that they have been

8    heard by the Church and by the Court. Mere promises to pay

9    personal injury tort claims and to reform practices did little to

10   assuage the trauma that was being expressed.

11       The reality is that profound human, psychological, and

12   spiritual aspects of church sex abuse cases transcend tort

13   damages. The bankruptcy reorganization process may be proficient

14   in the hard-headed business of marshaling diocesan resources and

15   insurance coverage available to fund tort damage payments, but it

16   does little to heal festering psychological wounds.

17       Anything that promotes reconciliation, catharsis, and solace

18   for sex abuse victims in a chapter 11 case serves the interests

19   of justice and is a worthy task for a bankruptcy judge.

20       Procedurally, the victims statement session qualifies as a

21   form of conference that is neither a trial nor a hearing. If one

22   needs a label and a justification, it is in the nature of a

23   confidential settlement conference that is an exercise of

24   inherent judicial authority.

25

26                              II

27       The insurers in their opposition say that such a session is

28   not authorized and not within the discretion of the Court.

1    Specifically, they object that such a session is: (1)

2  "unauthorized under the Bankruptcy Code;" (2) this Court "cannot

3  act without statutory authority otherwise found in the Bankruptcy

4  Code;" (3) "equity cannot serve as a justification for the

5  requested relief;" (4) victim statements would constitute

6  "testimony;" and (5) "the proposed testimony is not offered in

7  support of any form of relief before the court." Dkt. 994.

8    The insurers construct and demolish a straw man on a

9  platform of false premises.

10

11                                A

12    Essential background to understanding the insurers'

13  opposition necessitates a focus on the role played by the

14  insurers in this tragedy.

15

16                                1

17  The dramatis personae:

18  – Individual tort plaintiffs in pending state-court
       litigation suing Church on theories sounding in sexual
19       abuse.

20  – Bishop of Sacramento representing, under principles of
       apostolic succession, the institutional church diocese
21       of Sacramento, defendant in tort lawsuits, and person
         seeking chapter 11 reorganization on behalf of diocese.

22
   – Attorneys for Bishop.
23
   – Creditors' Committee, official chapter 11 representative
24       of collective individual tort plaintiffs for purposes
         of negotiations intended to achieve global resolution
25       of the state-court tort claims based on diocesan assets
         and available insurance.
26
   – Attorneys for Creditor's Committee.
27
   – Bankruptcy Court Judge, presiding over chapter 11 process.
28

                                3

- Superior Court Trial Judge, presiding over the pending
  lawsuits filed by the individual tort plaintiffs but
  presently stayed by virtue of bankruptcy automatic
  stay.

- Insurers putatively obligated to defend Bishop in pending
  state-court tort litigation suspended by bankruptcy
  automatic stay, and participants in negotiations
  regarding insurer contribution to potential group
  settlement. Obligated to proceed with state-court
  defense if automatic stay terminates.

2

The question arises, what business is it of the insurers if
some of the tort plaintiff victims want to tell the Bishop in the
presence of the Chapter 11 Bankruptcy Judge how they feel? Why
should the insurers care? How are they harmed?

Isn't it to the advantage of the insurers that all possible
claims be asserted in this collective proceeding, so that there
is no residuum of stragglers who might have to be dealt with
after the chapter 11 case ends?

B

The first relevant point regarding the insurers is that they
are now basking in the shelter of the automatic stay, without
which, they would be paying for legions of defense counsel to
conduct discovery in the pending state-court litigation pursuant
to their duty to defend.

C

The second relevant point is that the insurers during this
case have sought to cadge as much information as possible about
the individual plaintiffs while they are enjoying their free ride

4

1  on the automatic stay.

2       They made a strong effort to have the chapter 11 claims form

3  contain unnecessarily detailed information (who, what, where,

4  when) that ordinarily is ferreted out by defendants as part of

5  their discovery in tort litigation.

