## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF VERMONT

In re:

Roman Catholic Diocese of Burlington, Vermont,[1]

        Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

### DIOCESE'S APPLICATION FOR ORDER UNDER 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a), AND LOCAL RULE 2014-1 AUTHORIZING EMPLOYMENT OF POMERLEAU REAL ESTATE AS REAL ESTATE BROKER

The Roman Catholic Diocese of Burlington, Vermont (the "Diocese") hereby applies for an order pursuant to 11 U.S.C. § 327(a) authorizing the employment of Pomerleau Real Estate ("Pomerleau") as a real estate broker for the Diocese.  In support of this Application, the Diocese relies on the separately filed Declaration of Kendra Kenney in Support of the Diocese's Application for Order Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a), and Local Rule 2014-1 Authorizing Employment of Pomerleau Real Estate as Real Estate Broker (the "Kenney Declaration"), which is incorporated herein by reference, and respectfully represents as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of this case and this Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Diocese's address is 55 Joy Drive, South Burlington, Vermont 05403, and its Employer Identification Number (EIN) is 03-0180730.

2.      This Application arises under 11 U.S.C. § 327 and Fed. R. Bankr. P. 2014.  This Application is filed under Local Rule 2014-1. The Diocese seeks an order authorizing the employment of Pomerleau as a real estate broker.

## BACKGROUND

3.      The Diocese filed a voluntary petition for relief on September 30, 2024 (the "Petition Date"), pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and requires a real estate broker in this case.

4.      The Diocese continues to maintain operations as a debtor in possession pursuant to 11 U.S.C. §§ 1107. Further background information regarding the Diocese may be found in the Affidavit of Bishop John J. McDermott in Support of Initial Pleadings and Pursuant to Local Rule 1007-1. (ECF No. 13.)

5.      The Diocese owns a number of real estate parcels.  The Diocese wishes to employ Pomerleau to assist in selling certain real estate located at 59 Meadow Street, Rutland, Vermont 05701 (the "Loretto Home").

6.      The Diocese originally engaged Pomerleau to assist with the sale of the Loretto Home on or around April 1, 2024. Details regarding Pomerleau's prepetition sale efforts are included in the Kenney Declaration. Efforts to sell the Loretto Home were paused when the Diocese filed this bankruptcy case.

7.      However, sale efforts are starting to resume, and a buyer has been identified that is interested in purchasing the Loretto Home.  By continuing to engage Pomerleau, the Diocese aims to maximize the property's full value.

8.      As identified in the Exclusive Sale Listing Agreement[2] between the Diocese and Pomerleau, the Diocese agrees to pay Pomerleau 6% of the Gross Sale Price as its commission for the sale of the Loretto Home.[3]

## RELIEF REQUESTED

9.      By this Application, the Diocese seeks entry of an order under 11 U.S.C. § 327(a) Fed. R. Bankr. P. 2014, and Local Rule 2014-1 authorizing the employment Pomerleau as a real estate broker for the Diocese.

10.     Under Local Rule 2014-1(b)(3) "[u]nless otherwise ordered by the Court, no hearing is necessary" on an application to employ a professional. Pursuant to Local Rule 2014-1(b)(3), the Diocese requests that the Court grant this Application without a hearing.

## BASIS FOR RELIEF

11.     The Diocese wishes to retain and employ Pomerleau to provide real estate broker services to the Diocese.

12.     Pomerleau's office address is 69 College Street, Burlington, Vermont 05401 and its phone number is 802-863-8210.

13.     Pomerleau is an experienced commercial real estate company, familiar with the area and one of the largest full-service real estate firms in Vermont. Pomerleau's professionals are qualified to provide real estate broker services to the Diocese.

---

[2] The current agreement expired on April 1, 2025. However, the Diocese and Pomerleau intend to renew the agreement upon similar terms.

[3] Pomerleau then has a Cooperating Agency Agreement with Chris Fucci Associates, Ltd. under which Pomerleau agrees to split all fees paid to Pomerleau on a 50%-50% basis if a ready, willing, and able buyer is found and a purchase agreement is executed.

