UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VERMONT

Filed & Entered
On Docket
05/15/2025

In re:

Roman Catholic Diocese of Burlington, Vermont,

    Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

## ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN ACCRUED AND OUTSTANDING PENSION, BENEFITS, AND RELATED AMOUNTS FOR RETIRED PRIESTS IN THE ORDINARY COURSE

    This matter came before the Court on the Emergency Motion for an Order (I) Authorizing the Debtor to Pay Accrued and Outstanding Prepetition Employee Compensation, Benefits, and Related Amounts and (II) Authorizing the Debtor to Maintain Existing Payroll Services (doc. # 8) (the "Motion") filed by Debtor on September 30, 2024. The Court granted interim relief on the Motion (docs. ## 70, 126, 181) and subsequently bifurcated the Motion at the request of Debtor and the Official Committee of Unsecured Creditors (the "Committee") to specifically reserve a final determination on payment of pension, benefits, and related amounts for certain retired priests in the ordinary course (doc. # 126). After additional hearings and briefing, Debtor and the Committee continued to disagree as to whether certain benefits and related amounts paid to credibly accused priests should be allowed. The Court extended the interim order and scheduled a hearing for May 13, 2025 to address the disagreement (doc. # 181).

    The Court held the hearing on May 13, 2025 at which all parties appeared but no resolution was reached. What remains central to the disagreement is whether the pension funds at issue constitute property of the bankruptcy estate. At the May 13, 2025 hearing, Debtor and the Committee proposed to resolve the outstanding issue through an adversary proceeding seeking

declaratory judgment. The Court **FINDS** that an adversary proceeding is necessary to determine Debtor's interest in the pension funds pursuant to Federal Rule of Bankruptcy Procedure 7001, and it is appropriate to allow Debtor to continue to pay certain accrued and outstanding pension, benefits, and related amounts for retired priests, including but not limited to, those who have been credibly accused, pending an ultimate determination of the extent of Debtor's interest in the pension funds through an adversary proceeding. Based upon the foregoing, it is **HEREBY ORDERED** that:

1. The Motion is **GRANTED**.

2. Debtor is authorized to continue administering the Benefits Plans, as described and defined in the Motion, in the ordinary course of business; (b) continue making all payments on account of such benefits; (c) continue to pay any claims and administrative fees related thereto; and (d) pay any and all such amounts to the extent they remain unpaid on the Petition Date subject to the limit set forth in 11 U.S.C. § 507(a)(4), for any retired priests.

3. Debtor shall maintain accurate records of all transfers and transactions relating to the Benefits Plans so that all postpetition transfers and transactions shall be adequately and promptly documented in its books and records, to the same extent by Debtor before the Petition Date.

4. The Banks are authorized to accept and honor all representations from Debtor regarding which checks, drafts, wires or ACH transfers should be honored or dishonored consistent with any order of this Court, whether such checks, drafts, wires or ACH transfers are dated prior to, on, or subsequent to the Petition Date; provided, however, that to the extent Debtor directs the Banks to dishonor any disbursements or the Banks inadvertently dishonor any disbursements, Debtor may issue replacement disbursements consistent with the orders of this Court. The Banks

shall not be liable to any party on account of: (a) following Debtor's instructions or representations as to any order of this Court; (b) honoring any prepetition check or item in a good faith belief that this Court has authorized such prepetition check or item to be honored; or (c) an innocent mistake made despite implementation of reasonable item-handling procedures.

5. Debtor is hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order.

6. The requirements of Bankruptcy Rule 6004(a) and (h) are waived; this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this order.

May 15, 2025
Burlington, Vermont

*/s/ Heather Z. Cooper*
Heather Z. Cooper
United States Bankruptcy Judge