**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| In re: | |
| Roman Catholic Diocese of Burlington, Vermont, | Case No.: Case No.: 24-10205-HZC<br>Chapter 11 Case |
| Debtor. | |

**ORDER REFERRING PARTIES TO GLOBAL MEDIATION, APPOINTING MEDIATORS, AND GRANTING RELATED RELIEF**

This matter came before the Court on the Motion for Entry of an Order Referring Parties to Global Mediation, Appointing Mediators, and Granting Related Relief (ECF No. 303) (the "Motion") filed by the Roman Catholic Diocese of Burlington, Vermont (the "Diocese"), at the consent of the Official Committee of Unsecured Creditors, and through the statements of counsel and evidence adduced with respect to the Motion at the hearing on June 6, 2025 (the "Hearing"). The Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided pursuant to Local Rule 9013-3; (v) notice of the Motion and the Hearing was sufficient under the circumstances; and (vi) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due consideration, the Court finds that the relief, as requested in the Motion is in the best interests of the Diocese, its estate, and its creditors. Therefore, for good cause shown, **IT IS HEREBY ORDERED THAT**:

1.  The Motion is **GRANTED** as set forth in this Order. All terms not specifically defined herein have the meaning provided in the Motion.

2.  Mediation Parties. The Mediation Parties, through their respective counsel, are:

    a.    The Diocese;

    b.    The Committee;

    c.    The Insurers and other coverage providers, including the insurance companies relating to the Diocese's historical insurance policies;

    d.    Counsel for the Survivors; and

    e.    Any other person or entity that the Mediators or the Mediation Parties determine is necessary or appropriate for mediation.

3. <u>Mediation Matters.</u> The following matters are hereby referred to mediation:

    a.    Terms of a consensual Chapter 11 plan of reorganization;

    b.    Property of the estate issues;

    c.    Terms of a channeling injunction to benefit any party making a contribution to the Chapter 11 plan of reorganization;

    d.    The resolution of any disputes related to coverage or alleged coverage provided by any of the Insurers;

    e.    Assessment of claim credibility, valuation, and the Diocese's potential legal liability for the Sexual Abuse Claims;

    f.    Contributions by the Diocese, any third-party entities, and any Insurers to fund any reorganization plan;

    g.    Development of a claims submission and evaluation process for administration of future claims by a post-confirmation trust;

    h.    Payment of claims issues including unknown claims of currently unknown claimants;

    i.    Non-monetary plan provisions; and

      j.      The resolution of any other issue necessary to determine the rights of the parties to reach agreement on the terms of a confirmable consensual plan of reorganization.

4.      <u>Mediators.</u> The Honorable William J. Fisher and Michael Marks (together, the "<u>Mediators</u>") are appointed as mediators to mediate the Mediation Matters.

5.      <u>Non-Binding Nature of the Mediation.</u>

      a.      The mediation shall be non-binding and the Mediators shall not have authority to render a decision that shall bind the Mediation Parties.

      b.      No Mediation Party shall be bound by anything said or done during the mediation unless and until either a written and signed stipulation is entered into, or the Mediation Parties enter into a written and signed agreement, which shall be subject to this Court's approval under Bankruptcy Rule 9019, upon application, notice, and hearing.

6.      <u>Mediation Procedures.</u>

      a.      The mediation shall take place on such date(s) and location(s) to be determined and noticed by the Mediators after consulting with counsel for the Mediation Parties. The Mediators shall have the authority to establish the time for all mediation activities, including joint and private meetings between the Mediators and Mediation Parties during the course of the mediation. The Mediation Parties shall submit confidential mediation statements to the Mediators as directed by the Mediators and containing such information as requested by the Mediators.

b. In addition to counsel, a representative of each of the Mediation Parties shall, unless excused by the Mediators, personally attend the mediation session(s) either in person or via video conference subject to the directions of the Mediators; unless otherwise allowed by the Mediators, such representatives must have complete authority to negotiate and settle all disputed issues and amounts or to recommend settlement of such disputes and amounts to the extent further approval may be necessary.

c. The Mediators shall have authority to control all procedural aspects of the mediation(s), including when the Mediation Parties will meet jointly and/or separately with the Mediators, and whether meetings shall be by telephone, video conference, or in person. The Mediators may require Mediation Parties to sign a mediation agreement as may be reasonably required to promote the mediation, except that any such supplemental agreement shall be consistent with and subject in all respects to the terms of this Order. The Mediators may report to the Court any willful failure to attend or participate in good faith in the mediation process or mediation conference. Such failure may result in the imposition of sanctions by the Court.

d. Participation by any party in the mediation will not prejudice their rights with respect to any disputed issue in the above-captioned Chapter 11 case, and all such rights, to the extent they existed prior to this Order, are preserved and may be exercised consistent with any order of the Court. This includes, without limitation, the Mediation Parties' rights (if any) to: (i) seek a judicial determination from this Court with respect to any issue that

may arise during the mediation requiring judicial resolution; (ii) contest the jurisdiction of the Bankruptcy Court; (iii) contest the entry of final orders or judgments by the Bankruptcy Court; (iv) withdraw the reference; or (v) demand arbitration or a trial by jury.

