# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF VERMONT

In re:

Roman Catholic Diocese of Burlington, Vermont,

        Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

## DECLARATION OF SAMUEL M. ANDRE IN SUPPORT OF SECOND INTERIM APPLICATION OF FREDRIKSON & BYRON, P.A. FOR ALLOWANCE OF FEES AND EXPENSES AS CHAPTER 11 COUNSEL FOR THE DIOCESE

I, Samuel M. Andre, make the following declaration in support of the Second Interim Application of Fredrikson & Byron, P.A. for Allowance of Fees and Expenses as Chapter 11 Counsel for the Diocese from January 1, 2025 through March 31, 2025 (ECF No. 294, the "Second Interim Fee Application"):

1. I am a shareholder at Fredrikson & Byron, P.A. ("Fredrikson"). I am authorized to practice before the courts of the State of Minnesota and the federal courts for the District of Minnesota, among others. I am admitted to practice and appear in this Court *pro hac vice* in the above-captioned Chapter 11 bankruptcy proceeding. (ECF No. 19.)

2. On September 30, 2024, the Roman Catholic Diocese of Burlington, Vermont (the "Diocese") filed an application to employ Fredrikson as Chapter 11 counsel for the Diocese effective September 30, 2024. (ECF No. 15, the "Employment Application.")

3. On October 25, 2024, the Court entered an order granting the Employment Application and approving the Diocese's employment of Fredrikson as Chapter 11 counsel for the Diocese. (ECF No. 61.)

4. After filing the Second Interim Fee Application, the Office of the United States Trustee (the "UST") reviewed the Second Interim Fee Application and raised certain issues with some of the postpetition time entries contained in the Second Interim Fee Application. (*See* United States Trustee's Limited Omnibus Objection to Pending Fee Applications, ECF No. 361.)

5. Fredrikson and the UST engaged in discussions regarding those issues and Fredrikson ultimately agreed to reduce the compensation sought in the Second Interim Fee Application by $1,887.96.

6. Fredrikson prepared a revised proposed order, reflecting the $1,887.96 reduction in fees agreed to between Fredrikson and the UST. A true and correct copy of that revised proposed order is attached as **Exhibit A**.

7. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 23, 2025	*/s/ Samuel M. Andre*
	Samuel M. Andre

# **EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| In re:<br><br>Roman Catholic Diocese of Burlington, Vermont,<br><br>Debtor. | Case No.: 24-10205-HZC<br>Chapter 11 Case |

**ORDER GRANTING SECOND INTERIM APPLICATION OF FREDRIKSON & BYRON, P.A. FOR ALLOWANCE OF FEES AND EXPENSES AS CHAPTER 11 COUNSEL FOR THE DIOCESE FROM**
**JANUARY 1, 2025 THROUGH MARCH 31, 2025**

This case came before the Court on the Second Interim Application of Fredrikson & Byron, P.A. for Allowance of Fees and Expenses as Chapter 11 Counsel for the Diocese from January 1, 2025 through March 31, 2025 (doc. # 294) (the "Application"). The Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Application was provided pursuant to Local Rule 9013-4; and (v) notice of the Application was sufficient under Bankruptcy Rule 2002(a)(6), Local Rule 2002-1, and the Court's order establishing compensation procedures. (doc. # 180) After due consideration, the Court finds that the fees and expenses described in the Application are reasonable and constitute actual and necessary fees and expenses. Therefore, for good cause shown, **IT IS HEREBY ORDERED:**

1. Fredrikson & Byron, P.A.'s fees incurred between January 1, 2025 and March 31, 2025 in the amount of $108,195.79, and expenses in the amount of $7,843.52, for a total of $116,039.31, are allowed.

      2.      The Diocese (as defined in the Application) is authorized to pay such allowed postpetition fees and expenses.

      3.      Fredrikson & Byron, P.A.'s fees and expenses allowed in this Order are granted administrative priority under 11 U.S.C. § 503(b).

Burlington, Vermont                              Honorable Heather Z. Cooper
                                                 United States Bankruptcy Judge