## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF VERMONT

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT,[1] | ) ) | Case No. 24-10205-HZC Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

## RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE JOINT MOTION OF THE DEBTOR AND RICE MEMORIAL HIGH SCHOOL TO PAY PREPETITION CLAIMS WITH INCORPORATED MEMORANDUM OF LAW

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned chapter 11 bankruptcy case of The Roman Catholic Diocese of Burlington, Vermont (the "Debtor" or "Diocese") represents general unsecured creditors who are survivors of tragic abuse at the hands of priests and others who were under the supervision of the Diocese. The Committee submits the following response to the *Joint Motion of the Debtor and Rice Memorial High School to Pay Prepetition Claims with Incorporated Memorandum of Law* at Docket No. 372 (the "Motion"):

Following an appropriate investigation, the Committee consents to the relief requested by the Motion and responds to certain unsubstantiated allegations made by the Debtor and Rice Memorial High School ("Rice"). The Committee recognizes the importance of appropriately honoring restrictions associated with charitable contributions. At the same time, in the context of these Chapter 11 proceedings, it is necessary to evaluate whether certain funds claimed to be donor-restricted have been managed in a manner consistent with that status under applicable law.

---

[1] The Diocese's address is 55 Joy Drive, South Burlington, VT 05403, and its EIN Number is 03-0180730.

## A.   Based on Rice's Production of Its Bank Account Statements, the Committee Now Consents to the Proposed Payment of Pre-Petition Creditors

The Committee objects to Rice and the Debtor's insinuation that the Committee has been either uncooperative or dilatory. Under well-established fiduciary principles, an enforceable donor restriction generally requires clear documentation and consistent segregation of the restricted funds.[2] These principles are intended to ensure that the treatment of funds is consistent with the fiduciary duties of the entity holding them. Where commingling occurs, it may be necessary for the Court to determine whether such assets remain subject to any enforceable restriction or are properly considered property of the estate.

The "Lowest Intermediate Balance Test" is typically used to trace commingled funds in similar circumstances.[3] The Second Circuit has explained the Lowest Intermediate Balance Test as follows: "If $100 from a drug sale is deposited into an active account, one approach is to consider the account to be 'traceable proceeds' to the extent of $100 as long as the account balance never falls below that sum."[4]

The Committee's tracing concerns are neither hypothetical nor unprecedented. In *In re Catholic Diocese of Wilmington, Inc.*, the court rejected the debtor's claim that parish funds were held in trust where the Diocese had commingled parish assets with its own in a pooled account and failed to maintain adequate records tracing specific funds.[5] The court emphasized that the

---

[2] See *Restatement (Third) of Trusts* § 84 cmt. b (2012).

[3] *See, e.g., In re Servicom LLC*, 667 B.R. 495, 498 (Bankr. D. Conn. 2025) (citing to *In re Connecticut General Life Ins. Co.*, 838 F.2d 612, 619-620 (1st Cir. 1988); *In re Columbia Gas Sys.*, 997 F.2d 1039, 1063 (3d Cir. 1993); *In re Falcon Oil Co.*, 206 B.R. 715, 720 (Bankr. M.D. Pa. 1996); *Old Republic National Title Ins. Co. v. Tyler (In re Dameron)*, 155 F.3d 718, 723 (4th Cir. 1998); *In re MJK Clearing, Inc.*, 371 F.3d 397, 401 (8th Cir. 2004); *United States v. Corey*, Docket No. 3:04CR349 (EBB), 2006 U.S. Dist. LEXIS 30658, 2006 WL 1281824 (D. Conn. May 9, 2006); and *In re Amp'd Mobile, Inc.*, 377 B.R. 478, 489-490 (Bankr. D. Del. 2007)).

[4] *United States v. Banco Cafetero Panama*, 797 F.2d 1154, 1159 (2d Cir. 1986).

[5] 432 B.R. 135, 151 (Bankr. D. Del. 2010).

burden to trace trust funds rests *with the party asserting the trust* and "the Debtor has not provided sufficient evidence from which the Court can identify the funds in the Diocesan accounts as parish funds."[6]

Against this legal backdrop, the Committee has worked constructively and in good faith with Rice and the Debtor since February 2025 to evaluate its request for approval of pre-petition payments from certain accounts. In February, the Committee requested certain information necessary to assess whether the funds in question were, in fact, restricted. Specifically, the Committee requested:

(1) monthly bank account statements for a one-year period from the accounts at issue;
(2) Rice Memorial's general ledger report; and
(3) its financial statements for the preceding five years.

Here, there is no dispute that Rice commingled the restricted donations with its general operating accounts. The Committee, in the interest of time and expense, has not conducted a full Lowest Intermediate Balance Test, but at a minimum needed to review Rice's bank account statements to ensure that the account balances never dropped below the amounts that Rice claims are restricted or proposes paying to pre-petition creditors.[7] Rice's delay in producing bank statements impeded the Committee's ability to determine whether the funds Rice sought to spend were donor-restricted or otherwise subject to trust obligations. Additional account statements were only sent to the Committee on June 25, 2025, two days prior to Rice and the Debtor filing

---

[6] *Id.*

[7] The Committee took this approach in order to appropriately scale its analysis to the amounts in question. It should have been, however, the Debtor or Rice's burden to establish that it satisfied the complete Lowest Intermediate Balance Test in order to deem the funds in question restricted from creditor access.

4932-6038-0501.2 18506.00002

the Motion.[8] With the benefit of this new information and adequate time to review and analyze the records, the Committee is now in a position to agree to the requested payments.

The Committee's cautious approach reflects its statutory responsibility to all unsecured creditors and its commitment to sound estate administration. The Committee looks forward to working with Rice and other stakeholders to reach a resolution to this case and is committed to moving forward expeditiously so long as those other parties provide the Committee with the information it requires to take informed positions.

