Filed & Entered
On Docket
07/18/2025

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

In re:                                                    Case No. 24-10205

Roman Catholic Diocese of Burlington, Vermont,            Chapter 11

                Debtor.

## ORDER FOR APPEARANCE AT MEDIATION

1. Mediation in the above-entitled matter will be held on **July 28, 2025, at 9:00 a.m. and July 29, 2025, at 9:00 a.m.** in Courtroom 7 West, Diana E. Murphy United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota 55415, before Judge William J. Fisher. The parties shall appear and negotiate in good faith OR OTHER LOCATION AGREED UPON. **Counsel and their clients** must plan on being available the entire day of this mediation.

2. The following parties shall appear at the mediation: (1) Steven Kinsella and a representative from Roman Catholic Diocese of Burlington, Vermont; (2) Brittany Mitchell Michael for the Committee of Unsecured Creditors.

3. **All party representatives shall be armed with full settlement authority and discretion. In all cases, the party representative should not be in-house counsel directing the litigation**. This means that each party must attend through a person who has the power to change that party's settlement posture during the course of the mediation. **If the party representative has a limit, or "cap" on his or her authority, this requirement is not satisfied. Similarly, if the party representative must contact another person for approval prior to agreeing to a**

**settlement, this requirement is not satisfied**. Any failure to comply with the spirit of this directive will constitute a violation of Fed. R. Civ. P. 16(f) (incorporated by Fed. R. Bankr. P. 7016).

4. Each attorney shall submit to the undersigned on or before **July 21, 2025**, (as agreed) a confidential mediation statement setting forth at least: (1) a brief history of the parties' prior attempts to settle the case and their respective settlement positions; (2) a computation of the amount in dispute; (3) a reasoned analysis justifying their client's last stated settlement position, including their assessment of their best and worst alternatives to a negotiated agreement; (4) a description of any perceived hindrances or obstacles to productive settlement negotiations as well as any other information that may be helpful to the Court; and (5) the name and position of each person who will attend the mediation. The mediation statements are for the Court's use only and need not be served on opposing counsel and should not be filed or docketed. Counsel shall e-mail their confidential mediation statements to chambers at the following address: **wjfchambers@mnb.uscourts.gov.**

5. The mediation will be conducted in a confidential manner. I will not disclose any information learned by me at the mediation to the judge assigned to preside over this matter on its merits. I will maintain the full confidentiality of all information obtained in private, unless authorized by any party to make disclosure of the information to the other party.

6. The parties are advised that after receipt of the mediation statements the Court may, in its discretion, contact counsel for the parties jointly or *ex parte* solely for the purpose of assisting the Court's preparation for the mediation.

7. Mediation is a compromise negotiation for the purposes of the federal and state rules of evidence. It constitutes a privileged communication under state law. The entire mediation

process is confidential. No stenographic, visual, or audio record will be made, except for the record of appearances made at the beginning of the mediation, and of any settlement that is placed on the record. All conduct, statements, promises, offers, views, and opinions, whether oral or written, made in the course of mediation by any party, their agents, employees, representatives, or other invitees, or by the mediator are confidential. All such shall be deemed to be privileged, in addition and where appropriate. Such content shall not be the subject of future discovery, and will not be admissible for any purpose, including impeachment, in any litigation or other proceeding involving the parties. They shall not be disclosed to anyone not an agent, employee, expert, witness, or representative of any of the parties. The only exception shall be that evidence otherwise discoverable or admissible is not excluded from future discovery or admission as a result of its use in the mediation. The undersigned shall not be called as a witness by any party in any matter related to this proceeding.

8. As mediator, I may evaluate legal or factual claims and speculate as to possible outcomes. However, the parties must understand and agree that I am not giving legal advice. The parties must only rely on the legal advice of their attorney.

9. Parties may seek a recording of any agreement that is placed on the record. The transcript will not be placed on the docket.

10. The parties and their counsel are free to wear comfortable and casual clothing.

11. Failure of any party or counsel to comply with any part of this Order may result in the postponement of the mediation and/or imposition of an appropriate sanction on the party, company, or attorney who failed to comply.

12. The mediating judge is being appointed because of a judicial position as, and to act in the specific capacity as, a United States Bankruptcy Judge. By serving as a mediating judge,

the mediating judge performs judicial duties. See, e.g., 28 U.S.C. § 651; Fed. R. Civ. P. 16(a)(5), (c)(2)(I); Fed. R. Bankr. P. 7016; Local Rule 9019-2; Code of Conduct for United States Judges, Canon 3(A)(4)(d). As such, the mediating judge and all persons assisting the mediating judge will have full, unqualified judicial immunity, as well as all other privileges, immunities, and protections of a United States Bankruptcy Judge and judiciary employees, regarding any matters arising from or related to the mediating judge's role as mediating judge.

