UNITED STATES BANKRUPTCY COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| ROMAN CATHOLIC DIOCESE OF | ) | Case No. 24-10205-HZC |
| BURLINGTON, | ) | Chapter 11 Case |
|     Debtor | ) | |

MOTION BY JOHN DOE FOR AN ORDER TO ENLARGE THE
CLAIMS BAR DATE TO ALLOW FILING OF LATE PROOF OF CLAIM

Movant John Doe ("Doe"), by his attorneys, Gravel & Shea PC, moves this Court pursuant to Federal Rules of Bankruptcy Procedure 3002(c), 3003(c)(3), and 9006(b)(1) for an order to enlarge the claims bar date in this Chapter 11 proceeding to allow him to file a late proof of claim.

Procedural Posture

1. On September 30, 2024, the Debtor Roman Catholic Diocese of Burlington ("Debtor") filed a voluntary Chapter 11 Bankruptcy Petition. Doc. 1.

2. On December 30, 2024, this Court set a bar date for filing claims of April 4, 2025. Doc. 144.

3. On June 13, 2025, this Court ordered that mediation must be completed within sixty days of its order and appointed the Honorable William J. Fisher and Michael Marks, Esq. as mediators. Doc. 352.

4. On July 18, 2025, the Honorable William J. Fisher entered an Order for Appearance at Mediation, directing the parties to participate in a mediation on July 28 and 29, 2025. Doc. 400.

5. On August 18, 2025, this Court gave the parties more time to attend additional mediation days on September 11 and 12, 2025 and further extended the mediation deadline to September 19, 2025. Doc. 431.

Factual Background

6. St. Joseph's Orphanage ("Orphanage") is an orphanage that was located in Burlington, Vermont, was overseen by the Debtor, and was associated with Vermont Catholic Charities. Vermont Catholic Charities is a Catholic entity that is closely affiliated with the Debtor and of which the Bishop of the Debtor is a trustee.

7. Doe was born December 12, 1947, and within weeks of his birth, was placed at the Orphanage. Doe resided at the Orphanage for the next nearly eleven years. While he was a resident there, Doe suffered from repeated instances of abuse under 12 V.S.A. § 522 perpetrated by Debtor's employees, as well as by the nuns who assisted with running the Orphanage. Since leaving the Orphanage, Doe has rarely spoken of his time at the Orphanage.

8. Doe moved away from Vermont to Florida in 1995, where he now lives full-time. He has not read or watched local Vermont news since moving away from Vermont. More recently, Doe has returned to Vermont in the summers to stay in an RV park in Colchester, Vermont.

9. In late July of 2025, while staying at the RV park in Colchester, Doe saw a Channel 5 news story[1] about a memorial in Burlington to be dedicated to the survivors of the Orphanage. For the first time in his life, Doe decided to acknowledge his history at the

---

[1] https://www.mynbc5.com/article/st-josephs-orphanage-abuse-survivors-memorial/65531917

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 2 -

Orphanage and decided to attend an event being held on August 5, 2025 in preparation for the dedication ceremony of the memorial.

10. Doe attended the event on August 5, 2025, and while there, met other survivors of the Orphanage who asked whether he had filed a claim in the above-captioned matter. Until that time, Doe had never heard of the Debtor's bankruptcy petition or of any claims deadline.

11. After attending the event, Doe subsequently contacted the undersigned to inquire about his rights as it relates to this bankruptcy.

## Relief Requested

12. Doe asks that this Court permit him to file a late proof of claim, as he was previously unaware of any deadlines to file a proof of claim.

## Argument

Pursuant to Federal Rule of Bankruptcy Procedure 3003(c)(3), "[t]he court must set the time to file a proof of claim or interest and may, for cause, extend the time." Federal Rule of Bankruptcy Procedure 9006(b)(1) permits a bankruptcy court to allow late-filed proofs of claim if the failure to comply with a deadline was the result of excusable neglect. "[T]he determination of whether or not a case is an appropriate one in which to grant a request to file late [proofs of claim] is expressly left to the Bankruptcy Court's discretion. . . ." *In re Drexel Burnham Lambert Grp., Inc.*, 146 B.R. 84, 87 (S.D.N.Y. 1992) (citing *In re Hooker Investments, Inc.,* 122 B.R. 659 (S.D.N.Y.1991), *appeal denied,* 937 F.2d 833 (2d Cir. 1991)).

When considering excusable neglect and whether to allow a late-filed proof of claim under Rule 9006(b)(1), this Court should consider: (1) whether granting the extension will prejudice the debtor; (2) the length of delay and its impact on efficient court administration;

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 3 -

(3) whether the delay was beyond the reasonable control of the person whose duty it was to perform; and (4) whether the creditor acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 385 (1993). The Court should also consider whether the failure to file a proof of claim by the deadline resulted from "negligence, indifference or culpable conduct on the part of a moving creditor or its counsel." *Id.* Where appropriate, a court can accept a late-filed proof of claim caused by inadvertence, mistake, or carelessness. *Id.* at 388. Excusable neglect can include "simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Id.* The determination as to whether neglect is considered excusable entails considering all relevant circumstances. *Id.* at 395. "The Second Circuit takes 'a hard line' in applying the *Pioneer* test, and admonishes district courts to focus their inquiry on the third factor—the reason for the delay." *In re Queen Elizabeth Realty Corp.*, 586 B.R. 95, 105 (S.D.N.Y. 2018) (quoting *In re Enron Corp.*, 419 F.3d 115, 122 (2d Cir. 2005)).

　　　　The above-outlined circumstances establish that this Court should permit Doe to file a late proof of claim in this bankruptcy. First, there will be no prejudice to the Debtor. "[P]rejudice is not an imagined or hypothetical harm; a finding of prejudice should be a conclusion based on facts in evidence." *In re Enron Corp.*, 419 F.3d at 131 (citing *In re O'Brien Envtl. Energy Inc.,* 188 F.3d 116, 127 (3d Cir. 1999)). It has been less than one year since the Debtor filed its bankruptcy petition; mediation has not yet been completed; and there is no bankruptcy plan in place—let alone even a proposal for one. Given this short period of time, there can be no prejudice to the Debtor. Second, in light of the fact that it has been just over five months since the claims filing deadline, a single additional claim will not impede progress in mediation or otherwise cause any delay in the Court's administration of this bankruptcy case. Third, because Doe was entirely unaware of Debtor's bankruptcy filing until just this past month,

gravel & shea ATTORNEYS AT LAW
76 St. Paul Street
Post Office Box 369
Burlington, Vermont 05402-0369
A PROFESSIONAL CORPORATION

- 4 -

- 5 -

he cannot be blamed for the delay in filing a proof of claim. In other words, since he did not know of this bankruptcy filing, he cannot be said to have been negligent, indifferent or culpable in failing to take action any sooner in this case. Fourth and finally, Doe has acted in good faith. Soon after learning of the above-captioned matter on August 5, 2025, he took steps to contact counsel, establish a relationship with counsel, and file this motion. Taking these circumstances in their totality and in view of the *Pioneer* factors, Doe easily establishes excusable neglect.

## Conclusion

For the foregoing reasons, Doe asks that this Court allow him to file a late proof of claim in this bankruptcy.

Dated: September 16, 2025

       *Celeste E. Laramie*
Celeste E. Laramie, Esq.
Gravel & Shea PC
76 St. Paul Street, 7th Floor, P.O. Box 369
Burlington, VT 05402-0369
(802) 658-0220
claramie@gravelshea.com
Attorneys For John Doe

