Filed & Entered
On Docket
09/30/2025

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF VERMONT

In re:

Roman Catholic Diocese of Burlington, Vermont,

      Debtor.

Case No.: Case No.: 24-10205-HZC
Chapter 11 Case

### ORDER AMENDING FINAL ORDER (I) ESTABLISHING DEADLINES FOR FILING PROOFS OF CLAIM; (II) APPROVING SEXUAL ABUSE PROOF OF CLAIM FORM; (III) APPROVING FORM AND MANNER OF NOTICE; AND (IV) APPROVING CONFIDENTIALITY PROCEDURES[1]

This matter came before the Court on the *Motion to Amend Final Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Proof of Claim Form; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures* (doc. # 467) (the "Motion") filed by the Roman Catholic Diocese of Burlington, Vermont (the "Diocese"), the Affidavit of Bishop John J. McDermott (doc. # 13), and the statements of counsel and evidence adduced with respect to the Motion at the hearing on September 30, 2025 (the "Hearing"). The Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided pursuant to Local Rule 9013-4; (v) notice of the Motion and the Hearing was sufficient under the circumstances; and (vi) there is good cause to waive the 14-day stay imposed by Bankruptcy Rule 6004(h) to the extent it is applicable. After due consideration, the Court finds that the relief, as

---

[1] This Order is Amended to expand access to information to certain professionals and to include additional file sharing capabilities.

requested in the Motion is in the best interests of the Diocese, its estate, and its creditors. Therefore, for good cause shown, **IT IS HEREBY ORDERED THAT**:

1. The Motion is **GRANTED** as set forth in this Order. All terms not specifically defined herein have the meaning provided in the Motion.

2. Paragraph 9(iv) of the *Final Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Proof of Claim Form; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures* (doc. #144) is amended as follows:

> "Permitted Parties," or individually, "Permitted Party," include(s): (a) counsel for the Diocese; (b) officers and employees of the Diocese who are necessary to assist the Diocese, (c) the Committee and its counsel; (d) insurance companies or their successors, including any authorized claim administrators of such insurance companies, that issued or allegedly issued polices to the Diocese and their reinsurers and attorneys; (e) any unknown claims representative appointed by the Court in this case; (f) any mediator, special arbitrator, or claims reviewer appointed by the Court to review and resolve the Sexual Abuse Claims; (g) any trustee appointed to administer payments to Survivors and such's trustee's professionals; (h) authorized representatives of a department of corrections with respect to a Sexual Abuse Claim by a Survivor who is incarcerated but only to the extent such disclosure is authorized under applicable non-bankruptcy law; (i) members of the Committee and their personal counsel (after the Confidential Survivor Claim Form and Optional Supplement has been redacted to remove the Survivor's name, address and any other information, including, without information, identified in Part 2(A) of the Optional Supplement and the signature block); (j) law enforcement in the city or county where the Sexual Abuse Claim arose; (k) auditors of the United States Conference of Catholic Bishops charged with preparing annual audits of diocesan compliance with the Charter for the Protection of Children and Young People (after the Confidential Survivor Claim Form and Optional Supplement has been redacted to remove the Survivor's name, address and any other information, including, without exclusion, identified in Part 2(A) of the Optional Supplement and the signature block); (l) each parish identified in a Sexual Abuse Claim Form as to solely such form, and the following personnel from the identified parish: (1) the pastor; (2) the business administrator of the parish; (3) attorneys serving as counsel to the parish; and (4) the parish's insurance company; **(m) professionals retained by the Diocese or the Committee under 11 U.S.C. §§ 327 or 1103, respectively; (n) other entities against whom claims have been asserted, including other religious orders or congregations, as to solely such form and except that no individual named as a perpetrator in a claim shall be a Permitted Party; and (o)** such other persons as the Court determines should have

2

the information in order to evaluate Sexual Abuse Claims only upon a motion by the Diocese or the Committee.

3.  Paragraph 9(iii) of the *Final Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Proof of Claim Form; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures* (doc. #144) is amended as follows:

Confidential Survivor Claim Forms and Optional Supplements submitted by Survivors shall be held and treated as confidential by Stretto and the Diocese and upon request to the Permitted Parties listed below, subject to each Permitted Party executing and returning to the Diocese's counsel a confidentiality agreement, and to such other persons as the Court determines; provided, however, that all parties with access to the Confidential Survivor Claim Forms and Optional Supplements shall agree to keep the information provided in a Confidential Survivor Claim Form and Optional Supplement confidential (unless the Survivor elects otherwise in Part 1 of the Confidential Survivor Claim Form), provided however that anonymous data derived from the Confidential Survivor Claim Forms and Optional Supplement will not be confidential. Permitted Parties may obtain copies of Confidential Survivor Claim Forms in accordance with the terms of an applicable confidentiality agreement from counsel for the Diocese or counsel for the committee of unsecured creditors (the "Committee") and through Stretto's confidential system known as Firmex**, Box, or any other file sharing system that the Diocese and the Committee agree upon.**

4.  The Diocese is authorized to take any and all actions necessary to implement the provisions of this Order.

5.  To the extent Bankruptcy Rule 6004(h) applies, this Order is deemed effective and immediately enforceable upon its entry.

6.  The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and interpretation of this Order.

September 30, 2025  
Burlington, Vermont

*Heather Z. Cooper*  
Heather Z. Cooper  
United States Bankruptcy Judge

3