IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF VERMONT

In re:

THE ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT,

Debtor.

Case No. 24-10205 (HZC)

Chapter 11

_____

MOTION FOR FINANCIAL OVERSIGHT, FORENSIC ACCOUNTING,
AND EXAMINATION OF PARISH-RELATED TRUST ACCOUNTS

_____

Survivor respectfully submits this Motion for Financial Oversight, Forensic Accounting, and Examination of Parish-Related Trust Accounts and states as follows:

**I. INTRODUCTION AND FACTUAL BACKGROUND**

1. The Diocese finances its operations through unrestricted revenue, including the Bishop's Annual Appeal and parish-tax ("assessment") revenue.

2. Fifty percent (50%) of the Bishop's Annual Appeal donations support diocesan and parish operations (see Exhibit A – Bishop's Annual Appeal Summary).

3. Until at least November 15, 2025, the Diocese's official website, [vermontcatholic.org](vermontcatholic.org), contained a page titled "What does my gift support?", stating that 50% of the Bishop's Annual Appeal supports Parish Support and Diocesan Operations. A true and correct screenshot captured by Survivor on November 15, 2025, is attached as Exhibit A-1.

4. Appeal funds are treated as unrestricted operating funds.

5. Historically, unrestricted operating funds—including Bishop's Annual Appeal and parish-tax revenue—were used to pay insurance premiums intended to protect the Diocese against liability for survivor claims.

6. Around 2013, publicly available documentation indicates that the Diocese ceased paying liability insurance premiums and became effectively self-insured, exposing unrestricted operating funds to liability.

7. Public reports further state that during this same period, funds previously used for monthly operational expenses—including funds that historically supported insurance premiums—were transferred into parish-related trust accounts. Survivor submits that these reallocated funds may constitute property of the bankruptcy estate.

## II. NEED FOR FORENSIC ACCOUNTING AND TRANSPARENCY

1. Survivor seeks to determine whether unrestricted operating funds—including funds previously used for insurance premiums—entered parish-related trusts, were commingled, or were otherwise moved between accounts.

2. Survivor respectfully requests appointment of a qualified independent forensic accountant to trace all such transfers.

3. Survivor alleges no wrongdoing; the purpose of this Motion is transparency and accurate financial disclosure.

## III. AUTHORITY FOR FORENSIC ACCOUNTING AND TRUST EXAMINATION

1. Courts routinely authorize forensic audits where operating funds and trust assets intersect. See, e.g., In re Archdiocese of Santa Fe; In re Diocese of Gallup; In re Archdiocese of Saint Paul & Minneapolis; Listecki v. Official Committee of Unsecured Creditors.

2. Survivor further requests that an independent forensic accounting expert, with experience in trust and estate matters, be engaged to analyze all transfers of diocesan operating and appeal funds into parish-related trusts and to opine on whether those transfers, or the resulting trust assets, should be treated as part of the bankruptcy estate for purposes of survivor compensation.

## IV. ANNUAL APPEAL FUNDS SUPPORTING PARISHES

Survivor seeks verification of whether Bishop's Annual Appeal funds have:

- entered parish-related trusts;
- been pledged to support trust operations;
- contributed to any commingling risks; or
- indirectly funded trust assets.

## V. RELIEF REQUESTED

Survivor respectfully requests that the Court order:

A. A full forensic accounting of unrestricted operating funds, including Bishop's Annual Appeal funds, parish-tax revenue, and all transfers involving parish-related trusts.

B. Periodic reporting to the Court and interested parties.

C. Temporary restrictions on the use or transfer of unrestricted operating funds pending forensic review.

D. Examination of all parish-related and diocesan trust structures, including funding sources, account histories, and governing documents.

E. Appointment of a qualified independent forensic accountant to trace all relevant transfers and determine whether trust assets should be treated as part of the bankruptcy estate. Appointment or authorization to retain a qualified independent forensic accountant to (1) trace all transfers of unrestricted operating funds, parish-tax revenues, and Bishop's Annual Appeal funds into any parish-related or diocesan trust; (2) determine whether such transfers were consistent with fiduciary duties and applicable law; and (3) provide an expert report to the Court on what portion of such trust assets should properly be considered part of the bankruptcy estate

F. A temporary freeze on parish-related trust accounts and any diocesan trust accounts that received unrestricted operating funds—including funds historically used for insurance premiums—pending completion of the forensic accounting.

## VI. BASIS FOR SCOPE OF FORENSIC REVIEW

Similar reviews were ordered or approved in In re Roman Catholic Archbishop of Portland, In re Archdiocese of Santa Fe, and In re Diocese of Gallup.

DATED: November 28, 2025
Respectfully submitted,
Survivor CC094


EXHIBIT A-1
Screenshot from www.vermontcatholic.org:
"What does my gift support?"
Captured on November 15, 2025



CERTIFICATE OF SERVICE

I certify that a copy of the foregoing Motion(s) was served upon all parties registered to receive electronic notice through the Court's CM/ECF system on November 28, 2025.

Dated: November 28, 2025
Respectfully submitted,
Survivor CC094
[Redacted for Privacy]

PROPOSED ORDER

Upon consideration of the Motion for Financial Oversight, Forensic Accounting, and Examination of Parish-Related Trust Accounts, and for good cause shown, it is ORDERED:

1. A forensic accounting shall be conducted of unrestricted operating funds, including Bishop's Annual Appeal funds, parish-tax revenue, and any transfers involving parish-related trusts.

2. The Diocese shall produce all relevant financial records.

3. Periodic reports shall be submitted to the Court.

4. Spending or transfer restrictions may be imposed as necessary.

5. Such other relief as the Court deems proper is GRANTED.

Date:_____

Honorable Judge:

_____