**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

| | |
|---|---|
| In re:<br><br>Roman Catholic Diocese of Burlington, Vermont,[1]<br><br>Debtor. | Case No.: 24-10205-HZC<br>Chapter 11 Case |

### DIOCESE'S OBJECTION TO SURVIVOR CC094'S MOTION FOR FINANCIAL OVERSIGHT, FORENSIC ACCOUNTING, AND EXAMINATION OF PARISH-RELATED TRUST ACCOUNTS

The Roman Catholic Diocese of Burlington, Vermont (the "Diocese"), files this objection (this "Objection") to the *Motion for Financial Oversight, Forensic Accounting, and Examination of Parish-Related Trust Accounts* (the "Motion") filed by Survivor CC094 (the "Movant"). (ECF No. 564.) While the Diocese understands the Movant's desire for transparency, the Diocese is already subject to oversight and various disclosure requirements as part of this bankruptcy case. For these reasons, as well as the reasons described below, the Motion must be denied.

### BACKGROUND

On September 30, 2024 (the "Petition Date"), the Diocese filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. (ECF No. 1.) On October 22, 2024, the Office of the United States Trustee appointed the Official Committee of Unsecured Creditors (the "Committee"), which is comprised of sexual abuse survivors. (ECF No. 52.) The Committee retained Pachulski Stang Ziehl & Jones ("PSZJ") and Lemery Greisler LLC ("Lemery," and together with PSZJ, "Committee Counsel") on or around November 12, 2024. The Court approved

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Diocese's address is 55 Joy Drive, South Burlington, Vermont 05403, and its Employer Identification Number (EIN) is 03-0180730.

the Committee's retention of PSZJ and Lemery, respectively, on December 30, 2024 and January 3, 2025. (ECF Nos. 145, 151.) On January 21, 2025, the Committee filed an application to employ Berkeley Research Group, LLC ("BRG"), as financial advisor for the Committee. (ECF No. 170.) In the application, the Committee stated the following:

> The Committee desires to retain BRG, at the expense of the [Diocese's] estate to render professional services as required by the Committee, including, but not limited to, . . .
>
> > a. assisting the Committee in investigating the assets, liabilities and financial condition of the [Diocese] or the [Diocese's] operations and the desirability of the continuance of any portion of those operations, including review of any donor restrictions on the [Diocese's] assets; . . .
> >
> > c. analyzing the [Diocese's] accounting reports and financial statements to assess the reasonableness of the [Diocese's] financial disclosures;
> >
> > d. providing forensic accounting and investigations with respect to transfers of the [Diocese's] assets and recovery of property of the estate; [and] . . .
> >
> > n. analyzing the flow of funds in and out of accounts the [Diocese] contends contain assets held in trust for others, to determine whether the funds were commingled with non-trust funds and lost their character as trust funds, under applicable legal and accounting principles[.]

(*Id.* at ¶ 8.) The Court approved the Committee's employment of BRG on February 6, 2025. (ECF No. 192.) BRG has since been involved in analyzing the Diocese's financial situation on behalf of the Committee and the Diocese is responsible for paying for the services provided by BRG.

On March 4, 2025, the Committee filed a motion under Fed. R. Bankr. P. 2004 for an order authorizing and directing the Diocese to produce certain documents and information. (ECF No. 226.) Among the requested documents and information were all trust agreements for the parish trusts. The Court granted that motion in part on March 26, 2025. (ECF No. 254). Since that time, the Diocese has provided thousands of documents to the Committee and BRG. The Diocese's counsel and Committee Counsel also meet weekly to exchange information, including to address any follow-up requests from BRG. While certain issues regarding property of the estate under 11

U.S.C. § 541 remain unresolved, the Diocese and the Committee continue to discuss those issues and anticipate doing so at the upcoming mediation on December 15, 2025 and December 18, 2025.

Lastly, since the inception of this bankruptcy case, the Diocese has regularly and timely filed monthly operating reports as required by 28 C.F.R. § 58.8. Among other things, the reports detail monthly expenditures and current assets. These reports are publicly available on Stretto's website at https://case.stretto.com/dioceseofburlington/docket.

## ANALYSIS

The Diocese contests the factual allegations in the Motion[2] and disputes whether the Motion was procedurally proper.[3] However, the Court does not need to reach those issues to resolve the Motion and this Objection. Simply put, the relief requested in the Motion is unnecessary. In the Motion, the Movant appears to be requesting the following relief from the Court: (a) that the Diocese be required to employ a "qualified independent forensic accountant" to conduct a full forensic accounting of both unrestricted operating funds and parish and Diocesan trusts; (b) that the Diocese or the parishes, as applicable, be prohibited from using or transferring unrestricted operating funds or trust funds pending the forensic accounting; and (c) that the Diocese be required to submit periodic reporting to the Court and interested parties. (Mot. 3.) As

---

[2] The Movant relies on "publicly available documentation" and "public reports" for the Movant's factual allegations, including that the Diocese became self-insured in 2013, thereby "exposing unrestricted funds to liability," and transferred Bishop's Annual Appeal funds into parish trusts. (*Id.* at 2.) It is unclear what specific documentation and reports the Movant is referring to. The Diocese became self-insured in the 1980s; it carried liability insurance, including for sexual abuse, when available; and the Diocese has not transferred Bishop's Annual Appeal funds into parish trusts, as demonstrated by the Diocese's audited financial statements, which have been provided to the Committee and BRG.

[3] For instance, any property of the estate determination would require the filing of an adversary proceeding under Fed. R. Bankr. P. 7001(i). (*See* Obj. to Mot. for Rule 2004 Examination 5, n.5, ECF No. 242.)

3

evident above, the Diocese is already subject to this type of oversight and is required to provide the requested disclosures.

First, BRG has been employed by the Committee, at the Diocese's expense. One of the main services that BRG provides is forensic accounting, like that requested by the Movant. Second, BRG's forensic accounting services have been underway for months and, as a practical matter, the Diocese must be allowed to use certain funds to continue to operate and progress through this bankruptcy case while the forensic accounting is being performed. While certain property of the estate issues involving the parishes and parish trusts remain unresolved, the Committee, the Diocese, and other interested parties continue to work toward a resolution. Third, and finally, the Diocese has been submitting monthly operating reports since September 2024. Those reports are publicly available online for anyone to access. Imposing any further obligations on the Diocese as requested by the Movant would only result in duplicative efforts and unnecessary administrative expenses. The Diocese understands the Movant's desire for transparency, but such transparency is already being provided.

## **CONCLUSION**

For the foregoing reasons, the Motion must be denied.

| | |
|---|---|
| Dated: December 5, 2025 | /s/ *Katherine A. Nixon* |
| | Raymond J. Obuchowski |
| | **OBUCHOWSKI LAW OFFICE** |
| | 1542 Route 107, PO Box 60 |
| | Bethel, VT 05032 |
| | (802) 234-6244 |
| | ray@oeblaw.com |
| | |
| | James L. Baillie (*pro hac vice*) |
| | Steven R. Kinsella (*pro hac vice*) |
| | Samuel M. Andre (*pro hac vice*) |
| | Katherine A. Nixon (*pro hac vice*) |
| | **FREDRIKSON & BYRON, P.A.** |
| | 60 South Sixth Street, Suite 1500 |
| | Minneapolis, MN 55402-4400 |
| | (612) 492-7000 |
| | jbaillie@fredlaw.com |
| | skinsella@fredlaw.com |
| | sandre@fredlaw.com |
| | knixon@fredlaw.com |
| | |
| | **ATTORNEYS FOR THE ROMAN CATHOLIC DIOCESE OF BURLINGTON, VERMONT** |