UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
12/11/2025

In re: )
)
**ROMAN CATHOLIC DIOCESE** )
**OF BURLINGTON, VERMONT,** ) **Case No. 24-10205**
) **Chapter 11**
**Debtor.** )

## ORDER GRANTING IN PART FOURTH INTERIM APPLICATION OF FREDRIKSON & BYRON, P.A. FOR ALLOWANCE OF FEES AND EXPENSES AS CHAPTER 11 COUNSEL FOR THE DIOCESE FROM JULY 1, 2025 THROUGH SEPTEMBER 30, 2025

This matter came before the Court on the Fourth Interim Application of Fredrikson & Byron, P.A. (FB) for Allowance of Fees and Expenses as Chapter 11 Counsel for the Diocese from July 1, 2025 through September 30, 2025 [ECF 540] (the Application). The Debtor has consented to the Application in accordance with Vt. LBR 2016-1 [ECF 540] and the Application has drawn no objection [ECF 542; 568].

The Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Application was provided pursuant to Local Rule 9013-4; and (v) notice of the Application was sufficient under Bankruptcy Rule 2002(a)(6), Local Rule 2002-1, and the Court's order establishing compensation procedures [ECF 180].

Under § 330(a),[1] FB, as the applicant bears the burden of proof on its claim for compensation.[2] As courts in the Second Circuit have recognized:

> This burden is not to be taken lightly, especially given that every dollar expended on legal fees [usually] results in a dollar less that is available for distribution to the creditors…Even in the absence of an objection, the bankruptcy court has an independent duty to review fee applications to

---

[1] Unless otherwise indicated, all statutory references refer to Title 11 of the United States Code (the "Bankruptcy Code").

[2] *In re Fibermark, Inc.*, 349 B.R. 385, 395 (Bankr. D. Vt. 2006).

1

> protect the estate…pursuant to this duty hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded…[3]

In reviewing a request for compensation, the Court must find the fees and expenses described in the Application are reasonable and constitute actual and necessary fees and expenses before the Application may be granted.[4] There is an inherent public interest that must be considered in awarding fees in a bankruptcy case.[5] A reasonable fee "is the result of a balance struck between moderation in the interest of the estate and its [creditors] and the need to be generous enough to encourage lawyers and others to render the necessary and exacting services that bankruptcy cases often require."[6]

The Court's order establishing compensation procedures in this case reiterates disclosures the parties must make to prove their fees are reasonable. For a professional who bills based on time, these disclosures include:

> "a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the [Application] period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour."[7]

Most of these factors are relatively straightforward. At a minimum, the Application must "conscientiously set forth…the nature of the services rendered at a level of specificity that would allow [the Court] to evaluate the [A]pplication."[8]

In the Application, some of FB's billing entries lack adequately clear disclosures for the Court to evaluate their reasonableness. One attorney billed 39.2 hours over the course of two and a half weeks to

---

[3] *In re Norwich Roman Catholic Diocesan Corp.*, Case No. 21-20687, 2023 WL 6939247, *3 (Bankr. D. Conn. Oct. 19, 2023) (internal citations omitted). *See also In re Fibermark, Inc.*, 349 B.R. at 393.

[4] *Fibermark,* 349 B.R. at 395.

[5] *Fibermark*, 349 B.R. at 393.

[6] S. REP. NO. 95-989, at 40 (1978).

[7] [ECF 180] p.3, ¶ c.

[8] *Fibermark*, 349 B.R. at 395.

"Analyze client documents in response to UCC subpoena."[9] Nothing in the description of the time spent provides sufficient information for the Court to evaluate whether this time spent over a period of two weeks is reasonable. Without some indication as to the number and length of relevant documents, it is impossible for the Court to assess whether these multiple entries constitute reasonable time to spend on this task. While the record indicates the various parties have engaged in a flurry of discovery activity, absent more information, the Court must exercise its independent duty to protect the estate.

Given the lack of description provided to determine whether the time spent is reasonable, FB has failed to meet its burden to prove the reasonableness of these entries.[10] The entries allege 39.2 hours of work at an hourly rate of $565.00. The Court disallows and deducts $22,148.00 from the fees sought in the Application. The Court finds that the remaining fees and expenses described in the Application to be reasonable and necessary.

Therefore, IT IS HEREBY ORDERED:

1. Fees in the amount of $22,148.00 are disallowed as set forth in this Order;

2. Fredrikson & Byron, P.A.'s fees remaining fees incurred between July 1, 2025 and September 30, 2025 in the amount of $141,020.00, and expenses in the amount of $5,033.54, for a total of $146,053.54, are allowed;

3. The Diocese (as defined in the Application) is authorized to pay such allowed postpetition fees and expenses; and

---

[9] [ECF 540] pp. 46-47.

[10] The Court also notes FB's failure to identify the title of each professional and paraprofessional whose time was billed and included in the Application, as required by *Fibermark* and paragraph (c) of the Order establishing compensation procedures [ECF 180]. The Court was able to discern the titles of these individuals from an earlier pleading by FB [ECF 15], but the Court reminds the parties of the necessity to include that information on each application going forward. Without this information, the Court cannot assess the reasonableness of each professional's hourly rate, or of the total amount billed by said professionals.

3

4. Fredrikson & Byron, P.A.'s fees and expenses allowed in this Order are granted administrative priority under 11 U.S.C. § 503(b).

**SO ORDERED.**

December 11, 2025
Burlington, Vermont

*Heather Z. Cooper*
Heather Z. Cooper
United States Bankruptcy Judge