UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

Filed & Entered
On Docket
12/11/2025

In re: )
)
ROMAN CATHOLIC DIOCESE )
OF BURLINGTON, VERMONT, )   Case No. 24-10205
)   Chapter 11
Debtor. )

**ORDER GRANTING IN PART FOURTH INTERIM APPLICATION OF FREDRIKSON & BYRON, P.A. FOR ALLOWANCE OF FEES AND EXPENSES AS CHAPTER 11 COUNSEL FOR THE DIOCESE FROM JULY 1, 2025 THROUGH SEPTEMBER 30, 2025**

This matter came before the Court on the Fourth Interim Application of Fredrikson & Byron, P.A. (FB) for Allowance of Fees and Expenses as Chapter 11 Counsel for the Diocese from July 1, 2025 through September 30, 2025 [ECF 540] (the Application). The Debtor has consented to the Application in accordance with Vt. LBR 2016-1 [ECF 540] and the Application has drawn no objection [ECF 542; 568].

The Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Application was provided pursuant to Local Rule 9013-4; and (v) notice of the Application was sufficient under Bankruptcy Rule 2002(a)(6), Local Rule 2002-1, and the Court's order establishing compensation procedures [ECF 180].

Under § 330(a),[1] FB, as the applicant bears the burden of proof on its claim for compensation.[2] As courts in the Second Circuit have recognized:

> This burden is not to be taken lightly, especially given that every dollar expended on legal fees [usually] results in a dollar less that is available for distribution to the creditors…Even in the absence of an objection, the bankruptcy court has an independent duty to review fee applications to

---

[1] Unless otherwise indicated, all statutory references refer to Title 11 of the United States Code (the "Bankruptcy Code").

[2] *In re Fibermark, Inc.*, 349 B.R. 385, 395 (Bankr. D. Vt. 2006).

1

protect the estate…pursuant to this duty hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded…[3]

In reviewing a request for compensation, the Court must find the fees and expenses described in the Application are reasonable and constitute actual and necessary fees and expenses before the Application may be granted.[4] There is an inherent public interest that must be considered in awarding fees in a bankruptcy case.[5] A reasonable fee "is the result of a balance struck between moderation in the interest of the estate and its [creditors] and the need to be generous enough to encourage lawyers and others to render the necessary and exacting services that bankruptcy cases often require."[6]

The Court's order establishing compensation procedures in this case reiterates disclosures the parties must make to prove their fees are reasonable. For a professional who bills based on time, these disclosures include:

> "a list of the individuals and their respective titles (e.g., attorney, accountant, or paralegal) who provided services during the [Application] period, their respective billing rates, the aggregate hours spent by each individual, a reasonably detailed breakdown of the disbursements incurred, and contemporaneously maintained time entries for each individual in increments of tenths (1/10) of an hour."[7]

Most of these factors are relatively straightforward. At a minimum, the Application must "conscientiously set forth…the nature of the services rendered at a level of specificity that would allow [the Court] to evaluate the [A]pplication."[8]

In the Application, some of FB's billing entries lack adequately clear disclosures for the Court to evaluate their reasonableness. One attorney billed 39.2 hours over the course of two and a half weeks to

---

[3] *In re Norwich Roman Catholic Diocesan Corp.*, Case No. 21-20687, 2023 WL 6939247, *3 (Bankr. D. Conn. Oct. 19, 2023) (internal citations omitted). *See also In re Fibermark, Inc.*, 349 B.R. at 393.

[4] *Fibermark,* 349 B.R. at 395.

[5] *Fibermark*, 349 B.R. at 393.

[6] S. REP. NO. 95-989, at 40 (1978).

[7] [ECF 180] p.3, ¶ c.

[8] *Fibermark*, 349 B.R. at 395.

2

"Analyze client documents in response to UCC subpoena."[9] Nothing in the description of the time spent provides sufficient information for the Court to evaluate whether this time spent over a period of two weeks is reasonable. Without some indication as to the number and length of relevant documents, it is impossible for the Court to assess whether these multiple entries constitute reasonable time to spend on this task. While the record indicates the various parties have engaged in a flurry of discovery activity, absent more information, the Court must exercise its independent duty to protect the estate.

Given the lack of description provided to determine whether the time spent is reasonable, FB has failed to meet its burden to prove the reasonableness of these entries.[10] The entries allege 39.2 hours of work at an hourly rate of $565.00. The Court disallows and deducts $22,148.00 from the fees sought in the Application. The Court finds that the remaining fees and expenses described in the Application to be reasonable and necessary.

Therefore, IT IS HEREBY ORDERED:

1. Fees in the amount of $22,148.00 are disallowed as set forth in this Order;

2. Fredrikson & Byron, P.A.'s fees remaining fees incurred between July 1, 2025 and September 30, 2025 in the amount of $141,020.00, and expenses in the amount of $5,033.54, for a total of $146,053.54, are allowed;

3. The Diocese (as defined in the Application) is authorized to pay such allowed postpetition fees and expenses; and

---

[9] [ECF 540] pp. 46-47.

[10] The Court also notes FB's failure to identify the title of each professional and paraprofessional whose time was billed and included in the Application, as required by *Fibermark* and paragraph (c) of the Order establishing compensation procedures [ECF 180]. The Court was able to discern the titles of these individuals from an earlier pleading by FB [ECF 15], but the Court reminds the parties of the necessity to include that information on each application going forward. Without this information, the Court cannot assess the reasonableness of each professional's hourly rate, or of the total amount billed by said professionals.

