UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In re:

Roman Catholic Diocese of Burlington, Vermont,

Debtor.

**Chapter 11**

**Case No. 24-10205-HZC**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

### ORDER GRANTING IN PART AND DENYING IN PART FIFTH INTERIM APPLICATION OF PACHULSKI STANG ZIEHL & JONES LLP, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR <u>INTERIM AWARD OF COMPENSATION AND</u> <u>REIMBURSEMENT OF EXPENSES</u>

Pending before the Court is the fifth interim application ("<u>Application</u>") for an award of interim compensation and reimbursement of expenses on behalf of Pachulski Stang Ziehl & Jones LLP ("<u>PSZJ</u>"), counsel for the Official Committee of Unsecured Creditors appointed in the bankruptcy case of the Roman Catholic Diocese of Burlington, Vermont (the "<u>Debtor</u>") for services rendered from October 1, 2025 through December 31, 2025 (the "<u>Application Period</u>") [ECF 637]. The Application having been noticed under this Court's default procedure and no opposition having been interposed; the Court considers the Application ripe for consideration.

As the movant, PSZJ bears the burden of proving the reasonableness of its fees. To be compensated from the estate, PSZJ must demonstrate –not just recite—that the fees sought are reasonable, necessary, and of benefit to the estate. *See In re Fibermark,* 349 B.R. 385, 395 (Bankr. D. Vt. 2006). When billing for legal research, the professional must identify each specific issue researched. Research on basic principles of bankruptcy law is non-compensable and when determining what constitutes a "basic principle" the Court will focus largely upon the role of the professional and representations made during the retention process. In *Fibermark,* this Court used an example for this premise. If a professional is retained based upon it holding itself out as an expert in certain areas, it could not then be compensated for researching the very issues in which the professional claimed to have a high level of expertise.

In its retention in this case, PSZJ represented its attorneys "have unique experience representing more committees of survivors of childhood sexual abuse in chapter 11 cases involving

entities affiliated with the Roman Catholic Church than does any other law firm in the country…"[1] The Application contains four time entries with a description "Legal research regarding parish trusts" which span from October 27 to October 30 for a cumulative 8.3 hours, at the rate of $950 an hour, totaling $7,885.00. Based upon the description provided, PSZJ has not demonstrated the fees sought are reasonable, necessary, or of benefit to the estate. In addition, the description lacks fundamental information to allow this Court to determine whether the research is such that it would be considered a "basic principle" in bankruptcy cases affiliated with the Roman Catholic Church. Accordingly, the Court DENIES compensation for those entries. Based upon consideration of the balance of the Application, it is hereby

**ORDERED**, the Application is GRANTED for legal services rendered in the amount of $66,252.50 pursuant to 11 U.S.C. §503(b)(2) and §507(a), and $3,992.51 for expenses incurred during the Application Period; and it is further

**ORDERED**, that the allowed fees and expenses shall be paid by the Debtor.

March 24, 2026
Burlington, Vermont

Heather Z. Cooper
United States Bankruptcy Judge

---

[1] ECF 110 at ¶4.