**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**



| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **ROMAN CATHOLIC DIOCESE** | ) | |
| **OF BURLINGTON, VERMONT,** | ) | **Case No. 24-10205** |
| | ) | **Chapter 11** |
| **Debtor.** | ) | |

Filed & Entered
On Docket
04/01/2026

## ORDER GRANTING IN PART AND DENYING IN PART FIFTH INTERIM APPLICATION OF FREDRIKSON & BYRON, P.A. FOR ALLOWANCE OF FEES AND EXPENSES AS COUNSEL TO DEBTOR FROM OCTOBER 1, 2025 THROUGH DECEMBER 31, 2025

This matter came before the Court on the Fifth Interim Application of Fredrikson & Byron, P.A. (F&B) for Allowance of Fees and Expenses as Chapter 11 Counsel for the Roman Catholic Diocese of Burlington, Vermont (Debtor) from October 1, 2025 through December 31, 2025 (the Application).[1] The Court also considers F&B's supplemental Declaration regarding Litigation Support Services.[2] The Diocese has consented to the Application in accordance with Vt. LBR 2016-1[3] and the Application has drawn no objection.[4]

The Court finds that (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Application was provided pursuant to Local Rule 9013-4; and (v) notice of the Application was sufficient under Bankruptcy Rule 2002(a)(6), Local Rule 2002-1, and the Court's order establishing compensation procedures.[5]

---

[1] ECF 643.

[2] ECF 703.

[3] ECF 645.

[4] ECF 666.

[5] ECF 180.

1

Under § 330(a),[6] F & B, as the applicant bears the burden of proof on its claim for compensation.[7]

As courts in the Second Circuit have recognized:

> This burden is not to be taken lightly, especially given that every dollar
> expended on legal fees [usually] results in a dollar less that is available for
> distribution to the creditors…Even in the absence of an objection, the
> bankruptcy court has an independent duty to review fee applications to
> protect the estate…pursuant to this duty hours that are 'excessive,
> redundant, or otherwise unnecessary,' are to be excluded…[8]

In reviewing a request for compensation, the Court must find the fees and expenses described in

the Application are reasonable and constitute actual and necessary fees and expenses before the

Application may be granted.[9] There is an inherent public interest that must be considered in awarding fees

in a bankruptcy case.[10] A reasonable fee "is the result of a balance struck between moderation in the

interest of the estate and its [creditors] and the need to be generous enough to encourage lawyers and

others to render the necessary and exacting services that bankruptcy cases often require."[11]

The Court's order establishing compensation procedures in this case reiterates disclosures the

parties must make to prove their fees are reasonable. For a professional who bills based on time, these

disclosures include:

> "a list of the individuals and their respective titles (e.g., attorney,
> accountant, or paralegal) who provided services during the [Application]
> period, their respective billing rates, the aggregate hours spent by each
> individual, a reasonably detailed breakdown of the disbursements incurred,
> and contemporaneously maintained time entries for each individual in
> increments of tenths (1/10) of an hour."[12]

---

[6] Unless otherwise indicated, all statutory references refer to Title 11 of the United States Code (the "Bankruptcy Code").

[7] *In re Fibermark, Inc.*, 349 B.R. 385, 395 (Bankr. D. Vt. 2006).

[8] *In re Norwich Roman Catholic Diocesan Corp.*, Case No. 21-20687, 2023 WL 6939247, *3 (Bankr. D. Conn. Oct. 19, 2023) (internal citations omitted). *See also Fibermark*, 349 B.R. at 393.

[9] *Fibermark,* 349 B.R. at 395.

[10] *Fibermark*, 349 B.R. at 393.

[11] S. REP. NO. 95-989, at 40 (1978).

[12] ECF 180 at 3, ¶ c.

