**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VERMONT**

In re:

Roman Catholic Diocese of Burlington, Vermont,

              Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

Filed & Entered
On Docket
04/24/2026

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF BLANK ROME LLP
AS THE DIOCESE'S SPECIAL INSURANCE COUNSEL**

Upon consideration of the *Application for Order Pursuant to 11 U.S.C. § 327(a), Fed. R. Bankr. P. 2014(a), and Local Rule 2014-1 Authorizing Employment and Retention of Blank Rome LLP as Special Insurance Counsel* (the "Application") (ECF No. 711) filed by the Roman Catholic Diocese of Burlington, Vermont (the "Diocese"); and upon consideration of the Declaration of James R. Murray in support of the Application; and the Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Application is in the best interests of the Diocese's estate, the Diocese's creditors, and other parties in interest; and the Diocese having provided adequate and appropriate notice of the Application under the circumstances; and after due deliberation and good and sufficient cause appearing therefor;

    **IT IS HEREBY ORDERED THAT:**

    1.    The Application is **GRANTED** as set forth herein.

    2.    Pursuant 11 U.S.C. § 327(a), the Diocese is authorized to employ and retain Blank Rome LLP as its special insurance counsel.

3.      Within ten (10) business days prior to any increases of Blank Rome LLP's rates for any individual employed by Blank Rome LLP and retained by the Diocese pursuant to this Order, Blank Rome LLP shall file a supplemental affidavit or declaration with the Court setting forth the requested rate increase pursuant to 11 U.S.C. § 330(a)(3)(F). Parties in interest, including the United States trustee's office, retain all rights to object to, or otherwise respond to, any rate increase on any and all grounds, including, but not limited to, the reasonableness standard under 11 U.S.C. § 330.

4.      All payments of professional fees and the reimbursements of expenses to Blank Rome LLP are subject to Court approval based upon application to the Court and the submission of contemporaneous time records, pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules or in accordance with another order of this Court.[1]

5.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

6.      Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure to the contrary, this Order shall be immediately effective and enforceable upon its entry.

**SO ORDERED.**

April 24, 2026
Burlington, Vermont

Heather Z. Cooper
United States Bankruptcy Judge

---

[1] The Application references various groups of professionals and paraprofessionals who anticipate working on this case, and a range of hourly rates for each of the same. The Court reminds the Parties that fees must be reasonable to be compensable from the estate. *In re Fibermark*, 349 B.R. 385, 393 (Bankr. D. Vt. 2006). To that end, when reviewing applications for compensation the Court "considers whether the task at hand could have been performed competently by a less experienced professional at a lower cost to the estate…[as] determined by the level and skill reasonably required for the task." *Id*. at 396.