**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

---

In re:

Roman Catholic Diocese of Burlington, Vermont,[1]

        Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

---

**JOINT MOTION TO FURTHER AMEND ORDER REFERRING PARTIES TO GLOBAL MEDIATION, APPOINTING MEDIATORS, AND GRANTING RELATED RELIEF**

---

The Roman Catholic Diocese of Burlington, Vermont (the "Diocese") and the Official Committee of Unsecured Creditors (the "Committee," and together with the Diocese, the "Parties") jointly request that the Court enter an order further amending the *Order Referring Parties to Global Mediation, Appointing Mediators, and Granting Related Relief* (ECF No. 352) (the "Motion"). Specifically, the Parties request that the Court extend the deadline for completion of mediation to September 30, 2026. The Parties continue to negotiate the terms of a plan of reorganization and continued assistance from the mediators throughout that process would be beneficial for both Parties. In addition, certain insurance companies, namely London Market Insurers ("LMI") and Interstate Fire & Casualty Company ("Interstate" and together with LMI, the "Insurers") are now parties to this bankruptcy case. Extending the deadline for completion of mediation would allow the insurance companies to participate in mediation.

The Parties conferred with the Office of the United States Trustee prior to the filing of this Motion.

---

[1] In accordance with Fed. R. Bankr. P. 2002(n) and 1005 and 11 U.S.C. § 342(c), as applicable, the Diocese's address is 55 Joy Drive, South Burlington, Vermont 05403, and its Employer Identification Number (EIN) is 03-0180730.

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Rule 5005 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.       The petition commencing this Chapter 11 case was filed on September 30, 2024 (the "Petition Date").  The case is currently pending before this Court.

3.      This Motion arises under 11 U.S.C. § 105(a), Bankruptcy Rule 9024, Fed. R. Civ. P. 60, and Local Rule 9024-1.  This Motion is filed under Bankruptcy Rule 9013 and Local Rules 9013-1 to -6. Notice of this Motion is provided pursuant to Bankruptcy Rule 2002 and Local Rules 9013-3, as applicable.

## GENERAL BACKGROUND

4.      On the Petition Date, the Diocese filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Diocese continues to operate its business as debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108. There is presently no pending request or motion for appointment of a trustee or examiner.

5.      The Diocese is a Catholic diocese serving the entire State of Vermont. Further background information regarding the Diocese may be found in the *Affidavit of Bishop John J. McDermott in Support of Initial Pleadings and Pursuant to Local Rule 1007-1(i)*. (ECF No. 13.)

6.      The Office of the United States Trustee appointed the Committee on October 22, 2024. (ECF No. 52.)

7.      Upon a motion filed by the Diocese on May 12, 2025 (ECF No. 303), the Court entered the *Order Referring Parties to Global Mediation, Appointing Mediators, and Granting*

2

*Related Relief* (ECF No. 352, the "Original Order") on June 13, 2025, appointing Judge William J. Fisher and Michael Marks as mediators.

8.      The Original Order established August 12, 2025 as the deadline for completing mediation. (*Id.* ¶ 6(b).)

9.       After the Court's entry of the Original Order, Judge William J. Fisher, one of the Court-appointed mediators, entered an *Order for Appearance at Mediation* (ECF No. 400, the "Appearance Order"), directing the Parties to appear and participate in mediation on July 28, 2025 and July 29, 2025 in Minneapolis, Minnesota.

10.      The Parties appeared and participated in mediation on those dates yet required additional time to complete mediation. The Parties agreed to continue mediation to September 11, 2025 and September 12, 2025 in Minneapolis, Minnesota.

11.      Due to the need for additional time to complete mediation, on August 18, 2025, the Court entered an *Order Amending Timeframe for Completion of Global Mediation* (ECF No. 431) and extended the deadline for completion of mediation to September 19, 2025.

12.      On August 21, 2025, and upon a joint application by the Parties, the Court entered the *Order Under 11 U.S.C § 327(a), Fed. R. Bankr. P. 2014(a), and Local Rule 2014-1 Authorizing Employment of Insurance Archaeology Services, LLC as Insurance Archaeologist for the Diocese.* (ECF No. 435.)

