## UNITED STATES BANKRUPTCY COURT
### DISTRICT OF VERMONT

Filed & Entered
On Docket
06/16/2026

---

**In re:**

**Roman Catholic Diocese**              **Case No. 24-10205**
**of Burlington, Vermont,**           **Chapter 11**

        **Debtor-in-Possession.**

---

_Appearances_:  Steven R. Kinsella, Esq., for the Debtor-in-Possession;
Raymond J. Obuchowski, Esq., local counsel for the Debtor-in-Possession;
Brittany Michael, Esq. for Committee of Unsecured Creditors;
Celeste E. Laramie, Esq., for Survivor Creditors;
Michael B. Fisher, Esq., for Interstate Fire & Casualty; and
Ryan M. Long, Esq. and James Moffitt, Esq., for Catalina Worthing Insurance,
Certain Underwriters Lloyd's London, River Stone Insurance UK Limited and
Tenecom, Ltd.

## ORDER
### RECITING CASE STATUS AS OF CASE MANAGEMENT CONFERENCE, AND IMPLEMENTING DECISIONS MADE AT CASE MANAGEMENT CONFERENCE

The attorneys listed above participated in a case management conference, held at the U.S. Bankruptcy Court in Burlington, Vermont, pursuant to 11 U.S.C. § 105(d), on May 19, 2026. Based on the representations from counsel who wished to be heard at that conference, and the unique circumstances of this case, it was agreed that the debtor-in-possession (DIP) will proceed as set out below, to ensure the expeditious, effective, and economical use of chapter 11 in this case.

Initially, **THE COURT FINDS** the DIP has identified certain properties it seeks to liquidate to fund a plan of reorganization, the first of which has been approved by the Court [ECF 585] and is anticipated to close in June 2026. A separate motion to sell has been filed and set for hearing [ECF 751]. There remains some disagreement between the DIP and the Official Committee of Unsecured Creditors (the Committee) about certain property and accounts and whether they constitute property of the bankruptcy estate.

**THE COURT FURTHER FINDS** the DIP has provided extensive documentation to the Committee. According to the Committee, some document requests remain outstanding from the so-called "Diocese Enterprise Members" [ECF 226].[1] Nonetheless, the Committee has not yet commenced motion practice to compel production of documents from any Diocese Enterprise Members.

**THE COURT FURTHER FINDS** the status of certain components of the case to be as follows.

1.  **INSURANCE:** Potential insurance coverage for certain claims has been identified. Since the Court's last case management conference, various insurance companies have filed motions for their counsel to appear pro hac vice and many participated in the Case Management Conference. At this time, it is unclear whether litigation will be necessary to determine whether coverage exists and to what extent.

2.  **MEDIATION:** The DIP and the Committee engaged in a mediation process to distill if not resolve the issues between the parties. Despite their efforts, no resolution or distillation has occurred.

    While the Court denied the Joint Motion to Further Amend Order Referring Parties to Global Mediation, Appointing Mediators, and Granting Related Relief without prejudice [ECF 777], the Joint Motion concedes the order as originally entered by the Court contemplates insurance companies being included as "Mediation Parties," subject to proper notice [ECF 747 at ¶ 23; ECF 352, ¶ 2].

    Based upon the status of the case, it does not appear as though the case would benefit from continued mediation between the DIP and the Committee. It remains to be seen whether mediation between the DIP and the various insurance companies would be beneficial and whether additional time would be fruitful.

3.  **ADMINISTRATIVE EXPENSES:** The Court has serious concerns over the mounting administrative expenses and the DIP's ability to maintain payments. The DIP's latest operating report demonstrates the DIP is behind on the payment of approved administrative expenses [ECF 765]. As of the date of the Case Management Conference, the docket contained roughly 765 entries, 342 of which related to administrative fees and expenses.

    The DIP's Monthly Operating Reports do not overtly indicate a dedicated fund for the mounting administrative expenses associated with this case. At the Case Management Conference, the parties discussed an amendment to the Court's Compensation Order [ECF

---

[1] Diocese Enterprise Members are defined as an entity that is either the Debtor, a parish, a parish trust, a cemetery, or a Catholic-based service organization, such as Vermont Catholic Community Foundation, Priest Benefit Fund, Vermont Catholic Charities, Inc., or another organization operating within the region of the Diocese.

180] which culminated in a proposed Stipulation Regarding Compensation Procedures Order [ECF 780].  The Stipulation suspends the use of Monthly Fee Statements and payment of 80% of fees and 100% of expenses prior to the filing and approval of the Interim Fee Applications. The Stipulation further provides Interim Fee Applications will be filed in six-month intervals, with discretion on whether the intervals can be shorter or longer.

4. **ANTICIPATED LITIGATION:** The parties anticipate litigation may become necessary to resolve insurance coverage related issues and the participation of the Diocese Enterprise Members but remain hopeful that a global resolution may be reached.

5. **GENERAL TIMETABLE FOR THE CASE:** The timetable currently remains unclear.

6. **A DEADLINE FOR FILING THE DISCLOSURE STATEMENT AND PLAN:** Exclusivity has expired. The Court anticipates a proposed plan, conversion, or dismissal as the case approaches the two-year anniversary of filing, September 30, 2026.

7. **ISSUES WHICH MAY NEED TO BE RESOLVED PRIOR TO CONFIRMATION OF A PLAN:** Insurance coverage and third-party contributions to any proposed reorganization plan are necessary for confirmation of a plan.

8. **SCHEDULE GOING FORWARD:** Based upon the foregoing, the Court sets the following Scheduling Order:

1. Should the Mediation Parties, specifically including insurance companies, determine an extension of time for mediation to be warranted and potentially fruitful, a motion requesting such relief shall be filed no later than June 26, 2026.

2. The DIP and Committee's Stipulation Regarding Compensation Procedures Order is **APPROVED.** However, to the extent that it purports to commit the Court to ruling on Interim Applications for Compensation in six (6) month intervals [¶ 2], the Court retains its discretion to determine what is appropriate and in the best interest of all parties.

3. The DIP shall file a separate Status Report detailing any payments made on Court approved administrative fees and expenses with each Monthly Operating Report, (1) detailing the cumulative amounts paid in addition to any payments made during the month preceding; and (2) identifying funds specifically available or earmarked for the payment of administrative fees and expenses, including but not limited to, professional fees and expenses.

4. Any anticipated litigation necessary prior to confirmation of a plan shall be commenced no later than September 1, 2026.

**On September 15, 2026 at 11:00 a.m.** counsel for the DIP and for any interested parties shall appear for a continued case management conference, at which the group will discuss whether this Chapter 11 case remains viable, whether trust in current management remains and

the filing of a disclosure statement and plan. The DIP shall file a proposed agenda and status report detailing developments and anticipated action no later than September 10, 2026, in anticipation of the continued case management conference. The date of the continued case management conference represents a good faith projection and may need to be adjusted as the circumstances of the case evolve.

**IT IS FURTHER ORDERED** this Order does not modify any statutory deadlines that preceded the dates set forth herein and does not preclude the United States trustee or any party in interest from filing a motion to convert or dismiss the case pursuant to 11 U.S.C. § 1112(b) or (e).

**The foregoing is SO ORDERED** pursuant to 11 U.S.C. §105(d)(2).

June 16, 2026
Burlington, Vermont

Heather Z. Cooper
United States Bankruptcy Judge