Filed & Entered
On Docket
06/17/2026

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF VERMONT

In re:

Roman Catholic Diocese of Burlington, Vermont,

Case No.: Case No.: 24-10205-HZC
Chapter 11 Case

Debtor.

**ORDER UNDER 11 U.S.C. § 363(f) AUTHORIZING THE SALE OF THE DIOCESAN OFFICE FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS**

This matter came before the Court on the *Motion for Entry of an Order Under 11 U.S.C. § 363(f) Authorizing the Sale of the Diocesan Office Free and Clear of All Liens, Claims, and Interests* (ECF No. 751) the "Motion") filed by the Roman Catholic Diocese of Burlington, Vermont (the "Diocese"), the Affidavit of Bishop John J. McDermott (ECF No. 13), and the supplemental Affidavit of counsel and exhibits proffered (ECF No. 784). The Court finds: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) due and proper notice of the Motion was provided pursuant to Local Rule 9013-4; (v) notice of the Motion and the Hearing was sufficient under the circumstances; and (vi) while the Diocese requests a waiver of the 14-day stay, cause has not been established such that the 14-day stay imposed by Bankruptcy Rule 6004(h) applies. After due consideration, the Court finds the relief, as requested in the Motion is in the best interests of the Diocese, its estate, and its creditors. Therefore, for good cause shown, **IT IS HEREBY ORDERED:**

1.      The Motion is **GRANTED** as set forth in this Order. All terms not specifically defined herein have the meaning provided in the Motion.

2.      The Diocese is authorized to perform under the Purchase and Sale Agreement, by

and between the Diocese, on the one hand, and Northeast Territories LLC (the "Purchaser"), on

the other hand, which is attached to the *Declaration of Steven R. Kinsella* in support of the Motion

as **Exhibit 1** (ECF No. 784).  Based upon the record before the Court, the terms of the Purchase

and Sale Agreement are fair and reasonable and in the best interest of the bankruptcy estate and its

creditors.

3.      The Diocese is authorized to sell to the Purchaser the property located at 55 Joy

Drive, South Burlington, Vermont 05403, with the following legal description:

 Being all and the same land and premises conveyed to the Roman Catholic Diocese of
Burlington, Vermont by Special Warranty Deed from Pizzagalli Properties, LLC, dated
May 29, 2014, and recorded in Volume 1217, Page 111 of the City of South Burlington
land records (the "Land Records").

Being all of Parcel #2 as conveyed to Pizzagalli Development Company by Warranty Deed
from Vermont Broadcasting Corporation, dated November 29, 1983, and recorded in
Volume 199, Page 87 of the City of South Burlington Land Records, and being all of Lot
#4 as depicted on a plan of land entitled, "Boundary Survey, Lot 3-4, Broadcast Park, Joy
Drive, South Burlington, Vermont," drawn by Palmer Company, Ltd., dated June 21, 1979,
revised June 28, 1979, and recorded in Volume 153, Page 66 of the Land Records (the
"Boundary Survey"), and being more particularly described as follows:

Commencing at a point in the northerly sideline of Joy Drive, which point marks
the southeasterly corner of Lot #3, as shown on the Boundary Survey, and which
point also marks the southwesterly corner of Lot #4;

thence proceeding N 15 ° 27' 15" E a distance of 317. 86 feet to a point;

thence turning to the right and proceeding S 76° 59' 02" E a distance of 377.83 feet
to a point in the westerly sideline of a private road leading from the cul-de-sac
located at the easterly end of Joy Drive to Meadowbrook Condominiums, which
point is marked by an iron pipe;

thence turning to the right and proceeding S 45° 04' 50" W in and along the westerly
sideline of the above-mentioned private road a distance of 295.18 feet to an iron
pipe, which iron pipe is set in the northerly sideline of the cul-de-sac located at the
easterly end of Joy Drive;

thence turning to the right and proceeding in and along the sideline of the cul-de-sac a distance of 84.28 feet to a point marked by an iron pipe, which point marks the intersection of the northerly sideline of Joy Drive and the northerly sideline of the cul-de-sac;

thence turning to the right and proceeding in a westerly direction in and along the northerly sideline of Joy Drive a distance of 176.36 feet to the point or place of beginning.

The Property contains 2.02 acres, more or less, together with a commercial building and improvements situated thereon.

4.      The sale of the Diocesan Office to the Purchaser shall constitute a legal, valid, binding, and effective transfer of the Diocesan Office and shall vest the Purchaser with title to the Diocesan Office, free and clear of all liens (as defined in 11 U.S.C. § 101(37)), claims (as defined in 11 U.S.C. § 101(5)), and other interests to the extent of 11 U.S.C. § 363(f), except the liens, claims, and interests specifically identified in Paragraph 11 of the Motion.

5.      The Diocese is authorized to take all other actions and execute and deliver additional documents or instruments as necessary to effectuate the sale of the Diocesan Office contemplated in the Motion and the Purchase and Sale Agreement.

6.      The Diocese is authorized to pay any closing costs attributable to the Diocese for the sale of the Diocesan Office.

7.      The Diocese and the Purchaser have acted in good faith in connection with the Motion and proposed sale. The Diocese and the Purchaser are entitled to the protections provided in 11 U.S.C. § 363(m).

8.      The Diocese is authorized to take all actions necessary to implement the provisions of this Order.

9.      The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and interpretation of this Order.

June 17, 2026
Burlington, Vermont

_____
Heather Z. Cooper
United States Bankruptcy Judge