**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

|  |  |  |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **ROMAN CATHOLIC DIOCESE** | ) | **Case No. 24-10205** |
| **OF BURLINGTON, VERMONT,** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | |

Filed & Entered
On Docket
07/13/2026

### ORDER GRANTING IN PART AND DENYING IN PART THE RENEWED MOTION TO FURTHER AMEND ORDER REFERRING PARTIES TO GLOBAL MEDIATION

The Matter came before the Court on Debtor's Renewed Motion to Further Amend Order Referring Parties to Global Mediation (the Renewed Motion).[1] The Renewed Motion seeks various changes to this Court's prior order including an extension of the mediation deadline. The Renewed Motion further seeks a declaration that ¶¶ 9 and 10 of the Court's Order Referring Parties to Global Mediation, Appointing Mediators, and Granting Related Relief (the Mediation Order) were not superseded by ¶ 11 of the Mediation Order, or by the Order for Appearance at Mediation (the Order for Appearance) filed by the Honorable William J. Fisher, who serves as a mediator in this case.[2] The Renewed Motion expressed concern that the Mediation Order might be superseded "with regard to any claims of privilege related to the confidentiality of the Mediation."[3]

The Court heard the Renewed Motion on July 10, 2026. For the reasons stated on the record at that hearing, the Court finds good cause exists to extend the mediation deadline. However, the Court finds further edits unnecessary and declines to issue a declaration that the Mediation Order has not been superseded regarding the mediation privilege. The Federal Rules of Evidence prohibit the use of any "conduct or…statement made during compromise negotiations about [a disputed] claim."[4] The exceptions to this rule are narrow and do not appear to be implicated by the Mediation Order or the Order for Appearance.[5] Accordingly, the Federal Rules of Evidence protect "any claims of privilege related to the confidentiality of the Mediation" in all federal courts.

---

[1] ECF 805.

[2] ECF 400.

[3] Id. at 6 ¶ 29.

[4] Fed. R. Evid. 408(a)(2).

[5] Fed. R. Evid. 408(b) ("The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.").

Therefore, **IT IS HEREBY ORDERED** that:

1. The Renewed Motion is **GRANTED** insofar as it seeks to extend the mediation deadline. The mediation deadline is hereby extended to **October 16, 2026**;

2. The Renewed Motion is **DENIED** insofar as it seeks a declaration that ¶¶ 9 and 10 of the Mediation Order have not been superseded by subsequent filings.

**SO ORDERED.**

July 13, 2026
Burlington, Vermont

Heather Z. Cooper
United States Bankruptcy Judge

2