**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF VERMONT**

---

In re:

Roman Catholic Diocese of Burlington, Vermont,

        Debtor.

Case No.: 24-10205-HZC
Chapter 11 Case

---

**DIOCESE'S MEMORANDUM IN OPPOSITION TO APPOINTMENT OF**
**INDEPENDENT TRUSTEE**

---

The Roman Catholic Diocese of Burlington, Vermont (the "Diocese") files this memorandum in opposition to the appointment of an independent trustee. On Friday, July 10, 2026, the Court held a hearing on the Diocese's renewed motion to extend the deadline for completing mediation. (ECF Nos. 805, 822.) At the hearing, the Court expressed concern over certain disclosures in the Diocese's bankruptcy schedules and statements related to prior legal representation. Based on those concerns, the Court raised the issue of whether an independent trustee should be appointed in this case. The Court invited any party wishing to be heard on that issue to file responsive documents by Tuesday, July 21, 2026. The Diocese opposes the appointment of an independent trustee because the facts of this case do not support such appointment and it would result in unnecessary administrative expenses. For these reasons, as well as the reasons described below, the Diocese requests that the Court decline to appoint an independent trustee.

**LEGAL STANDARD**

The appointment of an independent trustee is generally governed by 11 U.S.C. § 1104(a), which states:

(a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—

(1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

(2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor.

*Id.*; *see also* Fed. R. Bankr. P. 2007.1 (governing the procedures for seeking the appointment of an independent trustee). The standard for appointing an independent trustee is "very high" and the moving party bears the burden of showing by clear and convincing evidence that the appointment of a trustee is warranted. *In re Bayou Grp., LLC*, 564 F.3d 541, 546 (2d Cir. 2009). The Second Circuit has held that when evaluating whether to appoint an independent trustee, "the bankruptcy court must bear in mind that the appointment of a trustee 'may impose a substantial financial burden on a hard pressed debtor seeking relief under the Bankruptcy Code,' by incurring the expenditure of 'substantial administrative expenses' caused by further delay in the bankruptcy proceedings." *Id.* (quoting *Midlantic Nat'l Bank v. Anchorage Boat Sales, Inc.* (*In re Anchorage Boat Sales, Inc.*), 4 B.R. 635, 644 (Bankr. E.D.N.Y. 1980).).

### ARGUMENT

The Court should decline to appoint an independent trustee for at least three reasons: (1) no party in interest has moved for the appointment of an independent trustee; (2) the Diocese's disclosures are accurate as to Cleary Shahi & Aicher, P.C.; and (3) the appointment of an independent trustee would force the estate to incur unnecessary administrative expenses.

2

I. **NO PARTY IN INTEREST HAS MOVED FOR THE APPOINTMENT OF AN INDEPENDENT TRUSTEE.**

As an initial matter, no party in interest—including the Official Committee of Unsecured Creditors (the "Committee") or the Office of the United States Trustee—has moved for the appointment of an independent trustee. Section 1104(a) of the Bankruptcy Code and Fed. R. Bankr. P. 2007.1 are clear. They require the "request of a party in interest or the United States trustee" and "a motion." No party has made such a request or filed a motion. For this reason alone, the Court should decline to appoint an independent trustee.[1]

II. **THE DIOCESE'S DISCLOSURES ARE ACCURATE AS TO CLEARY SHAHI & AICHER, P.C.**

The Court initially raised the issue of whether to appoint an independent trustee due to concerns regarding the prior representation by Cleary Shahi & Aicher, P.C. (now Gfeller Laurie LLP) of the Diocese, and current representation of the parishes. As disclosed on the Diocese's schedules and statements, Cleary Shahi & Aicher, P.C. performed certain prepetition work for the Diocese, namely representation of the Diocese in sexual abuse litigation pending in New York. (*See, e.g.*, Attachment to SOFA # 3, ECF No. 92, page 58 of 72 (referring to "RCD v  NY Ark301 Doe"). Proof of Claim No. 12 filed by Cleary Shahi & Aicher, P.C. and available at https://case.stretto.com/dioceseofburlington/claims confirms the same. For the avoidance of doubt, the New York litigation has been stayed since the filing of this bankruptcy case and the Diocese has not made a payment to Cleary Shahi & Aicher, P.C. since that time. The payments to Cleary Shahi & Aicher, P.C. disclosed on the Diocese's schedules and statements do not relate to Cleary

---

[1] To the extent 11 U.S.C. § 105(a) would provide authority for the Court to appoint an independent trustee, the Court should decline to do so for the other reasons described herein. Similarly, 11 U.S.C. § 1112(b)(1) does not apply because there has been no request for conversion or dismissal.

Shahi & Aicher, P.C.'s current representation of the parishes. The Diocese is willing to make the relevant prepetition invoices available to a party in interest upon request. For these reasons, the concerns regarding Cleary Shahi & Aicher, P.C. do not serve as a basis for the appointment of an independent trustee over the Diocese.[2]

### III.     THE APPOINTMENT OF AN INDEPENDENT TRUSTEE WOULD RESULT IN UNNECESSARY ADMINISTRATIVE EXPENSES.

Finally, the appointment of an independent trustee would result in unnecessary administrative expenses. The Committee was appointed nearly two years ago, and it employed its own financial advisor, Berkeley Research Group ("BRG"), to help review the Diocese's financial documents and related information. The Diocese has provided thousands of documents to the Committee and BRG. The Committee is now seeking derivative standing in order to pursue certain claims. To appoint an independent trustee at this stage in the case is not only unnecessary, but duplicative of efforts already undertaken by the Committee and BRG. By extension, it would result in unnecessary administrative expenses. It is also unclear who would serve as independent trustee and it could take a substantial amount of time to identify a person or entity to fill the role. This is yet another reason why the Court should decline to appoint an independent trustee.

### CONCLUSION

For the foregoing reasons, the Diocese respectfully requests that this Court decline to appoint an independent trustee over the Diocese.

---

[2] The Court also raised certain concerns regarding real property listed by the Diocese on Schedule A/B. The Diocese has consistently taken the position that it owns certain real property, but does not own the operations at such property. One example includes Rice Memorial High School. The Diocese has been transparent about such ownership interests, and will continue to be transparent. This too does not serve as the basis for the appointment of an independent trustee.

Dated:  July 21, 2026

*/s/ Steven R. Kinsella*

Raymond J. Obuchowski
**OBUCHOWSKI LAW OFFICE**
1542 Route 107, PO Box 60
Bethel, VT 05032
(802) 234-6244
ray@oeblaw.com

James L. Baillie (*pro hac vice*)
Steven R. Kinsella (*pro hac vice*)
Samuel M. Andre (*pro hac vice*)
Katherine A. Nixon (*pro hac vice*)
**FREDRIKSON & BYRON, P.A.**
60 South Sixth Street, Suite 1500
Minneapolis, MN  55402-4400
(612) 492-7000
jbaillie@fredlaw.com
skinsella@fredlaw.com
sandre@fredlaw.com
knixon@fredlaw.com

**ATTORNEYS FOR THE ROMAN CATHOLIC
DIOCESE OF BURLINGTON, VERMONT**