6       This Court rebuffed that attempt to raise the bar at the

7  threshold, reasoning that to do so at the initial claim stage

8  would chill claims in a scenario in which the chapter 11 goal is

9  to encourage all possible claimants to come forward.

10      This Court reasoned further that, after the claims are

11  filed, the specific discovery-type information the insurers

12  desire necessarily will have to be shared with them by the

13  Committee in connection with the mediation negotiations that

14  commonly resolve successful diocese cases.  It is not realistic

15  to expect insurers to make uninformed investment decisions when

16  settling liability exposures.

17      This Court even has the power to modify the automatic stay

18  so as to permit some state-court discovery during the pendency of

19  this chapter 11 case, which it may do if negotiations languish.

20      Of course, if no deal is agreed upon, the insurers will have

21  full opportunity to conduct and to pay for individualized (who,

22  what, where, when) discovery in the state-court litigation after

23  the shelter of the automatic stay is lifted.

24

25                              D

26      The key relevant point regarding this Court is that it is

27  not the trier of fact in the sex abuse personal injury tort

28  actions. Nor, in light of 28 U.S.C. § 157(b)(5), could it ever be

1   the trier of fact.

2       Rather, as these are all state-court tort cases, that duty

3   falls upon the state superior court judge to whom the various

4   cases are, or will be, assigned for trial.

5

6                                   III

7       The assertion that a Bankruptcy Court lacks authority to

8   permit survivor statements to be made to the Court and to the

9   Bishop in a confidential setting is nonsense.

10

11                                   A

12       The proposition that any words that cross the lips of the

13  complaining victims constitutes "testimony" makes no sense.

14       The victim statements are not being made to the trier of

15  fact. They are not being made under oath or penalty of perjury.

16       In the procedural posture of the case, any statements made

17  are no more than allegations which standard Rule 12 pretrial

18  motion practice treats as true only for purposes of analysis.

19  Hence, the alleged sex abuses are treated as presumed to have

20  occurred for interim pretrial procedural purposes. Ultimately, of

21  course, the plaintiffs must prove their respective cases by

22  preponderance of evidence in trial by jury. At this stage,

23  credibility is not an issue.

24

25                                   B

26       The insurers' next false premise is that a Bankruptcy Court

27  can do nothing that is not on the record in open court.

28       That premise is belied by Civil Rules 16 and 77 and its

1   bankruptcy counterparts Rules 7016 and 5001(b), which permit

2   various conferences and similar sessions that are neither trials

3   nor hearings to be done in chambers or elsewhere on or off the

4   record.

5       Rule 77(b) provides in relevant part: Any act other than a

6   trial on the merits "may be done or conducted by a judge in

7   chambers, without the attendance of the clerk or other court

8   official, and anywhere inside or outside the district." Fed. R.

9   Civ. P. 77(b); Fed. R. Bankr. P. 5001(b).

10      As the Moore's Treatise explains, Rule 77(b)'s permission

11  for private conferences for non-trial matters "articulates the

12  traditional authority of a judge to speak privately with the

13  parties to a suit, whether in bench conferences or in chambers."

14  14 Moore's Federal Practice § 77.03 (3d ed. 2024)("Moore's"),

15  quoting B.H. v. McDonald, 49 F.3d 294, 297-98 (7th Cir. 1995).

16      Similarly, Rule 16 permits a wide variety of pretrial

17  conferences during the pre-trial stage, including scheduling

18  conferences, settlement conferences, and case management

19  conferences. As Moore's explains, "Rule 16 does not mandate any

20  particular procedures for initial case management conferences ...

21  some judges conduct these kind of conferences much less formally,

22  with counsel in chambers, with appearances by telephone or

23  videoconferencing, or even off the record." Fed. R. Civ. P. 16,

24  Fed. R. Bankr. P. 7016; 14 Moore's § 16.35[1][a].

25

26                                IV

27      In view of the sensitivity of the statements and the privacy

28  interest of victims, the victim statement session will not be on

                                  7

1  the record. It will occur in an appropriate private setting. Nor

2  will there be electronic recording.