14.     If the Diocese is unable to retain Pomerleau as its real estate broker, the Diocese and its creditors will be prejudiced because the Diocese will be unable to avail itself of the services of experienced and knowledgeable professionals it deems best suited to serve its needs. Pomerleau's expertise will help provide a seamless sale transaction and safeguard the interests of the estate.

15.     For all the foregoing reasons, the Diocese believes that employing Pomerleau is in the best interest of the estate.

## SERVICES TO BE RENDERED

16.     Specifically, Pomerleau will assist with the marketing and sale of the Loretto Home subject to this Court's approval. Pomerleau will receive a commission for its services if the Loretto Home is successfully sold.

17.     The Diocese believes that the services will not duplicate the services that other professionals will be providing to the Diocese in this case. All the Diocese's professionals, including Pomerleau and the Diocese's lead and local Chapter 11 counsel, will use reasonable efforts to coordinate with the Diocese and other professionals to avoid the unnecessary duplication of services.

## DISINTERESTEDNESS OF PROFESSIONAL

16.     As more particularly described in the Kenney Declaration, Pomerleau conducted a conflict check and due inquiry regarding its relations with the Diocese, and as identified to Pomerleau, with the Diocese's non-confidential creditors and other material parties in interest, and the Office of the United States Trustee, to determine whether Pomerleau has any conflicts or other relationships that might bear on its employment.

17.     Based upon the conflict check and due inquiry, Pomerleau advised the Diocese that neither Pomerleau nor any professional employee of Pomerleau has any connection with, or holds any interest adverse to, the Diocese, its non-confidential creditors, other material parties in interest, or the Office of the United States Trustee, in matters for which Pomerleau is proposed to be employed, except as disclosed in the Pomerleau Declaration. Pomerleau is not a creditor of the Diocese.

18.     The Diocese has reviewed the Kenney Declaration and believes that, except as disclosed in the Kenney Declaration, Pomerleau and its employees do not hold or represent any interest adverse to the Diocese or the Diocese's estate with respect to the matters for which Pomerleau will provide services in this case and do not have any connection with the Diocese, its non-confidential creditors, or any other material parties in interest.

19.     The Diocese submits that the employment of Pomerleau on the terms and conditions set forth in this Application is in the best interest of the Diocese, its creditors, and all parties in interest.

## NOTICE

20.     Notice of this Application has been provided to the Office of the United States Trustee pursuant to Fed. R. Bankr. P. 2014 and Local Rule 2014-1.  Additional noticing will be provided if and to the extent directed by the Court pursuant to Local Rule 2014-1(b).

## NO PRIOR REQUEST

21.     No prior application for the relief requested in this Application has been made to this Court or any other court.

**WHEREFORE**, the Diocese requests entry of an order approving the employment of Pomerleau as a real estate broker for the Diocese and granting such other and further relief as is just and proper.

Dated: April 11, 2025

ROMAN CATHOLIC DIOCESE OF
BURLINGTON, VERMONT

The Most Reverend John Joseph McDermott
Bishop of the Roman Catholic Diocese of
Burlington, Vermont

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

In re:

Roman  Catholic  Diocese  of  Burlington,         Case No.: 24-10405-HZC
Vermont,                                           Chapter 11 Case

                    Debtor.

**DECLARATION OF KENDRA KENNEY IN SUPPORT OF DIOCESE'S**
**APPLICATION FOR ORDER UNDER 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a),**
**AND LOCAL RULE 2014-1 AUTHORIZING EMPLOYMENT OF POMERLEAU REAL**
**ESTATE AS REAL ESTATE BROKER**

I, Kendra Kenney, make the following declaration in support of the application filed by the Roman Catholic Diocese of Burlington, Vermont  (the "Diocese") to employ Pomerleau Real Estate ("Pomerleau") as the Diocese's real estate broker:

1.       I am a managing partner and principal broker at Pomerleau.

2.       Pomerleau originally took the listing for 59 Meadow Street, Rutland, Vermont 05701 (the "Loretto Home") back in April 2024. Pomerleau initially listed the property for $2,250,000, but has since dropped the price to $1,950,000. At the time Pomerleau listed the property for sale, it also posted the property on its website, Pomerleau Real Estate, the MLS, Costar, Loopnet and Crexi. Pomerleau created a specific marketing package, which is attached hereto as **Exhibit A**. Pomerleau has run numerous email campaigns via Constant Contact, its in-house email blast system that reaches over 5,000 clients, contacts and investors both locally and nationally. It has run multiple print advertisements in Seven Days Magazine and other local publications.