7. <u>Modification of Mediation Procedures and Addition of Mediation Parties.</u> The Mediators may establish certain requirements or procedures for the Mediation as the Mediators deem necessary or appropriate, or as agreed upon by the Mediation Parties and Mediators, in addition to the procedures described in this Order ("<u>Mediation Procedures</u>"). Any party who participates in the mediation process either voluntarily or by Court order will be bound to the Mediation Procedures and all provisions of this Order as if they were a named Mediation Party. Furthermore, Mediation Parties added by stipulation or by order of the Court may be compelled to attend the mediation by the Mediator.

8. <u>Report of Result of the Mediation.</u> After the mediation concludes, the Mediators will report to this Court's chambers staff whether the mediation resulted in a settlement.

9. <u>Confidentiality.</u> If a Mediation Party: (a) seeks to rely on fact and/or outcome of the Mediation to prove "good faith" under 11 U.S.C. § 1129(a)(3); or (b) puts at issue any good faith finding concerning the Mediation made by the Court (or a reviewing court) under 11 U.S.C. § 1129(a)(3) in any subsequent action concerning insurance coverage, the rights of other parties to seek discovery into, concerning, and related to the Mediation are preserved.

10. <u>Discovery.</u> The Mediation Parties shall cooperate in pre-mediation discovery. If a discovery dispute arises that cannot be resolved by the Mediators or negotiation among the Mediation Parties involved, the complaining party may file with the Court and serve a discovery dispute letter not to exceed 5 pages. The complaining party shall contact chambers and notify the

Court of the fact that the letter has been filed. The Court will then notify the parties about any response or hearing to address the relief requested. The Court may hold hearings on shortened time on any discovery dispute. The Court expects the Mediation Parties to exchange such information as they may deem reasonable to participate meaningfully in the mediation. Any discovery ordered by the Court will not be subject to the mediation privilege. Moreover, nothing in this Order shall limit a party's right to seek an order under Bankruptcy Rule 2004 compelling the production of documents nor shall it limit any rights under the *Order Granting in Part and Denying in Part the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Pursuant to Bankruptcy Rule 2004 Authorizing and Directing the Production of Documents by the Debtor* (ECF No. 254).

11. <u>No Impairment of Privileges.</u> Notwithstanding any provision of this Order to the contrary, nothing contained in this Order shall require any Mediation Party to produce documents or information that are subject to attorney-client privilege, attorney work product, or any other legally recognized privilege.

12. <u>Immunity.</u> The Mediators, as Court appointed mediators, shall be immune from claims arising out of acts or omissions incident to the Mediators' services rendered in connection with the Mediation to the maximum extent permitted by law.

13. <u>Compliance with Bankruptcy Code and Rules.</u> Nothing in this Order shall relieve any of the Mediation Parties or any other party in interest from complying with applicable requirements of the Bankruptcy Code and Bankruptcy Rules, such as requirements for obtaining court approval of any compromises of controversies, stipulated stay relief or adequate protection, or sales of property outside the ordinary course of business.

14. <u>Modification of the Mediation Process.</u> The Court reserves jurisdiction to modify this Order, including the identification of Mediation Parties, Mediation Matters, and the appointment of additional or different mediator(s). Any of the Mediation Parties may at any time file a motion with the Court to withdraw from, suspend, and/or terminate the mediation for cause.

15. <u>No Effect on Insurance Rights or Obligations.</u> Notwithstanding any provisions of this Order to the contrary, nothing contained in this Order shall in any way operate to, or have the effect of, impairing, altering, supplementing, changing, expanding, decreasing, or modifying the Mediation Parties' rights or obligations under any insurance policy that is the subject of the mediation or otherwise.

16. <u>Compensation of the Mediators.</u> The Diocese is authorized to pay the fees and expenses of Michael Marks. The Honorable William J. Fisher will not and cannot be paid any fees or expenses. To the extent an insurer is identified, the Diocese shall update the Court as to any agreement with such insurer to share costs as soon as practicable.

17. The Diocese is authorized to take any and all actions necessary to implement the provisions of this Order.

18. To the extent Bankruptcy Rule 6004(h) applies, this Order is deemed effective and immediately enforceable upon its entry.

19. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and interpretation of this Order.

Burlington, Vermont

Heather Z. Cooper
United States Bankruptcy Judge

The undersigned agree to the terms set forth herein and consent to the form and entry of this Order.

**ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT**

By: */s/ Katherine A. Nixon*

Katherine A. Nixon (*pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN  55402-4400
(612) 492-7067
knixon@fredlaw.com

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

By: *e-consent*

Paul A. Levine, Esq.
**LEMERY GREISLER LLC**
677 Broadway, 8th Floor
Albany, New York 12207
(518) 433-8800
plevine@lemerygreisler.com

Brittany M. Michael (*pro hac vice*)
**PACHULSKI STANG ZIEHL & JONES LLP**
1700 Broadway
36th Floor
New York, NY 10019
(212) 561-7700
bmichael@pszjlaw.com