**B.    The Committee Objects to Rice's Unsubstantiated Classification as an Unincorporated Association**

Under Vermont law, an "'unincorporated association' is a voluntary group of persons, without a charter, formed by mutual consent for the purpose of promoting a common enterprise or prosecuting a common objective."[9]

In the Motion, Rice asserts that it is seeking the Court's authorization to make the requested payments "out of an abundance of caution and with all rights reserved" because it is an "'unincorporated association' distinct from the Debtor."[10] The Committee disputes that Rice is an unincorporated association. Rice provides no support for its claim that it is separate from the Debtor. Without having conducted discovery on this issue, the evidence currently available negates Rice's claim. The Debtor pays Rice's payroll, reimburses its employees for any work-

---

[8] The Committee has still only received bank account statements for certain accounts through *March* 31, 2025. Therefore, the Committee cannot attest to whether the relevant accounts' balances dropped below the alleged restricted amounts in the months of April, May, or June of 2025.

[9] *Remake Goddard All. v. Goddard Coll. Corp.*, 2024 Vt. Super. LEXIS 175, *1; *see also Daniels v. Elks Club of Hartford*, 2012 VT 55, ¶ 44, 192 Vt. 114, 138, 58 A.3d 925.

[10] Motion, ¶ 1.

4932-6038-0501.2 18506.00002

related expenses, and pays for its employees' benefits.[11] The Debtor's name is on Rice's bank accounts.[12] The Debtor owns the real property on which Rice operates.[13] Finally, both the Diocese and Rice list Rice as "an *operating division* of Roman Catholic Diocese of Burlington, Vermont" in their financial statements.[14]

## CONCLUSION

The Committee has diligently fulfilled its fiduciary obligations by seeking to verify the restricted status of the funds in question. Based on its analysis after Rice's eventual production of key financial documentation, the Committee now consents to the proposed pre-petition payments.

At the same time, the Committee objects to the movants' unsupported assertion that Rice is an unincorporated association distinct from the Debtor. The available evidence does not

---

[11] *Emergency and Supplemental Motion for an Interim and Final Order (I) Authorizing Payment of Accrued and Outstanding Prepetition Employee Compensation, Benefits, and Related Amounts and (II) Authorizing Maintenance of Existing Payroll Service*, Docket No. 54.

[12] *Emergency and Supplemental Motion and Memorandum for an Interim and Final Order (I) Authorizing Continued Use Of Existing Business Books, Records, Bank Accounts, And Check Stock; (II) Authorizing Banks and Financial Institutions to Honor and Process Checks And Transfers; (III) Authorizing Electronic Funds Transfers and Automated Clearing House Transfers; (IV) Authorizing Maintenance of Investment Accounts; and (V) Granting Limited Relief from the Requirements of 11 U.S.C. § 345(B)*, Docket No. 55.

[13] *Schedule A/B: Assets – Real and Personal Property, Attachment A/B #55: Real Property*, Docket No. 92.

[14] Declaration of Brittany Michael, exhibits A – C (emphasis added).

4932-6038-0501.2 18506.00002

support such a characterization and instead indicates that Rice functions as an integrated division

of the Debtor. The Committee reserves all rights with respect to this issue.

Date: July 14, 2025                      Respectfully submitted,

                                         **PACHULSKI STANG ZIEHL & JONES LLP**

                                         */s/ Brittany M. Michael*
                                         James I. Stang (Admitted *Pro Hac Vice*)
                                         Brittany M. Michael (Admitted *Pro Hac Vice*)
                                         1700 Broadway, 36th Floor
                                         New York, NY  10019
                                         Telephone:  (212) 561-7700
                                         Email:  jstang@pszjlaw.com
                                                   bmichael@pszjlaw.com

                                         -and-

                                         Paul A. Levine, Esq.
                                         **LEMERY GREISLER LLC**
                                         50 Beaver Street
                                         Albany, New York 12207
                                         Telephone: (518) 433-8800
                                         Email:  plevine@lemerygreisler.com

                                         *Counsel to the Official Committee of Unsecured*
                                         *Creditors*

4932-6038-0501.2 18506.00002

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT
----------------------------------------------------------------
In re:

       ROMAN CATHOLIC DIOCESE OF        **Case No. 24-10205**
       BURLINGTON VERMONT,            **Chapter 11**

               Debtor.
----------------------------------------------------------------

## CERTIFICATE OF SERVICE

       I hereby certify that on **July 14, 2025**, I electronically filed the **RESPONSE OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO THE JOINT MOTION OF THE DEBTOR AND RICE MEMORIAL HIGH SCHOOL TO PAY PREPETITION CLAIMS WITH INCORPORATED MEMORANDUM OF LAW** with the Clerk of the Bankruptcy Court using CM/ECF system which sent notification of such filings to all ECF participants.

       Additionally, I served the same on **July 14, 2025**, on the following notice parties via email:

Lorei Dawson
ldawson@vermontcatholic.org

Counsel for the Diocese, Fredrikson & Byron, P.A., Attn:  Steven R. Kinsella, Esq.
skinsella@fredlaw.com

Local Counsel for the Diocese, Obuchowski Law Office
ray@oeblaw.com

Local Counsel for the Committee, Lemery Greisler LLC, Attn:  Paul A. Levine, Esq.
plevine@lemerygreisler.com

Office of the U.S. Trustee, Attn:  Lisa Penpraze
Lisa.Penpraze@usdoj.gov

Harrison Strauss
harrison.strauss@usdoj.gov

Dated:  July 14, 2025                */s/ Nancy H. Brown*          
                                    Nancy H. Brown