**BY THE COURT:**

July 18, 2025

s/ William J. Fisher

William J. Fisher
United States Bankruptcy Judge

United States Bankruptcy Court
District of Vermont

In re:     Case No. 24-10205-hzc

Roman Catholic Diocese of Burlington, Ve     Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0210-2     User: admin     Page 1 of 2
Date Rcvd: Jul 18, 2025     Form ID: pdf710     Total Noticed: 7

The following symbols are used throughout this certificate:
**Symbol  Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 20, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Roman Catholic Diocese of Burlington, Vermont, 55 Joy Drive, South Burlington, VT 05403-6999 |
| aty | | Gail S. Greenwood, Pachulski Sang Ziehl & Jones LLP, One Sansome Street, 34th Floor, San Francisco, CA 94104-4436 |
| aty | + | James I. Stang, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067-4003 |
| aty | + | Paul V. Possinger, Proskauer Rose LLP, 70 West Madison, Suite 3800, Chicago, IL 60602-4342 |
| aty | | Timothy Q. Karcher, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036-8299 |
| cr | + | J. Hutchins Inc., 88 Rogers Lane, Richmond, VT 05477, US 05477-7748 |

TOTAL: 6

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: bankruptcy@td.com | Jul 18 2025 19:36:00 | TD Bank, N.A., 70 Gray Road, Falmouth, ME 04105 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| sp | | Dinse P.C. |
| crcm | | Local Counsel to the Official Committee of Unsecur, c/o Paul A. Levine, Esq., Lemery Greisler LLC |

TOTAL: 2 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 20, 2025     Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 18, 2025 at the address(es) listed below:

**Name**     **Email Address**

Case 24-10205 Doc 401 Filed 07/20/25 Entered 07/21/25 00:37:45 Desc Imaged Certificate of Notice Page 6 of 6

| | | |
|---|---|---|
| District/off: 0210-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Jul 18, 2025 | Form ID: pdf710 | Total Noticed: 7 |

| | |
|---|---|
| Alexander Jason LaRosa | on behalf of Creditor J. Hutchins Inc. ajlarosa@mskvt.com chorigan@mskvt.com |
| Andre Denis Bouffard | on behalf of Interested Party Vermont Catholic Community Foundation Inc. abouffard@drm.com, mbottino@drm.com |
| Antonin Robbason | on behalf of Creditor TD Bank N.A. aizr@rsclaw.com, ccs@rsclaw.com;lcw@rsclaw.com;sem@rsclaw.com |
| Brittany Mitchell Michael | on behalf of Creditor Committee Committee of Unsecured Creditors bmichael@pszjlaw.com |
| Celeste E. Laramie | on behalf of Creditor Survivor Creditors claramie@gravelshea.com |
| Elizabeth A. Glynn | on behalf of Creditor TD Bank N.A. eag@rsclaw.com, ccs@rsclaw.com |
| Harrison E. Strauss | on behalf of U.S. Trustee U S Trustee harrison.strauss@usdoj.gov |
| Jeremy R. Fischer | on behalf of Interested Party Rice Memorial High School jfischer@dwmlaw.com mveilleux@dwmlaw.com |
| Jim Baillie | on behalf of Debtor Roman Catholic Diocese of Burlington Vermont jbaillie@fredlaw.com |
| Katherine Nixon | on behalf of Debtor Roman Catholic Diocese of Burlington Vermont knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com |
| Lisa M Penpraze | on behalf of U.S. Trustee U S Trustee lisa.penpraze@usdoj.gov |
| Paul A Levine | on behalf of Creditor Committee Committee of Unsecured Creditors plevine@lemerygreisler.com phartl@lemerygreisler.com |
| Paul A Levine | on behalf of Creditor Committee Local Counsel to the Official Committee of Unsecured Creditors plevine@lemerygreisler.com phartl@lemerygreisler.com |
| Raymond J Obuchowski | on behalf of Debtor Roman Catholic Diocese of Burlington Vermont ray@oeblaw.com, marie@oeblaw.com |
| Robert S DiPalma | on behalf of Financial Advisor Berkeley Research Group LLC rdipalma@pfclaw.com |
| Samuel Andre | on behalf of Debtor Roman Catholic Diocese of Burlington Vermont sandre@fredlaw.com, docketing@fredlaw.com;mcalhoun@fredlaw.com;sstallings@fredlaw.com |
| Steven Robert Kinsella | on behalf of Debtor Roman Catholic Diocese of Burlington Vermont skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com |
| U S Trustee | ustpregion02.vt.ecf@usdoj.gov |

TOTAL: 18