4. Fredrikson & Byron, P.A.'s fees and expenses allowed in this Order are granted administrative priority under 11 U.S.C. § 503(b).

**SO ORDERED.**

December 11, 2025  
Burlington, Vermont

*/s/ Heather Z. Cooper*  
Heather Z. Cooper  
United States Bankruptcy Judge

United States Bankruptcy Court
District of Vermont

In re:  
Roman Catholic Diocese of Burlington, Ve  
    Debtor

Case No. 24-10205-hzc  
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 0210-2     User: admin     Page 1 of 2  
Date Rcvd: Dec 11, 2025     Form ID: pdf629     Total Noticed: 8

The following symbols are used throughout this certificate:  
**Symbol    Definition**  
+    Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 13, 2025:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Roman Catholic Diocese of Burlington, Vermont, 55 Joy Drive, South Burlington, VT 05403-6999 |
| aty | | Gail S. Greenwood, Pachulski Sang Ziehl & Jones LLP, One Sansome Street, 34th Floor, San Francisco, CA 94104-4436 |
| aty | + | James I. Stang, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067-4003 |
| aty | + | Paul V. Possinger, Proskauer Rose LLP, 70 West Madison, Suite 3800, Chicago, IL 60602-4342 |
| aty | | Timothy Q. Karcher, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036-8299 |
| intp | + | Interstate Fire & Casualty Company, c/o Fisher Law Offices, PLLC, 45 Lyme Road, Suite 205, Hanover, NH 03755-1222 |
| cr | + | J. Hutchins Inc., 88 Rogers Lane, Richmond, VT 05477, US 05477-7748 |

TOTAL: 7

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: bankruptcy@td.com | Dec 11 2025 19:36:00 | TD Bank, N.A., 70 Gray Road, Falmouth, ME 04105 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| sp | | Dinse P.C. |
| crcm | | Local Counsel to the Official Committee of Unsecur, c/o Paul A. Levine, Esq., Lemery Greisler LLC |
| cr | | Survivor CC094 |

TOTAL: 3 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 13, 2025     Signature:    /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

| | | |
|---|---|---|
| District/off: 0210-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Dec 11, 2025 | Form ID: pdf629 | Total Noticed: 8 |

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 11, 2025 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alexander Jason LaRosa | on behalf of Creditor J. Hutchins Inc. ajlarosa@mskvt.com chorigan@mskvt.com |
| Andre Denis Bouffard | on behalf of Interested Party Vermont Catholic Community Foundation Inc. abouffard@drm.com, mbottino@drm.com |
| Antonin Robbason | on behalf of Creditor TD Bank N.A. aizr@rsclaw.com, ccs@rsclaw.com;lcw@rsclaw.com;sem@rsclaw.com |
| Brittany Mitchell Michael | on behalf of Creditor Committee Committee of Unsecured Creditors bmichael@pszjlaw.com |
| Celeste E. Laramie | on behalf of Creditor Survivor Creditors claramie@gravelshea.com |
| David Michael Caves | on behalf of Interested Party Interstate Fire & Casualty Company dcaves@phrd.com |
| Elizabeth A. Glynn | on behalf of Creditor TD Bank N.A. eag@rsclaw.com, ccs@rsclaw.com |
| Harris Winsberg | on behalf of Interested Party Interstate Fire & Casualty Company hwinsberg@phrd.com elyttle@phrd.com |
| Harrison E. Strauss | on behalf of U.S. Trustee U S Trustee harrison.strauss@usdoj.gov |
| Jeremy R. Fischer | on behalf of Interested Party Rice Memorial High School jfischer@dwmlaw.com mveilleux@dwmlaw.com |
| Jim Baillie | on behalf of Debtor Roman Catholic Diocese of Burlington Vermont jbaillie@fredlaw.com |
| Katherine Nixon | on behalf of Debtor Roman Catholic Diocese of Burlington Vermont knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com |
| Lisa M Penpraze | on behalf of U.S. Trustee U S Trustee lisa.penpraze@usdoj.gov |
| Matthew Michael Weiss | on behalf of Interested Party Interstate Fire & Casualty Company mweiss@phrd.com |
| Michael Bryan Fisher | on behalf of Interested Party Interstate Fire & Casualty Company fisher@mbfisherlaw.com fisher.michaelb.r81669@notify.bestcase.com |
| Paul A Levine | on behalf of Creditor Committee Committee of Unsecured Creditors plevine@lemerygreisler.com phartl@lemerygreisler.com |
| Paul A Levine | on behalf of Creditor Committee Local Counsel to the Official Committee of Unsecured Creditors plevine@lemerygreisler.com phartl@lemerygreisler.com |
| Raymond J Obuchowski | on behalf of Debtor Roman Catholic Diocese of Burlington Vermont ray@oeblaw.com, marie@oeblaw.com |
| Robert S DiPalma | on behalf of Financial Advisor Berkeley Research Group LLC rdipalma@pfclaw.com |
| Samuel Andre | on behalf of Debtor Roman Catholic Diocese of Burlington Vermont sandre@fredlaw.com, docketing@fredlaw.com;mcalhoun@fredlaw.com;sstallings@fredlaw.com |
| Steven Robert Kinsella | on behalf of Debtor Roman Catholic Diocese of Burlington Vermont skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com |
| Todd C. Jacobs | on behalf of Interested Party Interstate Fire & Casualty Company tjacobs@phrd.com |
| U S Trustee | ustpregion02.vt.ecf@usdoj.gov |

TOTAL: 23