Most of these factors are relatively straightforward. At a minimum, the Application must "conscientiously set forth…the nature of the services rendered at a level of specificity that would allow [the Court] to evaluate the [A]pplication."[13]

In the Application, some of F&B's billing entries lack adequately clear disclosures for the Court to evaluate their reasonableness. In October 2025, F&B spent 10.2 hours to "analyze parish financial information," and "review parish trust balance sheets and supporting documentation."[14] Nothing in the description of the time spent provides sufficient information for the Court to evaluate whether this time spent is reasonable. Without some indication as to the number and length of relevant documents, it is impossible for the Court to assess whether these multiple entries constitute reasonable time to spend on this task. While the record indicates the various parties have engaged in a flurry of discovery activity, absent more information, the Court must exercise its independent duty to protect the estate. Accordingly, the Court finds F&B has failed to meet its burden to prove the reasonableness of these fees such that they will be disallowed.

As for F&B's expenses, "a professional seeking reimbursement from the estate for expenses incurred in the case must furnish enough specificity for the Court to establish whether a given expense was both actual and necessary. Only fully documented, actual, out-of-pocket expenses that the applicant can substantiate as necessary will be reimbursed."[15]

F&B reported $7,770.00 in expenses for "litigation support services," with no explanation of the services provided.[16] This prevented the Court from assessing whether these fees are reasonable.

The Court expressed these concerns at a hearing on March 24, 2026, and offered F&B the opportunity to supplement its Application. F&B then filed a supplemental Declaration to address the

---

[13] *Fibermark*, 349 B.R. at 395.

[14] ECF 643 at 26.

[15] Fibermark, 349 B.R. at 398 (internal citations omitted).

[16] ECF 643 at 10, 21, 57, 90.

Court's concerns.[17] The Declaration provides sufficient explanation of the "litigation support services" expenses such that the Court is now able to determine the reasonableness of those expenses.

However, the Declaration failed to address the reasonableness of fees described above. The entries allege 10.2 hours of work at an hourly rate of $635.00. The Court disallows and deducts $6,477.00 from the fees sought in the Application. The Court finds that the remaining fees and expenses described in the Application to be reasonable and necessary.

Therefore, IT IS HEREBY ORDERED:

1. Fees in the amount of $6,477.00 are disallowed as set forth in this Order;

2. Fredrikson & Byron, P.A.'s fees remaining fees incurred between October 1, 2025 and December 31, 2025 in the amount of $73,572.00, and expenses in the amount of $9,654.64, for a total of $83,226.94, are allowed;

3. The Diocese (as defined in the Application) is authorized to pay such allowed postpetition fees and expenses; and

4. Fredrikson & Byron, P.A.'s fees and expenses allowed in this Order are granted administrative priority under 11 U.S.C. § 503(b).

**SO ORDERED.**

April 1, 2026
Burlington, Vermont

Heather Z. Cooper
United States Bankruptcy Judge

---

[17] ECF 703 (the Declaration).

United States Bankruptcy Court

District of Vermont

In re:                                                                    Case No. 24-10205-hzc

Roman Catholic Diocese of Burlington, Ve                                  Chapter 11

     Debtor

# CERTIFICATE OF NOTICE

District/off: 0210-2                    User: admin                        Page 1 of 3

Date Rcvd: Apr 01, 2026                 Form ID: pdf629                     Total Noticed: 13

The following symbols are used throughout this certificate:

**Symbol        Definition**

+               Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Apr 03, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Roman Catholic Diocese of Burlington, Vermont, 55 Joy Drive, South Burlington, VT 05403-6999 |
| aty | | Gail S. Greenwood, Pachulski Sang Ziehl & Jones LLP, One Sansome Street, 34th Floor, San Francisco, CA 94104-4436 |
| aty | + | James I. Stang, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067-4003 |
| aty | + | John E. Bucheit, Parker, Hudson, Rainer & Dobbs LLP, Two N. Riverside Plaza, Suite 1850, Chicago, IL 60606, UNITED STATES 60606-2647 |
| aty | + | Paul V. Possinger, Proskauer Rose LLP, 70 West Madison, Suite 3800, Chicago, IL 60602-4342 |
| aty | | Timothy Q. Karcher, Proskauer Rose LLP, Eleven Times Square, New York, NY 10036-8299 |
| intp | + | Catalina Worthing Insurance Ltd, c/o Ryan M Long, Esq., Primmer Piper Eggleston & Cramer PC, 30 Main Street, Suite 500, Burlington, VT 05401-8437 |
| intp | + | Certain Underwriters at Lloyd's London, c/o Ryan M. Long, Primmer Piper Eggleston & Cramer PC, 30 Main Street, Suite 500, Burlington, VT 05401-8437 |
| intp | + | Interstate Fire & Casualty Company, c/o Fisher Law Offices, PLLC, 45 Lyme Road, Suite 205, Hanover, NH 03755-1222 |
| cr | + | J. Hutchins Inc., 88 Rogers Lane, Richmond, VT 05477, US 05477-7748 |
| intp | + | RiverStone Insurance UK Limited, c/o Ryan M Long, Esq., Primmer Piper Eggleston & Cramer PC, 30 Main Street, Suite 500, Burlington, VT 05401-8437 |
| intp | + | Tenecom Ltd., c/o Ryan M Long, Esq., Primmer Piper Eggleston & Cramer PC, 30 Main Street, Suite 500, Burlington, VT 05401-8437 |

TOTAL: 12

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern
Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: bankruptcy@td.com | | |
| | | Apr 01 2026 19:39:00 | TD Bank, N.A., 70 Gray Road, Falmouth, ME 04105 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a
preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| sp | | Dinse P.C. |
| crcm | | Local Counsel to the Official Committee of Unsecur, c/o Paul A. Levine, Esq., Lemery Greisler LLC |
| cr | | Survivor CC094 |

TOTAL: 3 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities
in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and
belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the
complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains**

District/off: 0210-2          User: admin          Page 2 of 3

Date Rcvd: Apr 01, 2026          Form ID: pdf629          Total Noticed: 13

**the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 03, 2026          Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 1, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Alexander Jason LaRosa | on behalf of Creditor J. Hutchins Inc. ajlarosa@mskvt.com chorigan@mskvt.com |
| Andre Denis Bouffard | on behalf of Interested Party Vermont Catholic Community Foundation Inc. abouffard@drm.com, mbottino@drm.com |
| Antonin Robbason | on behalf of Creditor TD Bank N.A. aizr@rsclaw.com, ccs@rsclaw.com;lcw@rsclaw.com;sem@rsclaw.com |
| Brittany Mitchell Michael | on behalf of Creditor Committee Committee of Unsecured Creditors bmichael@pszjlaw.com |
| Catalina Sugayan | on behalf of Interested Party Catalina Worthing Insurance Ltd catalina.sugayan@clydeco.us |
| Catalina Sugayan | on behalf of Interested Party Tenecom Ltd. catalina.sugayan@clydeco.us |
| Catalina Sugayan | on behalf of Interested Party Certain Underwriters at Lloyd's London catalina.sugayan@clydeco.us |
| Catalina Sugayan | on behalf of Interested Party RiverStone Insurance UK Limited catalina.sugayan@clydeco.us |
| Celeste E. Laramie | on behalf of Creditor Survivor Creditors claramie@gravelshea.com |
| David Michael Caves | on behalf of Interested Party Interstate Fire & Casualty Company dcaves@phrd.com |
| Elizabeth A. Glynn | on behalf of Creditor TD Bank N.A. eag@rsclaw.com, ccs@rsclaw.com |
| Harris Winsberg | on behalf of Interested Party Interstate Fire & Casualty Company hwinsberg@phrd.com elyttle@phrd.com |
| Harrison E. Strauss | on behalf of U.S. Trustee U S Trustee harrison.strauss@usdoj.gov |
| James Moffitt | on behalf of Interested Party Catalina Worthing Insurance Ltd james.moffitt@clydeco.us Nancy.Lima@clydeco.us |
| James Moffitt | on behalf of Interested Party Certain Underwriters at Lloyd's London james.moffitt@clydeco.us Nancy.Lima@clydeco.us |
| James Moffitt | on behalf of Interested Party RiverStone Insurance UK Limited james.moffitt@clydeco.us Nancy.Lima@clydeco.us |
| James Moffitt | on behalf of Interested Party Tenecom Ltd. james.moffitt@clydeco.us Nancy.Lima@clydeco.us |
| Jeff Kahane | on behalf of Interested Party Certain Underwriters at Lloyd's London jkahane@skarzynski.com |
| Jeff Kahane | on behalf of Interested Party RiverStone Insurance UK Limited jkahane@skarzynski.com |
| Jeff Kahane | on behalf of Interested Party Tenecom Ltd. jkahane@skarzynski.com |
| Jeff Kahane | on behalf of Interested Party Catalina Worthing Insurance Ltd jkahane@skarzynski.com |
| Jeremy R Fischer | on behalf of Interested Party Rice Memorial High School jfischer@preti.com tworthen@preti.com |
| Jim Baillie | on behalf of Debtor Roman Catholic Diocese of Burlington Vermont jbaillie@fredlaw.com |