13.      The Parties appeared and participated in further mediation between September 11, 2025 and September 12, 2025. However, it again became apparent that the Parties would need additional time to continue their negotiations. The Parties agreed to continue mediation to December 15, 2025 and December 18, 2025 by Zoom.

14.      The Court found that the Parties could benefit from the continued involvement of the Court-appointed mediators, on an as-needed basis. Accordingly, on September 24, 2025, the

3

Court entered the *Order Continuing Timeline for Global Mediation and Amending, in Part, Order for Appearance at Mediation* (ECF No. 476, the "Amended Order") extending the deadline for completion of mediation to December 31, 2025.

15. The Amended Order states, "[U]nless the Mediation Parties request a stipulated continuation beyond the December 31, 2025, end date for mediation, mediation will be closed without further order from this Court." (*Id.*)

16. Beginning in November 2025, the Diocese, the Committee, and the Insurers negotiated amendments to the *Final Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Proof of Claim Form; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures* (ECF No. 144) and related confidentiality agreements to allow the Insurers to receive copies of the claims.

17. The Parties appeared and participated in further mediation between December 15, 2025 and December 18, 2025.

18. On April 21, 2026, and upon a joint motion by the Parties, the Court entered the *Amended Final Order (I) Establishing Deadlines for Filing Proofs of Claim; (II) Approving Sexual Abuse Proof of Claim Form; (III) Approving Form and Manner of Notice; and (IV) Approving Confidentiality Procedures*. (ECF No. 729.)

19. While the Parties were unable to reach an agreement on the terms of a plan of reorganization, the Parties continue to have weekly discussions regarding plan terms, including relating to the sale of real property, releases, contribution amounts, and other related issues.

20. The Parties have conferred and agree that continued assistance from the mediators would be beneficial for both Parties in order to most efficiently reach a potential agreement on plan terms and to move this bankruptcy case toward a final resolution.

4

21. Moreover, the Insurers did not have an opportunity to participate in prior mediation sessions.

22. The Original Order contemplates insurance companies being included as "Mediation Parties," subject to proper notice. (ECF No. 352, ¶ 2.)

23. While the Insurers are not parties to the Motion, they each had an opportunity to review the Motion prior to it being filed and to provide comments.

24. It is the Parties' understanding that the Insurers wish to participate in mediation, and the Parties seek to give them the opportunity to do so under the terms of the Original Order, the Appearance Order, and the Amended Order, subject to the extension as requested in this Motion.

25. Additionally, the Parties and the Insurers wish to clarify paragraph 11 of the Original Order to make clear that neither that paragraph nor the subsequently entered Appearance Order supersede the explicit terms of paragraphs 9 and 10 of the Original Order, relating to the scope of the mediation privilege.

## RELIEF REQUESTED

26. For the foregoing reasons, the Parties request that the Court enter an order further amending the Original Order to extend the deadline for the completion of mediation to September 30, 2026.

27. The Parties and the Insurers also request that paragraph 11 of the Original Order be amended as follows (with removed language struck through in red and added language underlined in blue):

> No Impairment of Privileges. ~~Notwithstanding any provision of this Order to the contrary, n~~Nothing contained in this Order shall require any Mediation Party to produce documents or information that are subject to attorney-client privilege, attorney work product, or any other legally recognized privilege. However, Paragraphs 9 and 10

of this Order shall take precedence over this Paragraph 11 and any terms within the *Order for Appearance at Mediation* entered by the Court on July 18, 2025 (ECF No. 400) with regard to any claims of privilege related to the confidentiality of the Mediation.

## BASIS FOR RELIEF

28.     To the extent applicable under these circumstances, Fed. R. Civ. P. 60, as incorporated by Bankruptcy Rule 9024, allows the Court or a party in interest to make or request changes to a final order in certain circumstances. Fed. R. Civ. P. 60; Fed. R. Bankr. P. 9024.

29.     More specifically, Fed. R. Civ. P. 60(b) states, in part:

(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons . . .

   (6) any other reason that justifies relief.

*Id.*

30.     The Parties believe that the requested relief is justified as it will aid the Parties in most efficiently reaching a potential agreement on plan terms and moving this bankruptcy case toward a final resolution.

31.     Amendments pursuant to Fed. R. Civ. P. 60(b)(6) just have to be made within a "reasonable time." *See* Fed. R. Civ. P. 60(c). This Motion has been filed within a reasonable time given that the Parties: (a) continue to negotiate the terms of a plan of reorganization, (b) agree on the need for the continued assistance of the mediators, and (c) want to give the Insurers the opportunity to participate in mediation.