3      The session on Monday, March 31, 2025, at 11:00 a.m., will

4  not exceed two and one-half hours. It is fundamentally a

5  listening session. There will be no responses entertained. No

6  other subjects will be discussed.

7      The invitees are limited to the victims who wish to make

8  statements, Victims Committee counsel, the Bishop, and his

9  chapter 11 counsel.

10      Although this Court initially stated that a representative

11  of the insurers could attend the confidential settlement

12  conference, their opposition papers persuade this Court

13  otherwise. The insurers point out that statements made at a

14  similar session in another diocese case in a different judicial

15  district were soon reported in a newspaper. Thus, they stress

16  that confidentiality is a prime concern. This Court agrees and

17  believes that limiting access is important to preventing

18  disclosure. Hence, the insurers are no longer invited.

19      The insurers will have to trust in this Court's adherence to

20  its instructions stated above and to its fidelity to Judicial

21  Canons, including avoiding an appearance of impropriety.

22      The Creditors' Committee motion is GRANTED.

23      SO ORDERED.

24

Dated: March 06, 2025

25

26

27

        United States Bankruptcy Judge

28

1                    **INSTRUCTIONS TO CLERK OF COURT**
                              **SERVICE LIST**
2

         The Clerk of Court is instructed to send the attached
3    document, via the BNC, to the following parties:

4    Paul J. Pascuzzi
     500 Capitol Mall, Suite 2250
5    Sacramento, CA 95814

6    The Official Committee of Unsecured Creditors
     c/o Robert T. Kugler
7    50 S 6th Street, Suite 2600
     Minneapolis, Minnesota 55402
8

     Jeff Kahane
9    Duane Morris LLP
     865 S. Figueroa Street, Suite 3100
10   Los Angeles, CA 90017

11   Catalina J. Sugayan
     Clyde & Co US LLP
12   30 S. Wacker Drive, Suite 2600
     Chicago, IL 60606
13

     Office of the US Trustee
14   501 I Street, Suite 7-500
     Sacramento, CA 95814
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT F

Entered on Docket
December 6, 2024
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1  **STINSON LLP**
   ROBERT T. KUGLER
2  (Minn. Bar No. 194116)          **The following constitutes the order of the Court.**
   robert.kugler@stinson.com       **Signed: December 5, 2024**
3  EDWIN H. CALDIE (*pro hac vice*)
   ed.caldie@stinson.com
4  CLARISSA C. BRADY (*pro hac vice*)
   clarissa.brady@stinson.com
5  50 S 6th Street, Suite 2600      _____
   Minneapolis, Minnesota 55402     **Charles Novack**
6  Telephone: (612) 335-1500        **U.S. Bankruptcy Judge**

7  **KELLER BENVENUTTI KIM LLP**
   TOBIAS S. KELLER (Cal. Bar No. 151445)
8  (tkeller@kbkllp.com)
   JANE KIM (Cal. Bar No. 298192)
9  (jkim@kbkllp.com)
   GABRIELLE L. ALBERT
10 (Cal. Bar No. 190895)
   (galbert@kbkllp.com)
11 425 Market Street, 26th Floor
   San Francisco, California 94105
12 Telephone: (415) 496-6723
   Facsimile: (650) 636-9251
13
14 *Counsel for the Official Committee of Unsecured
   Creditors*
15

16           **UNITED STATES BANKRUPTCY COURT**
17             **NORTHERN DISTRICT OF CALIFORNIA**
                  **SANTA ROSA DIVISION**
18
   In re:                          | Case No. 23-10113 CN
19
   THE ROMAN CATHOLIC BISHOP       | Chapter 11
20 OF SANTA ROSA,
21         Debtor.                   **ORDER GRANTING THE OFFICIAL
                                    COMMITTEE OF UNSECURED
22                                  CREDITORS' MOTION FOR THE
                                    PRESENTATION OF SURVIVOR
23                                  STATEMENTS AND SCHEDULING THE
                                    PRESENTATION OF SURVIVOR
24                                  STATEMENTS FOR FEBUARY 6, 2025**
25
                                    **[Re: Dkt. No. 920]**
26
27
28