3.       Attached as **Exhibit B** hereto is a true and correct copy of the Exclusive Sale Listing Agreement between Pomerleau and the Diocese for the sale of the Loretto Home. The current

agreement expired on April 1, 2025. However, the Diocese and Pomerleau intend to renew the agreement upon similar terms. The services rendered or to be rendered by Pomerleau will be completed at a commission rate of 6% of the Gross Sale Price.[4]

4.      No employee of Pomerleau has ever been an officer or director of the Diocese, and no member of Pomerleau is an insider of the Diocese.

5.      Pomerleau maintains a client database and has established internal practices and procedures to ensure that its representation of the Diocese complies with the relevant rules of professional conduct. Pomerleau searched its conflicts database against a list of the Diocese's non-confidential creditors as of April 1, 2025.  Pomerleau is aware that the Diocese has other regular vendors that may or may not have small claims for which they have not billed the Diocese and therefore do not show up on the list of current creditors. Pomerleau will promptly supplement this Declaration in the future when and if other creditors become known.

6.      Based on the results of the above-referenced conflict check, and to the best of my knowledge, neither I nor Pomerleau have represented or had any connection with the Diocese, its officers and directors, its creditors, the United States Trustee, or any other person employed by the Office of the United States Trustee within the meaning of Fed. R. Bankr. P. 2014, except as stated below:

    a.  Byes.co (manages Pomerleau's website);

    b.  Casella Waste Systems, Inc. (works with property management);

---

[4] Pomerleau then has a Cooperating Agency Agreement with Chris Fucci Associates, Ltd. under which Pomerleau agrees to split all fees paid to Pomerleau on a 50%-50% basis if a ready, willing and able buyer is found and a purchase agreement is executed. Chris Fucci has conducted over  20 on-site showings and meetings. Additionally, he has met with town officials a number of times to better understand development regulations and best uses for the property. He has also assisted with architects and inspections needing access to the property.

c.  Chittenden Solid Waste District (works with property management);

d.  City of Burlington – Water Resources Division (works with property management);

e.  City of South Burlington – Vermont Water Department (works with property management);

f.  Comcast and Comcast Business (send business leads);

g.  Gravel & Shea, P.C. (worked with Pomerleau over the years);

h.  Green Mountain Power (property management);

i.  Langrock, Sperry, and Wool (worked with Pomerleau over the years);

j.  Passumpsic Savings Bank (negotiated sale in 2025, but purchase did not progress);

k.  Pawprints (business card provider);

l.  Roman Catholic Diocese of Burlington, Vermont (previously provided property valuation services); and

m.  Vermont Gas Systems, Inc. (property management).

7.      There may be other persons within the scope of Fed. R. Bankr. P. 2014 that, unknown to me, Pomerleau has represented in particular matters in the past. We agree not to represent such persons who are creditors or other parties in interest in this case while representing the Diocese, without further disclosure. Pomerleau agrees to update the disclosure information from time to time if and when additional parties with an interest in, or a relationship with, the Diocese are identified by the Diocese, in writing, to Pomerleau.

3.      Except as the Court may determine from the circumstances disclosed above, Pomerleau does not hold or represent any interest adverse to the estate, and Pomerleau is a "disinterested person" within the meaning of 11 U.S.C. § 327(a).

4.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct to the best of my knowledge and belief.

Dated: April 11, 2025                    *Kendra Kenney*        4/11/2025
                                         _____
                                         Kendra Kenney

## **EXHIBIT A**

# For Sale

**59 Meadow Street, Rutland, Vermont**





## 20,341 SF Commercial Building For Sale











FOR MORE INFORMATION, CONTACT:

## Kendra Kenney

**O: 802 863 8218** | **M: 802 881 6776** | **kkenney@vermontrealestate.com**

**vermontrealestate.com**

COMMERCIAL BROKERAGE | DEVELOPMENT | PROPERTY MANAGEMENT

# For Sale

**59 Meadow Street, Rutland, Vermont**




## PRICE REDUCTION!!

**PRICE:**    **$1,950,000.00**

**SIZE:**    **20,341 SF**

Welcome to the Loretto Home, a captivating 20,000 SF historic brick building located in the vibrant heart of Rutland, Vermont. This distinguished property, formerly a senior living facility owned by the Roman Catholic Diocese, offers a unique blend of historic charm and modern potential.