District/off: 0210-2                          User: admin                                    Page 3 of 3

Date Rcvd: Apr 01, 2026                    Form ID: pdf629                            Total Noticed: 13

Katherine Nixon

    on behalf of Debtor Roman Catholic Diocese of Burlington  Vermont knixon@fredlaw.com,
sstallings@fredlaw.com;docketing@fredlaw.com

Lisa M Penpraze

    on behalf of U.S. Trustee U S Trustee lisa.penpraze@usdoj.gov

Matthew Michael Weiss

    on behalf of Interested Party Interstate Fire & Casualty Company mweiss@phrd.com

Michael Bryan Fisher

    on behalf of Interested Party Interstate Fire & Casualty Company fisher@mbfisherlaw.com
fisher.michaelb.r81669@notify.bestcase.com

Paul A Levine

    on behalf of Creditor Committee Committee of Unsecured Creditors plevine@lemerygreisler.com  phartl@lemerygreisler.com

Paul A Levine

    on behalf of Creditor Committee Local Counsel to the Official Committee of Unsecured Creditors plevine@lemerygreisler.com
phartl@lemerygreisler.com

Raymond J Obuchowski

    on behalf of Debtor Roman Catholic Diocese of Burlington  Vermont ray@oeblaw.com, marie@oeblaw.com

Robert S DiPalma

    on behalf of Financial Advisor Berkeley Research Group LLC rdipalma@pfclaw.com

Ryan M. Long

    on behalf of Interested Party RiverStone Insurance UK Limited rlong@primmer.com

Ryan M. Long

    on behalf of Interested Party Catalina Worthing Insurance Ltd rlong@primmer.com

Ryan M. Long

    on behalf of Interested Party Tenecom Ltd. rlong@primmer.com

Ryan M. Long

    on behalf of Interested Party Certain Underwriters at Lloyd's London rlong@primmer.com

Samuel Andre

    on behalf of Debtor Roman Catholic Diocese of Burlington  Vermont sandre@fredlaw.com,
docketing@fredlaw.com;mcalhoun@fredlaw.com;sstallings@fredlaw.com

Steven Robert Kinsella

    on behalf of Debtor Roman Catholic Diocese of Burlington  Vermont skinsella@fredlaw.com,
sstallings@fredlaw.com;docketing@fredlaw.com

Timothy Evanston

    on behalf of Interested Party Certain Underwriters at Lloyd's London tevanston@skarzynski.com

Timothy Evanston

    on behalf of Interested Party Catalina Worthing Insurance Ltd tevanston@skarzynski.com

Timothy Evanston

    on behalf of Interested Party RiverStone Insurance UK Limited tevanston@skarzynski.com

Timothy Evanston

    on behalf of Interested Party Tenecom Ltd. tevanston@skarzynski.com

Todd C. Jacobs

    on behalf of Interested Party Interstate Fire & Casualty Company tjacobs@phrd.com

U S Trustee

    ustpregion02.vt.ecf@usdoj.gov


TOTAL: 43