## CONCLUSION

32.     The Parties respectfully request that this Court enter an order:

   a.     Further amending the Original Order as described in this Motion;

   b.     Granting such other relief as the Court deems just and equitable.

6

Dated:  May 8, 2026

*/s/ Steven R. Kinsella*

Raymond J. Obuchowski
**OBUCHOWSKI LAW OFFICE**
1542 Route 107, PO Box 60
Bethel, VT 05032
(802) 234-6244
ray@oeblaw.com

James L. Baillie (*pro hac vice*)
Steven R. Kinsella (*pro hac vice*)
Samuel M. Andre (*pro hac vice*)
Katherine A. Nixon (*pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN  55402-4400
(612) 492-7000
jbaillie@fredlaw.com
skinsella@fredlaw.com
sandre@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR THE ROMAN CATHOLIC
DIOCESE OF BURLINGTON, VERMONT**

Dated:  May 8, 2026

*/s/ Brittany M. Michael*

LEMERY GREISLER LLC
Paul A. Levine, Esq.
677 Broadway – 8th Floor
Albany, New York 12207
(518) 433-8800
Email: plevine@lemerygreisler.com

-and-

PACHULSKI STANG ZIEHL & JONES LLP
James I. Stang (Admitted Pro Hac Vice)
Brittany M. Michael (Admitted Pro Hac Vice)
Gail S. Greenwood (Admitted Pro Hac Vice)
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone: (212) 561-7700
Email: jstang@pszjlaw.com
bmichael@pszjlaw.com
ggreenwood@pszjlaw.com

*Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF VERMONT**

In re:

Roman Catholic Diocese of Burlington, Vermont,

        Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

**ORDER FURTHER AMENDING ORDER REFERRING PARTIES TO GLOBAL
MEDIATION, APPOINTING MEDIATORS, AND GRANTING RELATED RELIEF**

This matter came before the Court on the *Joint Motion to Further Amend Order Referring Parties to Global Mediation, Appointing Mediators, and Granting Related Relief* (ECF No. __, the "Motion") filed by the Roman Catholic Diocese of Burlington, Vermont (the "Diocese") and the Official Committee of Unsecured Creditors (the "Committee"). Upon consideration of the Motion, the Court finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided pursuant to the Local Rules; and (v) notice of the Motion was sufficient under the circumstances. After due consideration, the Court finds that the relief as requested in the Motion is in the best interests of the Diocese, its estate, and its creditors. Therefore, **IT IS HEREBY ORDERED THAT:**

1.     The Motion is **<u>GRANTED</u>**.

2.     The deadline for completion of mediation is extended to September 30, 2026.

3.     Paragraph 11 of the *Order Referring Parties to Global Mediation, Appointing Mediators, and Granting Related Relief* (ECF No. 352) ("Original Order") shall be amended to state as follows:

No Impairment of Privileges. ~~Notwithstanding any provision of this Order to the contrary, n~~Nothing contained in this Order shall require any Mediation Party to produce documents or information that are subject to attorney-client privilege, attorney work product, or any other legally recognized privilege. However, Paragraphs 9 and 10 of this Order shall take precedence over this Paragraph 11 and any terms within the *Order for Appearance at Mediation* entered by the Court on July 18, 2025 (ECF No. 400) with regard to any claims of privilege related to the confidentiality of the Mediation.

4.      The parameters of the Original Order and the *Order for Appearance at Mediation* (ECF No. 400) remain in effect, except as otherwise amended herein or in the *Order Continuing Timeline for Global Mediation and Amending, in Part, Order for Appearance at Mediation* (ECF No. 476).

5.      London Market Insurers and Interstate Fire & Casualty Company may voluntarily participate in the mediation as "Mediation Parties," such that they will be bound by the "Mediation Procedures."

6.      Unless the Diocese and the Committee request a stipulated deadline for completion of mediation beyond September 30, 2026, or the Court orders an extension *sua sponte*, mediation will be closed after that date without further order from this Court.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

May ___, 2026
Burlington, Vermont

_____
Heather Z. Cooper
United States Bankruptcy Judge

2