1

2

3

This matter is before the Court on the *Official Committee of Unsecured Creditors' Motion to Schedule A Status Conference for the Presentation of Survivor Statements* [Dkt. 920] (the "Motion"), filed by the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 case. By the Motion, the Committee requests that the Court reserve a date to permit the presentation of statements ("Survivor Statements") from certain members of the Committee and other survivor claimants ("Survivors") who have expressed a willingness and desire to address the Court. Based on the Motion, and the entirety of the docket in this case to date, the Court finds that the requested relief is in the best interest of this estate and may further the Debtor's reorganization efforts to the benefit of the Debtor, the Survivors, and other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor:

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED**.

2.      The hearing will be held on **Thursday, February 6, 2025 at 1:00 PM**, at the United States Bankruptcy Court Northern District of California, Courtroom 215, 1300 Clay Street, Oakland, California 94612 (the "Conference").

3.      The sole purpose of the Conference is to increase engagement and understanding in this chapter 11 case; *no statements of any party at the Conference will be considered as evidence in any matter or proceeding in this case or as part of the official record in this case.*

4.      The Conference will not be transcribed by a court reporter.

5.      Notwithstanding the immediately preceding paragraph, the Court will record the audio of the Conference, which is standard protocol for the Court and necessary for the Court to preside over the Conference, *but the recordings of the Conference will not be released or transcribed without further Order of the Court, after notice and hearing, and only if and to the extent mandated by law or consented to by the parties.*

6.      The Committee shall file an agenda for the Conference prior to the Conference; such agenda should identify only the number of Survivor Statements being presented and the estimated time allocated to each statement.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.      The Conference will include only Survivor Statements; no parties in interest shall be expected or allowed to comment or respond to the Survivor Statements.

END OF ORDER

1

## COURT SERVICE LIST

2

3

All ECF Parties

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT G

EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

1

**LOWENSTEIN SANDLER LLP**
JEFFREY D. PROL (*pro hac vice*)

The following constitutes the order of the Court.
Signed: October 31, 2024

2
jprol@lowenstein.com
BRENT WEISENBERG (*pro hac vice*)
bweisenberg@lowenstein.com

3
One Lowenstein Drive
Roseland, New Jersey 07068

4
Telephone: (973) 597-2500
Facsimile: (973) 597-2400

5

6
**KELLER BENVENUTTI KIM LLP**
TOBIAS S. KELLER

William J. Lafferty, III
U.S. Bankruptcy Judge

7
(Cal. Bar No. 151445)
tkeller@kbkllp.com

8
JANE KIM (Cal. Bar No. 298192)
jkim@kbkllp.com

9
GABRIELLE L. ALBERT
(Cal. Bar No. 190895)

10
galbert@kbkllp.com
425 Market Street, 26th Floor

11
San Francisco, California 94105
Telephone: (415) 496-6723

12
Facsimile: (650) 636-9251

13
*Counsel for the Official Committee of Unsecured
Creditors*

14

15
**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

16

17

18
Case No. 23-40523 WJL

19
*In re*:

Chapter 11

20
THE ROMAN CATHOLIC BISHOP OF
OAKLAND, a California corporation sole,

**AGREED ORDER GRANTING
MOTION TO SCHEDULE STATUS
CONFERENCES FOR THE
PRESENTATION OF SURVIVOR
STATEMENTS**

21
Debtor.

22

23

24

25
Upon consideration of the *Motion to Schedule Status Conferences for the Presentation of*

26
*Survivor Statements* [Dkt. No. 1365] (the "**Motion**")[1] filed by the Official Committee of