Nestled on 1.33 acres of beautifully landscaped grounds, the Loretto Home stands as a testament to architectural elegance and timeless design.

Located in the bustling downtown area, the Loretto Home is perfectly positioned to benefit from Rutland's rich community life and economic opportunities. Its proximity to local shops, restaurants, and cultural attractions makes it an ideal location for both commercial and residential endeavors.



Whether envisioned as a boutique hotel, a cultural center, office space, or a mixed-use development, the Loretto Home provides endless possibilities for transformation while retaining its historic essence.

Embrace the opportunity to own a piece of Rutland's history. This extraordinary property is not just a building; it's a legacy, ready to be reimagined for future generations. Contact us today to explore the potential of this historic treasure in the heart of downtown Rutland.



FOR MORE INFORMATION, CONTACT:

**Kendra Kenney**

**O:** 802 863 8218  |  **M:** 802 881 6776  |  kkenney@vermontrealestate.com

**vermontrealestate.com**

COMMERCIAL BROKERAGE  |  DEVELOPMENT  |  PROPERTY MANAGEMENT

# For Sale

**59 Meadow Street, Rutland, Vermont**




## Building Description

| Building Information | |
|---|---|
| Size | 20,341 SF |
| Acreage | 1.33 |
| Zone | Mixed Residential |
| SPAN | 540-170-20041 |
| Parcel ID | 20041 |
| Taxes (2024) | TBD Upon Sale |
| Water/Sewer | Municipal |
| HVAC | Oil Fired, Hot Water & Steam New baseboard in portions of the building. |
| Construction | Wood Frame – Brick Wall |
| Foundation | Brick Stone |
| Roof | Asphalt Shingle & Rubber Membrane. Fully renovated in 2022. |
| Year Built | 1903 Rebuilt 1955 |





FOR MORE INFORMATION, CONTACT:

**Kendra Kenney**
O: 802 863 8218  |  M: 802 881 6776  |  kkenney@vermontrealestate.com

**vermontrealestate.com**

COMMERCIAL BROKERAGE | DEVELOPMENT | PROPERTY MANAGEMENT

# For Sale

**59 Meadow Street, Rutland, Vermont**




## Building Description

| Building Information | |
| --- | --- |
| Parking | Paved parking in rear of building. Estimated 40-50 Cars with improvements to site. |
| Road Frontage | Yes – Meadow Street |
| Loading Dock | 0 |
| Drive-In Door | 0 |
| Sprinklered | Yes – Dry System |
| Bathrooms | 15 |







FOR MORE INFORMATION, CONTACT:

**Kendra Kenney**

O: 802 863 8218  |  M: 802 881 6776  |  kkenney@vermontrealestate.com

**vermontrealestate.com**

COMMERCIAL BROKERAGE | DEVELOPMENT | PROPERTY MANAGEMENT

# For Sale

**59 Meadow Street, Rutland, Vermont**




## Photos











FOR MORE INFORMATION, CONTACT:

**Kendra Kenney**

**O:** 802 863 8218   |   **M:** 802 881 6776 |   kkenney@vermontrealestate.com

**vermontrealestate.com**

COMMERCIAL BROKERAGE | DEVELOPMENT | PROPERTY MANAGEMENT

# For Sale
**59 Meadow Street, Rutland, Vermont**




Kendra Kenney
802.863.8218


Chris Fucci
802.236.4224


Keith Eddy
802.353.8133

**Pomerleau Real Estate**
69 College Street
Burlington, VT 05401

*In partnership with:*



*Information herein is believed to be accurate but is not warranted. All figures and information should be independently confirmed. This flyer is not a legally binding offer to sell or lease property. Please seek competent legal and financial advice. Pomerleau Real Estate represents the owner in this transaction.*




FOR MORE INFORMATION, CONTACT:
**Kendra Kenney**
**O:** 802 863 8218  |  **M:** 802 881 6776  |  kkenney@vermontrealestate.com

**vermontrealestate.com**
COMMERCIAL BROKERAGE | DEVELOPMENT | PROPERTY MANAGEMENT

## **EXHIBIT B**



## EXCLUSIVE SALE LISTING AGREEMENT

Pomerleau Real Estate Company ("**Agent**") and ROMAN CATHOLIC DIOCESE ("**Owner**") enter this Exclusive Sale Listing Agreement effective on April 15, 2024 and expiring at midnight on April 1, 2025 (the "Expiration Date").