27
Unsecured Creditors (the "**Committee**") of the Roman Catholic Bishop of Oakland (the

28

---
[1]  Capitalized terms used but not defined herein have the m

1   "**Debtor**"); the *Debtor's Statement in Support of Committee's Requested Order Scheduling Status*

2   *Conferences for the Presentation of Survivor Statements* [Dkt. No. 1380], including Bishop

3   Barber's request and commitment to attend the Survivor Conferences (defined below) subject to

4   the procedures set forth herein; the *Limited Opposition to the Motion for Order Scheduling Status*

5   *Conferences for the Presentation of Survivor Statements* [Dkt No. 1381]; the *Pacific Insurers'*

6   *Objection to the Committee's Motion for Order Scheduling Status Conferences for the*

7   *Presentation of Survivor Statements* [Dkt. No. 1382]; statements made on the record at the initial

8   hearing on the Motion held October 15, 2024 before this Court; the Committee's reply in further

9   support of the Motion [Dkt. No. 1415]; the sur-reply of Pacific Insurers (as defined in the Motion)

10  to the Committee's reply in further support of the Motion [Dkt. No. 1418]; statements made on the

11  record at the subsequent hearing on the Motion held October 24, 2024 before this Court; and the

12  entirety of the docket in this case to date, the Court finds, for the reasons stated by the Court on

13  the record at the October 24, 2024 hearing, that the requested relief is in the best interest of the

14  Debtor's estate and may further the Debtor's reorganization efforts to the benefit of the Debtor,

15  Survivors and other parties in interest.

16       **IT IS HEREBY ORDERED THAT:**

17       1.       The Motion is **GRANTED.**

18       2.       All objections to the Motion not already withdrawn or resolved are **OVERRULED**.

19       3.       The Court will hold two, two-hour in-person status conferences (collectively, the

20  "**Survivor Conferences**") in Courtroom 220 of the United States Bankruptcy Court, 1300 Clay

21  Street, Oakland, California 94612: the first two-hour period, from 3:00 P.M. to 5:00 P.M. (Pacific

22  Time) on November 4, 2024, and the second two-hour period, from 10:00 A.M. to 12:00 P.M.

23  (Pacific Time) on December 13, 2024, before the Honorable William Lafferty.

24       4.       No statements of any party in interest at the Survivor Conferences will be

25  considered as evidence in any matter or proceeding in this case or any other judicial or

26  administrative proceeding or as part of the official record in this case.

27       5.       The Survivor Conferences will not be transcribed by a court reporter. The Court

28  will record the audio of the Survivor Conferences, which is standard protocol for the Court and

1   necessary for the Court to preside over the Survivor Conferences; *provided, however*, that the

2   recordings of the Survivor Conferences shall not be released or transcribed unless (i) mandated by

3   law or (ii) the Debtor, the Committee, the Speaker (defined below) and the Insurers (defined in

4   **Exhibit A**) agree in writing; *provided, further, however*, that if a Speaker requests that recordings

5   of the Survivor Conferences be released or transcribed and one of the foregoing parties opposes

6   the request, the recordings of the Survivor Conferences may only be released or transcribed upon

7   entry of an order of the Court, with such order being subject to notice and a hearing.

8       6.    Any Survivor who has filed a proof of claim in the Chapter 11 Case who would like

9   to speak at a Survivor Conference (a "**Speaker**"), or their counsel, should request the opportunity

10   to do so by contacting counsel to the Official Committee of Unsecured Creditors by email

11   (Gabrielle  Albert,  Esq.  at  galbert@kbkllp.com  and  Brent  Weisenberg,  Esq.  at

12   bweisenberg@lowenstein.com) on or before October 31, 2024 for Speakers wishing to address the

13   Court on November 4, 2024 and on or before December 9, 2024 for Speakers wishing to address

14   the Court on December 13, 2024, and include the Speaker's contact information and the name (if

15   any) of their legal counsel. Please note it may not be possible to accommodate every request.