*Property Location: 59 Meadow Street, Rutland, Vt;*
*hereafter the "Property."*

**1.**     ***Owner's Representations.***  **Owner** warrants that *she/he/it/they is/are* the owner*[s]* of record of the Property or otherwise *has/have* the authority to execute this Agreement.  **Owner** shall, upon the sale of the Property at a price of **TBD** or at any other price acceptable to **Owner**, pay to **Agent** the Fee as set forth below in *Section 3*.  **Owner** warrants the accuracy of any information furnished to **Agent** with respect to the Property and agrees to hold **Agent** harmless from any liability or damages arising from any incorrect information provided to **Agent** by **Owner** or arising from any information or fact that **Owner** has failed to divulge to **Agent**.  **Owner** agrees to direct all inquiries concerning the Property to **Agent** during the period of this Agreement.

**2.**     ***Grant of Authority to Agent; Agent Disclosures.***  **Owner** authorizes **Agent** to list the Property for sale or exchange, to advertise, show and market the Property, to place and maintain a sign upon the Property as **Agent** deems appropriate, to negotiate for offers on the Property and to present all offers, whether oral or written, to **Owner** up to and including the Expiration Date of this Agreement.  The decision to accept any purchaser's offer that may be presented is **Owner's** exclusive decision, **Agent** has no authority to accept or agree to any offer on **Owner's** behalf.  **Owner** authorizes **Agent** to collect and hold for **Owner's** benefit any funds deposited to secure obligations of any purchaser with respect to any purchase and sale agreement. **Agent** generally provides brokerage services to both buyers and sellers.  **Agent** is a *Designated Agent* as such term is defined under the Rules of the Vermont Real Estate Commission.  **Owner** further agrees that if the purchaser defaults in the performance of its obligations under an agreement to purchase the Property, and if pursuant to the terms of such agreement any deposits become **Owner's** property as liquidated damages, such deposit shall then be divided equally between **Owner** and **Agent**, **Agent** portion not to exceed $10,000.

**3.**     ***Fee for Agent's Services.***  The fee that **Owner** shall pay to **Agent** shall be calculated pursuant to the following Fee Schedule, and shall be based upon the entire consideration paid to Owner, however allocated or accounted for, and shall be deemed earned and payable at the time of closing (the "Fee"):

*FEE SCHEDULE*

| | |
|---|---|
| *Commercial Building Sale* | *6% of Total Gross Selling Price if Property is formally brought to market.* |
| *Commercial Building Private Sale* | *5% of Total Gross Selling Price – if property is sold to the private group that has already approached the Diocese with an offer. 5% owed if Buyers have a real estate representative.* |
| *Commercial Building Private Sale* | *4% Total Gross Selling Price – if property is sold to the private group that has already approached the Diocese* |

1

*with an offer. 4% owed if Buyers do not have a real estate representative.*

*Minimum Fee*                    *$5,000*

(a)      **Owner** agrees to pay **Agent** the Fee if, during the term of this Agreement:

(i)      the Property is sold or exchanged, whether by **Owner** or by or through any other person or entity.

(ii)      **Owner** enters into an agreement for the sale or exchange of the Property and all closing contingencies to be performed by the purchaser under such agreement are satisfied, whether or not **Owner** closes under such agreement.

(iii)      **Agent** presents an offer at or above the price stated herein or at any other price established during the term of this Agreement with no closing contingencies and that provides for a closing within a reasonable period of time from the date of the offer, whether or not **Owner** accepts that offer.