16       7.    Prior to each particular Survivor Conference, counsel to the Committee shall email

17   the Courtroom Deputy Cindy Fan, at Cindy_Fan@canb.uscourts.gov, with the names of the

18   Speakers, numbering the Speakers in order in which they are expected to speak and the estimated

19   time for each Speaker. During each Survivors Conference, Speakers will be referred to only by

20   their assigned Speaker number unless they choose to use their own names. The entire time for

21   each Survivor Conference is approximately two hours, and Speakers statements shall be limited to

22   no more than 15 minutes each.

23       8.    Apart from introductions by counsel for the Debtor and the Committee and the

24   Court, the Survivor Conferences will include only statements by the Speakers. No party in interest

25   shall be permitted to comment or respond to the Statements.

26       9.    The Court will designate a courtroom to be available for any overflow, and for

27   listen and viewing only, in the event Courtroom 220 is full. Water will be made available.

28       10.    Masks are optional for anyone in attendance.

1    11.    No recording, photographing, or use of courtroom artists will be permitted.

2    12.    Courtroom 220 will be available exclusively for the Committee and Speakers

3    beginning at (i) 1:30 P.M. (Pacific Time) on November 4, 2024 and (ii) 8:30 A.M. (Pacific

4    Time) on December 13, 2024, and opened to the public at (i) 2:00 PM. (Pacific Time) on

5    November 4, 2024 and (ii) 9:00 A.M. (Pacific Time) on December 13, 2024 for the Survivor

6    Conferences.

7                              **END OF ORDER**

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

"**Insurers**" means:

(i)     American Home Assurance Co.

(ii)    California Insurance Guarantee Association, a state entity, and

(iii)   Catalina Worthing Insurance Ltd F/K/A HFPI (As Part VII Transferee of Excess Insurance Co. Ltd.)

(iv)    Certain Underwriters At Lloyd's, London, Subscribing Severally And Not Jointly To Slip Nos. Cu 1001 And K 66034 Issued To The Roman Catholic Archbishop Of San Francisco, And Nos. K 78138 And Cu 3061 Issued To The Roman Catholic Bishop Of Oakland

(v)     Companhia de Seguros Fidelidade SA F/K/A Fidelidade Insurance Company of Lisbon, Subscribing to Slip No. K 78138 Issued to the Roman Catholic Bishop of Oakland

(vi)    Continental Casualty Company

(vii)   Dominion Insurance Company Limited

(viii)  English & American Insurance Company Limited

(ix)    Insurance Company Of North America

(x)     Lexington Insurance Co.

(xi)    London and Overseas Insurance Company Limited

(xii)   Ocean Marine Insurance Company Limited (As Part VII Transferee of the World Auxiliary

(xiii)  Insurance Corporation Limited

(xiv)   Orion Indemnity Company

(xv)    Pacific Employers Insurance

(xvi)   Pacific Indemnity

(xvii)  R&Q Gamma Company Limited (as Part VII Transferee of Anglo French Ltd.)

(xviii) River Thames Insurance Company Limited

1

(xix)   Travelers Casualty & Surety Company F/K/A Aetna Casualty & Surety Company

2

(xx)    United States Fire Insurance

3

(xxi)   Westchester Fire Insurance Company

4

(xxii)  Westport Insurance Corporation

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COURT SERVICE LIST**

1

2    All ECF parties

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT H

I

118TH CONGRESS
2D SESSION

# H. R. 8077

To amend title 11 of the United States Code to address misuse of bankruptcy
proceedings in cases of child sex abuse, and for other purposes.

---

## IN THE HOUSE OF REPRESENTATIVES

APRIL 18, 2024

Ms. ROSS (for herself and Ms. TENNEY) introduced the following bill; which
was referred to the Committee on the Judiciary

---

# A BILL

To amend title 11 of the United States Code to address
misuse of bankruptcy proceedings in cases of child sex
abuse, and for other purposes.