(b)      **Owner** agrees to pay **Agent** the Fee if, within one year after the Expiration Date or earlier termination of this Agreement, **Owner** has not entered into a valid, bona fide exclusive right to market agreement with another agent or broker and:

(i)      **Owner** sells, exchanges, closes upon or agrees to sell the Property, directly or indirectly, to anyone who has made an oral or written offer to purchase the Property through Agent.

(ii)      **Owner** directly or indirectly enters into a purchase and sale contract, sells, exchanges or closes on the sale or exchange of the Property and **Agent's** efforts are the foundation upon which the negotiations are begun that result in such contract, sale, exchange or closing, and **Agent** has provided in writing to **Owner** within 10 days of the expiration or sooner termination of this Agreement the name of such purchaser or purchaser's affiliates in the contract, purchase or exchange.

(c)      Owner agrees to pay Agent the Fee at the time of sale or exchange, with no limitation as to time period, if the Property is sold or exchanged pursuant to an option to purchase, right of first refusal or other comparable provision that is granted by **Owner** with the lease of the Property during the term of this Agreement

(d)      **Owner** agrees to pay **Agent** the Fee if the Property is currently subject to a right of first refusal or option to purchase and is sold to the holder of the right of first refusal or option to purchase as a result of **Agent** presenting **Owner** with an offer to purchase the Property or as a result of any other marketing efforts by **Agent**.

**4.**      ***Listing Service, Co-Brokers.*** It is understood that **Agent** is a member of the NAR, NVRA, CCREA, Site Source, and the Multiple Listing Service of N.V.B.R., Inc., and,  with **Owner's** permission, **Agent** may file the listing with said organizations to be referred to its members, and that such members will act in accordance with this agreement, and Agent is also authorized to co-broker the Property on said terms with any licensed Broker. In the event a sale is made by said co-broker, all of the terms of this Agreement shall apply to such transaction.

**5.**      ***Agent is not an Attorney.***  During the term of this Agreement, **Agent** may discuss or propose specific purchase and sale or lease terms with **Owner** concerning the Property. **Owner** acknowledges that **Agent** is not an attorney and, therefore, is not passing upon the legal sufficiency of any purchase and sale or lease agreement or any terms therein. **Owner** should have their attorney review any such agreement, prior to execution, to determine whether it is legally sufficient.

THIS IS A LEGALLY BINDING CONTRACT.  IF NOT UNDERSTOOD, SEEK COMPETENT ADVICE.
The undersigned each acknowledge that they have read, understood and agree to the terms and conditions of this
Agreement, and have received a copy hereof.

*Signature page follows.*

OWNER:                                              AGENT:
ROMAN CATHOLIC DIOCESE                              Pomerleau Properties, Inc.
*Peter Beauregard, Dir of Properties*               d/b/a Pomerleau Real Estate Company


By: _____                         By: *Kendra Kenney* _____
Date: _____ 4/11/24                            Date: 4/15/2024

3

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

---

In re:

Roman Catholic Diocese of Burlington,
Vermont,

             Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

---

**ORDER UNDER 11 U.S.C. § 327(a), FED. R. BANKR. P. 2014(a), AND LOCAL RULE 2014-1 AUTHORIZING EMPLOYMENT OF POMERLEAU REAL ESTATE AS REAL ESTATE BROKER FOR THE DIOCESE**

---

Upon consideration of the Application for Order Under 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a), and Local Rule 2014-1 Authorizing Employment of Pomerleau Real Estate as Real Estate Broker (the "Application") (doc. #__) filed by the Roman Catholic Diocese of Burlington, Vermont (the "Diocese"); and upon consideration of the declaration of Kendra Kenney in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Diocese's estate, the Diocese's creditors and other parties in interest; and the Diocese having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.     The Application is **GRANTED** as set forth herein.

2.       The Diocese is authorized to retain Pomerleau Real Estate as the Diocese's real estate broker for the marketing and sale of certain real estate located at 59 Meadow Street, Rutland, Vermont 05701 (the "Loretto Home").

3.       The commission to ultimately be paid to Pomerleau by the Diocese shall be disclosed in any motion for order authorizing the sale of the Loretto Home.

4.       Pomerleau and the Diocese are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

5.       The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6.       Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall be immediately effective and enforceable upon its entry.

Dated:
Burlington, Vermont                                _____
                                                   Heather Z. Cooper
                                                   United States Bankruptcy Judge