1    *Be it enacted by the Senate and House of Representa-*

2  *tives of the United States of America in Congress assembled,*

3  **SECTION 1. SHORT TITLE.**

4    This Act may be cited as the "Closing Bankruptcy

5  Loopholes for Child Predators Act of 2024".

6  **SEC. 2. AMENDMENTS.**

7    (a) AMENDMENTS.—Title 11, United States Code, is

8  amended—

9        (1) in section 101—

2

1          (A) by redesignating paragraphs (51B),

2      (51C), and (51D) as paragraphs (51C), (51D),

3      and (51E), respectively, and

4          (B) by inserting after paragraph (51A) the

5      following:

6          "(51B) The term 'sexual abuse of a child'

7      means any act that—

8           "(A) constitutes a violation of—

9             "(i) section 1589, 1590, 1591,

10          2241(c), 2242, 2243, 2251, 2251A, 2252,

11          2252A, 2260, 2421, 2422, or 2423, 2258,

12          or 2258A, of title 18;

13             "(ii) section 20341 of title 34; or

14             "(iii) a non-Federal law that is similar

15          to a law described in clause (i);

16          "(B) by reason of the conduct prohibited,

17      a person who, while a minor, was aggrieved.";

18      (2) by amending section 1109(c) to read as fol-

19      lows:

20      "(c) A party in interest, including the debtor, the

21  trustee, a creditors' committee, an equity security holders'

22  committee, a creditor, an equity security holder, or any

23  indenture trustee, may raise and may appear and be heard

24  on any issue in a case under this chapter. In any case

25  in which a claim is filed against the debtor arising out

3

1  of the alleged sexual abuse of a child, the court shall hold

2  a conference within 60 days of the deadline by which

3  proofs of claim must be filed to consider victim impact

4  statements.

5      "(d) The sole purpose of victim impact statements

6  shall be to increase engagement and understanding be-

7  tween the bankruptcy court and victims or survivors of

8  child sexual assault. To encourage candor, and thus en-

9  hance the utility of victim impact statements, the informa-

10  tion provided through victim impact statements is not, and

11  shall not be used as, evidence by any person in the case.",

12          (3) in section 1101—

13              (A) by in paragraph (2) by striking the pe-

14          riod at the end and inserting "; and", and

15              (B) by adding at end the following:

16  "(3) "victim impact statement" means a voluntary

17  written, oral, video, or audio statement, submitted to, or

18  presented to the court in the name of the victim or under

19  a pseudonym, describing the emotional, physical, familial,

20  or financial impact suffered as a result of the sexual abuse

21  of the victim who is a creditor of the debtor in a chapter

22  11 proceeding.",

23          (4) in section 541 by adding at end the fol-

24          lowing:

4

1       "(g) In all cases regarding debts or other financial

2   liability arising from allegations of sexual abuse of a child,

3   involving debtors that are organizations described in sec-

4   tion 501(c)(3) of the Internal Revenue Code of 1986 and

5   exempt from tax under section 501(a) of such Code, the

6   Court shall engage the services of an independent forensic

7   accountant to review the assets and interests of such debt-

8   or, and any nondebtor sought to be released from liability

9   in a proposed reorganization plan, and require preparation

10   of a report to assist the Court with ensuring that such

11   assets and interests are properly included or excluded

12   from the estate.",

13       (5) in section 107—

14           (A) in subsection (b) by adding at the end

15               the following:

16   "This subsection shall not apply to cases regarding debts

17   or other financial liability arising from potential liability

18   stemming from allegations of sexual abuse of a child ex-

19   cept to the extent necessary to protect the identity and

20   personal information of the person(s) alleging that they

21   were abused unless the alleged offender is found innocent

22   of abuse in a court of law.",

23           (B) by amending subsection (d) to read as

24               follows:

5

1     "(d) Except no court order shall seal any evidence

2  of alleged crimes relating to the sexual abuse of a child

3  other than to protect the identity and personal information

4  of the person(s) alleging that they were abused unless the

5  alleged offender is found innocent of abuse in a court of

6  law.",

7          (6) in section 362(b)(2)(A)—

8              (A) in clause (iv) by striking "or" at the

9          end,

10             (B) in clause (v) by adding "or" at the

11         end, and

12             (C) by adding at end the following:

13                 "(vi) concerning the sexual abuse of a

14                 child or related claims;",

15         (7) in section 524(g)(2)(B)(i) by inserting "or

16  relating to the sexual abuse of a child" before the

17  semicolon at the end,

18         (8) in section 1111 by adding at the end the

19  following:

20     "(c) Claims relating to sexual abuse of a child are

21  deemed timely filed regardless of and notwithstanding the

22  state statute of limitation otherwise applicable to the

23  claim.", and

24         (9) in section 1181 by adding at the end the

25  following:

6

1    "(d) PROHIBITION ON CLAIMS RELATED TO CHILD

2  SEXUAL ABUSE.—Notwithstanding any provision of law

3  to the contrary, no subchapter 5 filings shall be permitted

4  for claims arising from or related to child sexual abuse.".

5    (b) CLERICAL AMENDMENT.—The table of sections

6  for chapter 1 of title 11, United States Code, is amended

7  by adding at the end the following:

"113. Suspension of stay without consent.".

8  **SEC. 3. AMENDMENTS TO THE FEDERAL RULES OF BANK-**

9       **RUPTCY PROCEDURE.**

10    The Federal Rules of Bankruptcy Procedure (11

11  U.S.C. app.) are amended—

12       (1) in rule 2004—

13           (A) by amending subsection (b) to read as

14       follows:

15  "(b) Scope of Examination

16    "The examination of an entity under this rule or of

17  the debtor under §343 of the Code may relate only to the

18  acts, conduct, or property or to the liabilities and financial

19  condition of the debtor, or to any matter which may affect

20  the administration of the debtor's estate, or to the debtor's

21  right to a discharge. In a family farmer's debt adjustment

22  case under chapter 12, an individual's debt adjustment

23  case under chapter 13, or a reorganization case under

24  chapter 11 of the Code, other than for the reorganization

25  of a railroad, the examination may also relate to the oper-

7

1 ation of any business and the desirability of its continu-

2 ance, the source of any money or property acquired or to

3 be acquired by the debtor for purposes of consummating

4 a plan and the consideration given or offered therefor, and

5 any other matter relevant to the case or to the formulation

6 of a plan. In a reorganization case under chapter 11 of

7 the Code related to the alleged sexual abuse of a child,

8 the examination shall also relate to the abuse allegations

9 against the debtor and any affiliated entity, remedial poli-

10 cies and responses to those allegations, information on the

11 debtor or an affiliated entity's finances and financial pro-

12 jections, and any other matter relevant to the case or to

13 the formulation of a plan.'', and

14           (B) by amending subsection (c) to read as

15      follows:

16    ''(c) Compelling Attendance and Production of Docu-

17 ments or Electronically Stored Information

18      ''The attendance of an entity for examination and to

19 produce documents or electronically stored information,

20 whether the examination is to be conducted within or with-

21 out the district in which the case is pending, may be com-

22 pelled as provided in Rule 9016 for the attendance of a

23 witness at a hearing or trial. As an officer of the court,

24 an attorney may issue and sign a subpoena on behalf of

25 the court where the case is pending if the attorney is ad-

8

1 mitted to practice in that court. In a reorganization case

2 under chapter 11 of the Code related to the alleged sexual

3 abuse of a child, debtor attendance for examination and

4 the production of documents or electronically stored infor-

5 mation is required.'', and

6       (2) in rule 9018 by adding at the end the fol-

7     lowing:

8 ''In no respect shall any court order seal any evidence of

9 alleged crimes relating to the sexual abuse of a child other

10 than to protect the identity and personal information of

11 the person(s) alleging that they were abused unless the

12 alleged offender is found innocent of abuse in a court of

13 law.''.

○