*Formatted for Electronic Distribution*                    *Not For Publication*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

_____

**In re:**

    **Roman Catholic Diocese**        **Case No. 24-10205**
    **of Burlington, Vermont,**       **Chapter 11**

    **Debtor-in-Possession.**

_____

Filed & Entered
On Docket
07/28/2026

*Appearances*:  Steven R. Kinsella, Esq., for the Debtor-in-Possession;
Brittany Michael, Esq. and Paul Levine, Esq. for Committee of Unsecured Creditors;
Erin Champion, Esq. for United States Trustee;
Jeremy Fisher, Esq. for Rice Memorial High School;
Kaveh Shahi, Esq. for Roman Catholic Parishes;
Harris Winsberg, Esq. for Interstate Fire & Casualty;
James Moffitt, Esq., for Catalina Worthing Insurance, Certain Underwriters Lloyd's
London, River Stone Insurance UK Limited and Tenecom, Ltd.;

### MEMORANDUM OF DECISION GRANTING LEAVE, STANDING, AND AUTHORITY TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PROSECUTE CERTAIN CAUSES OF ACTION ON BEHALF OF THE DEBTOR AND ITS ESTATE

The Official Committee of Unsecured Creditors appointed in this case (the Committee) requests standing to commence and prosecute estate causes of action. *See Motion of the Official Committee of Unsecured Creditors for an Order Granting Leave, Standing, and Authority to Prosecute Certain Causes of Action on Behalf of the Debtor and its Estate* (the Standing Motion).[1] The Roman Catholic Diocese of Burlington, Vermont (Debtor), which currently has the sole standing to pursue estate claims and causes of action, opposes the Standing Motion on various grounds. *See Objection to the Motion of the Official Committee of Unsecured Creditors for an Order Granting Leave, Standing, and Authority to Prosecute Certain Causes of Action on Behalf of the Debtor and its Estate* (Debtor's Opposition).[2]

The Standing Motion requests the Court grant the Committee standing under Sections 105(a), 1103(c) and 1109(b) of the Bankruptcy Code to commence and prosecute claims and causes of action

---

[1]  ECF 820.

[2]  ECF 840.

against the Diocese, various Parishes, schools and other Catholic-related entities within the Debtor's Region (i.e., Vermont).[3] The proposed adversary also includes the Bishop in his capacity as trustee of various Parish Trusts.[4] The Committee refers to the various Parishes, schools and other Catholic-related social and community service organizations and the Parish Trusts as "Operating Divisions." For ease of reference the Court will refer to these parties-in-interest as Operating Divisions, but no such reference shall be deemed to be a finding as to their legal status.

Attached as an exhibit to the Standing Motion is a draft complaint (the Draft Complaint) that comprises the causes of action the Committee intends to pursue. The Draft Complaint asserts the following causes of action: (1) declaratory relief that the Operating Divisions are not separate legal entities and are operating divisions of Debtor; (2) declaratory relief that all assets of the Operating Divisions constitute property of the estate; (3) declaratory relief that the Parish Trusts are self-settled trusts subject to the claims of Debtor's creditors; (4) avoidance and recovery of intentional fraudulent transfers into the Parish Trusts; (5) avoidance and recovery of constructively fraudulent transfers into the Parish Trusts; and (6) turnover of assets currently in the name of the Parish Trusts. The Committee asserts that the value of the estate claims in question reaches into hundreds of millions of dollars.[5]

Debtor opposes the Standing Motion arguing the Committee has not met the requirements in this jurisdiction for standing. For the following reasons, the Court grants the Standing Motion and overrules the objection.

### JURISDICTION

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Amended Order of Reference entered by the U.S. District Court on June 22, 2012. The Court declares this contested matter to be a core proceeding according to 28 U.S.C. § 157 (b)(2)(A), over which this Court has constitutional authority to enter a final judgment.

### BACKGROUND

On September 30, 2024, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the Petition Date). As of the Petition Date, Debtor faced numerous lawsuits brought after the Vermont legislature extended the limitations period applicable to civil lawsuits for childhood

---

[3]  *See* ECF 13 at ¶8.

[4]  *See* Standing Motion at 1, 3. In May of 2006, Debtor formed separate trusts for each of its parishes (the Parish Trusts).

[5]  *See* Standing Motion at 3.

sexual abuse.[6]  Although Debtor successfully settled other childhood sexual abuse lawsuits prior to the Petition Date, the increasing costs of litigation and depleting assets precipitated its bankruptcy filing.

## DISCUSSION

### A.    Applicable Standard

While the Bankruptcy Code does not expressly provide committees or individual creditors with authorization to sue on behalf of a debtor's estate,[7] for over forty years, it has been well established within the Second Circuit that the Bankruptcy Code provides an implied right for a creditors' committee to do so.[8] Indeed, "the practice of authorizing the prosecution of actions on behalf of an estate by committees, and even by individual creditors ... is ... nearly universally recognized."[9]

Within these decisions, courts have discussed the sources of this authority. As they explain, Section 1109(b) provides, in relevant part, that a committee "may raise and may appear and be heard on any issue" in a debtor's chapter 11 case. And under Section 1103(c)(2), a committee may "investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business ... and any other matter relevant to the case or to the formulation of a plan." Additionally, Section 1103(c)(5) allows a committee to "perform such other services as are in the interest of those represented."

Under Second Circuit precedent, a committee may be granted standing to pursue estate causes of action if (1) demand was made on the debtor to pursue a claim; (2) the claim is "colorable;" and (3) the debtor "unjustifiably" fails to pursue or abused its discretion in choosing not to pursue the claim that is "likely to benefit the reorganization estate."[10] "A debtor's failure to bring a claim is deemed to be unjustifiable when the committee has presented a colorable claim that on appropriate proof would support recovery and the action is likely to benefit the reorganization estate."[11] In determining whether the action is likely to benefit the reorganization estate, bankruptcy courts should conduct a cost/benefit

---

[6]  As set forth in the *Affidavit of Bishop John J. McDermott in Support of Initial Pleadings and Pursuant to Local Rule 1007-1* [ECF 13], Debtor had settled approximately 67 prior cases.

[7]  *See Adelphia Communications Corp. v. Bank of America (In re Adelphia Communications Corp.)*, 330 BR. 364, 372 (Bankr. S.D.N.Y. 2005).

[8]  *See, e.g., Unsecured Creditors Committee of STN Enterprises, Inc. v. Noyes (In re STN Enterprises),* 779 F.2d 901 (2d Cir. 1985); *Commodore Int'l Ltd. v. Gould (In re Commodore Int'l Ltd.)*, 262 F.3d 96 (2d Cir. 2001); *Glinka v. Murad (In re Housecraft Indus. USA, Inc.)*, 310 F.3d 64 (2d Cir. 2002); *see also, In re Purdue Pharma L.P.,* 2024 WL 4820476 *4 (Bankr. SDNY, November 18, 2024).

[9]  *See In re Adelphia*, 330 B.R. at 373 (citing *Official Committee of Unsecured Creditors of Cybergenics Corp. v. Chinery (In re Cybergenics Corp.),* 330 F.3d 548, 560-566 (3d Cir. 2003) (*en banc* ), *cert. dismissed,* 540 U.S. 1002 (2003)).

[10]   *In re STN Enterprises,* 779 F.2d at 905; *Adelphia*, 330 B.R. at 374.

[11]  *See Adelphia,* 330 B.R. at 374 n. 19.

3

analysis to examine whether conferring such standing is likely to benefit the estate and determine "whether it would be preferable to appoint a trustee in lieu of the creditors' committee to bring suit (bearing in mind any fees imposed on the estate by such an appointment, the wishes of the parties, and other relevant factors) and the terms relative to attorneys' fees on which suit might be brought."[12] But the Second Circuit made clear that the bankruptcy court is not required to undertake a mini-trial on these issues and instead need only "assure itself that there is a sufficient likelihood of success to justify the anticipated delay and expense to the bankruptcy estate that the initiation and continuation of litigation will likely produce."[13]

### B.      Demand was Made on Debtor to Pursue the Claims.

As set forth in prior pleadings in this case, the Vermont State Superior Court (the State Court) *sua sponte* imposed a stay in numerous pending actions against Parishes brought by Survivors.[14] The State Court determined this Court to be the proper forum to resolve the issue of whether the Parishes are distinct from the Debtor. There is no dispute that upon that determination by the State Court, the Committee made demand on Debtor to pursue the claims and Debtor declined to pursue those claims. Accordingly, the first element under *STN* supports the Standing Motion.

### C.      The Committee's Claims are Colorable.

The Committee need not demonstrate a likelihood of success for the claims set forth in the Draft Complaint to be colorable.[15] Rather, the Committee need only provide comfort to the Court that its litigation will be a sensible expenditure of estate resources and if proven would constitute a basis for recovery. In essence, the prospective rewards must be commensurate with the cost.

Viewing the Committee's claims within the lens of a motion to dismiss and accepting well-pleaded facts as true, the Court finds the Committee's claims to be colorable.[16]

The Committee's claims for declaratory relief are as follows: (1) the Operating Divisions are not separate legal entities and are operating divisions of Debtor; (2) all assets of the Operating Divisions constitute property of the estate; and (3) the Parish Trusts are self-settled trusts subject to the claims of Debtor's creditors under Vermont law. Each of these stems from a fundamental disagreement

---

[12]  *In re STN Enterprises,* 779 F.2d at 905.  The Court raised the prospect of a Trustee to pursue the claims, but has determined the time and expense of a separate Trustee to become familiar with the claims is not warranted.

[13]  *Id.* at 905-06.

[14]  ECF 808-1, Exhibit E.

[15]  *Adelphia*, 330 B.R. at 386.

[16]  *In re Diocese of Camden, New Jersey*, 2022 WL 884242, *5. (Bankr. D.N.J. March 24, 2022).

between the Committee and Debtor that has been part of this case since its inception. More clarity about the rights of the parties and what is estate property could help the ongoing efforts to reach a global settlement in this case. As pleaded, the declaratory relief claims are colorable.

The claims for fraudulent conveyance also meet the colorable standard under *STN.* The Draft Complaint sets forth facts demonstrating Debtor's transfer of substantial property to newly formed Parish Trusts under circumstances that may support either actual or constructive fraudulent intent.

Debtor argues various elements for the Committee to prevail may not be satisfied and the statutes of limitation may be raised as an affirmative defense so as to render the Committee's claims not colorable under *STN.* Clearly, many fact issues would need to be litigated in connection with the Committee's claims, some of which may be meritorious in whole or in part. The Court declines to rule on the merits of any potential claims or defenses at this time. For purposes of the Standing Motion, the Court finds the claims have sufficient merit to be brought.

**D.      The Committee's Claims are Likely to Benefit the Estate.**

The Committee's claims potentially constitute the estate's largest assets. Although there may be weaknesses in the claims, some of which could prove fatal, they are colorable. If any of the affirmative defenses have merit, the Committee's claims will fail. Regardless, there will be cost to the estate for pursuing the Committee's claims.

Debtor argues that estate assets should not be used for the Committee to pursue its claims, because Debtor will have to pay for the Committee to bring suit and to defend itself as a defendant. Debtor had the opportunity to mitigate this effect by pursuing the claims itself. Debtor further argues the litigation would require substantial discovery against over 64 defendants and will require considerable legal briefing by the parties on issues of state and federal law. The Parishes have collectively retained counsel, who appeared at the hearing on the Standing Motion. Some of those Parishes have already briefed the issues in the State Court, and counsel for those Parishes has appeared for all the Parishes.[17] Notwithstanding the *sua sponte* stay put in place by the State Court, counsel for the Parishes claims that alternate fora are more appropriate to determine the extent of the bankruptcy estate, namely, State Court or Federal District Court.  Not only is it likely the piecemeal litigation of a handful of survivors against certain parishes, whether in State Court or in Federal District Court would constitute a greater expense, it also poses a textbook example of how the bankruptcy process streamlines such disputes.

---

[17]   The Court sought clarification on the record as to which Parishes counsel represents. Counsel represents all Parishes identified by the Committee in their Joinder Motion [ECF 808-1, Exhibit A].

Regardless of its outcome, the proposed litigation will be expensive and time consuming. Unless settled, there may be years of litigation ahead and millions of dollars spent in attorneys' fees and costs that could have been paid valid abuse claims.

More clarity about the rights of the parties and what constitutes estate property could help the ongoing efforts to reach a global settlement in this case. For that reason, some litigation is necessary. Its cost may eventually outweigh the benefit if no settlement is reached and as one Court has recognized, "Debtor, the parishes and the abuse victims will be the poorer for it."[18]

### CONCLUSION

For the reasons articulated, the Court grants the Motion of the Official Committee of Unsecured Creditors for an Order Granting Leave, Standing, and Authority to Prosecute Certain Causes of Action on Behalf of the Debtor and its Estate. This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

July 28, 2026
Burlington, Vermont

Heather Z. Cooper
United States Bankruptcy Judge

---

[18] *In re Roman Catholic Church of the Archdiocese of Santa Fe,* 621 B.R. 514, (Bankr. D.N.M. 2020).

United States Bankruptcy Court

District of Vermont

In re:                                                              Case No. 24-10205-hzc

Roman Catholic Diocese of Burlington, Ve                            Chapter 11

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0210-2                     User: admin                          Page 1 of 4

Date Rcvd: Jul 28, 2026                  Form ID: pdf650                       Total Noticed: 15

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| # | Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 30, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Roman Catholic Diocese of Burlington, Vermont, 55 Joy Drive, South Burlington, VT 05403-6999 |
| aty | | Gail S. Greenwood, Pachulski Sang Ziehl & Jones LLP, One Sansome Street, 34th Floor, San Francisco, CA 94104-4436 |
| aty | + | James I. Stang, Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067-4003 |
| aty | + | John E. Bucheit, Parker, Hudson, Rainer & Dobbs LLP, Two N. Riverside Plaza, Suite 1850, Chicago, IL 60606, UNITED STATES 60606-2647 |
| aty | + | Russell W Roten, Skarzynski Marick & Black LLP, 333 South Grand Avenue, Suite 3550, Los Angeles, CA 90071-1553 |
| aty | + | Timothy K McMahon, Jr., Skarzynski Marick & Black LLP, 333 South Grand Avenue, Suite 3550, Los Angeles, CA 90071-1553 |
| aty | + | Timothy Q. Karcher, Baker & McKenzie LLP, 452 Fifth Avenue, New York, NY 10018-2706 |
| intp | + | Catalina Worthing Insurance Ltd, c/o Ryan M Long, Esq., Primmer Piper Eggleston & Cramer PC, 30 Main Street, Suite 500, Burlington, VT 05401-8437 |
| intp | + | Certain Underwriters at Lloyd's London, c/o Ryan M. Long, Primmer Piper Eggleston & Cramer PC, 30 Main Street, Suite 500, Burlington, VT 05401-8437 |
| intp | + | Interstate Fire & Casualty Company, c/o Fisher Law Offices, PLLC, 45 Lyme Road, Suite 205, Hanover, NH 03755-1222 |
| cr | #+ | J. Hutchins Inc., 88 Rogers Lane, Richmond, VT 05477, US 05477-7748 |
| cr | + | Jane Doe, c/o Adam Prescott, Esq., 100 Middle St., P.O. Box 9729, Portland, ME 04101-4100 |
| intp | + | RiverStone Insurance UK Limited, c/o Ryan M Long, Esq., Primmer Piper Eggleston & Cramer PC, 30 Main Street, Suite 500, Burlington, VT 05401-8437 |
| intp | + | Tenecom Ltd., c/o Ryan M Long, Esq., Primmer Piper Eggleston & Cramer PC, 30 Main Street, Suite 500, Burlington, VT 05401-8437 |

TOTAL: 14

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| cr | Email/Text: bankruptcy@td.com | Jul 28 2026 19:41:00 | TD Bank, N.A., 70 Gray Road, Falmouth, ME 04105 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| sp | | Dinse P.C. |
| crcm | | Local Counsel to the Official Committee of Unsecur, c/o Paul A. Levine, Esq., Lemery Greisler LLC |
| cr | | Survivor CC094 |

TOTAL: 3 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

District/off: 0210-2 User: admin Page 2 of 4
Date Rcvd: Jul 28, 2026 Form ID: pdf650 Total Noticed: 15

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 30, 2026  Signature:   /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 28, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Adam Robert Prescott | on behalf of Creditor Jane Doe aprescott@bernsteinshur.com kflynn@bernsteinshur.com;sbaker@bernsteinshur.com;ekitchen@bernsteinshur.com;lunfricht@bernsteinshur.com |
| Alexander Jason LaRosa | on behalf of Creditor J. Hutchins Inc. ajlarosa@mskvt.com  chorigan@mskvt.com |
| Andre Denis Bouffard | on behalf of Interested Party Vermont Catholic Community Foundation  Inc. abouffard@drm.com, mbottino@drm.com |
| Antonin Robbason | on behalf of Creditor TD Bank  N.A. aizr@rsclaw.com, ccs@rsclaw.com;lcw@rsclaw.com;sem@rsclaw.com |
| Brittany Mitchell Michael | on behalf of Creditor Committee Committee of Unsecured Creditors bmichael@pszjlaw.com |
| Catalina Sugayan | on behalf of Interested Party Catalina Worthing Insurance Ltd catalina.sugayan@clydeco.us |
| Catalina Sugayan | on behalf of Interested Party Tenecom Ltd. catalina.sugayan@clydeco.us |
| Catalina Sugayan | on behalf of Interested Party Certain Underwriters at Lloyd's London catalina.sugayan@clydeco.us |
| Catalina Sugayan | on behalf of Interested Party RiverStone Insurance UK Limited catalina.sugayan@clydeco.us |
| Celeste E. Laramie | on behalf of Creditor Survivor Creditors claramie@gravelshea.com |
| David Michael Caves | on behalf of Interested Party Interstate Fire & Casualty Company dcaves@phrd.com |
| Elizabeth A. Glynn | on behalf of Creditor TD Bank  N.A. eag@rsclaw.com, ccs@rsclaw.com |
| Harris Winsberg | on behalf of Interested Party Interstate Fire & Casualty Company hwinsberg@phrd.com  elyttle@phrd.com |
| Harrison E. Strauss | on behalf of U.S. Trustee U S Trustee harrison.strauss@usdoj.gov |
| James Moffitt | on behalf of Interested Party Catalina Worthing Insurance Ltd james.moffitt@clydeco.us  Nancy.Lima@clydeco.us |
| James Moffitt | on behalf of Interested Party Certain Underwriters at Lloyd's London james.moffitt@clydeco.us  Nancy.Lima@clydeco.us |
| James Moffitt | on behalf of Interested Party RiverStone Insurance UK Limited james.moffitt@clydeco.us  Nancy.Lima@clydeco.us |
| James Moffitt | on behalf of Interested Party Tenecom Ltd. james.moffitt@clydeco.us  Nancy.Lima@clydeco.us |
| Jeff Kahane | on behalf of Interested Party Certain Underwriters at Lloyd's London jkahane@skarzynski.com |
| Jeff Kahane | on behalf of Interested Party RiverStone Insurance UK Limited jkahane@skarzynski.com |
| Jeff Kahane | on behalf of Interested Party Tenecom Ltd. jkahane@skarzynski.com |
| Jeff Kahane | |

District/off: 0210-2                     User: admin                                    Page 3 of 4

Date Rcvd: Jul 28, 2026                  Form ID: pdf650                                 Total Noticed: 15

on behalf of Interested Party Catalina Worthing Insurance Ltd jkahane@skarzynski.com

Jeremy R Fischer

on behalf of Interested Party Rice Memorial High School jfischer@preti.com  mperry@preti.com

Jim Baillie

on behalf of Debtor Roman Catholic Diocese of Burlington  Vermont jbaillie@fredlaw.com

Katherine Nixon

on behalf of Debtor Roman Catholic Diocese of Burlington  Vermont knixon@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Kaveh Shahi

on behalf of Interested Party Roman Catholic Parishes kshahi@gllawgroup.com

Lisa M Penpraze

on behalf of U.S. Trustee U S Trustee lisa.penpraze@usdoj.gov

Matthew Michael Weiss

on behalf of Interested Party Interstate Fire & Casualty Company mweiss@phrd.com

Michael Bryan Fisher

on behalf of Interested Party Interstate Fire & Casualty Company fisher@mbfisherlaw.com fisher.michaelb.r81669@notify.bestcase.com

Paul A Levine

on behalf of Creditor Committee Committee of Unsecured Creditors plevine@lemerygreisler.com  phartl@lemerygreisler.com

Paul A Levine

on behalf of Creditor Committee Local Counsel to the Official Committee of Unsecured Creditors plevine@lemerygreisler.com phartl@lemerygreisler.com

Raymond J Obuchowski

on behalf of Debtor Roman Catholic Diocese of Burlington  Vermont ray@oeblaw.com, marie@oeblaw.com

Robert S DiPalma

on behalf of Financial Advisor Berkeley Research Group LLC rdipalma@pfclaw.com

Russell W. Roten

on behalf of Interested Party RiverStone Insurance UK Limited rroten@skarzynski.com

Russell W. Roten

on behalf of Interested Party Catalina Worthing Insurance Ltd rroten@skarzynski.com

Russell W. Roten

on behalf of Interested Party Tenecom Ltd. rroten@skarzynski.com

Ryan M. Long

on behalf of Interested Party RiverStone Insurance UK Limited rlong@primmer.com

Ryan M. Long

on behalf of Interested Party Catalina Worthing Insurance Ltd rlong@primmer.com

Ryan M. Long

on behalf of Interested Party Tenecom Ltd. rlong@primmer.com

Ryan M. Long

on behalf of Interested Party Certain Underwriters at Lloyd's London rlong@primmer.com

Samuel Andre

on behalf of Debtor Roman Catholic Diocese of Burlington  Vermont sandre@fredlaw.com, docketing@fredlaw.com;mcalhoun@fredlaw.com;sstallings@fredlaw.com

Steven Robert Kinsella

on behalf of Debtor Roman Catholic Diocese of Burlington  Vermont skinsella@fredlaw.com, sstallings@fredlaw.com;docketing@fredlaw.com

Timothy Evanston

on behalf of Interested Party Certain Underwriters at Lloyd's London tevanston@skarzynski.com

Timothy Evanston

on behalf of Interested Party Catalina Worthing Insurance Ltd tevanston@skarzynski.com

Timothy Evanston

on behalf of Interested Party RiverStone Insurance UK Limited tevanston@skarzynski.com

Timothy Evanston

on behalf of Interested Party Tenecom Ltd. tevanston@skarzynski.com

Timothy K. McMahon, Jr.

on behalf of Interested Party RiverStone Insurance UK Limited tmcmahon@skarzynski.com

Timothy K. McMahon, Jr.

District/off: 0210-2                           User: admin                                Page 4 of 4
Date Rcvd: Jul 28, 2026                        Form ID: pdf650                            Total Noticed: 15

                         on behalf of Interested Party Tenecom Ltd. tmcmahon@skarzynski.com

Timothy K. McMahon, Jr.

                         on behalf of Interested Party Catalina Worthing Insurance Ltd tmcmahon@skarzynski.com

Todd C. Jacobs

                         on behalf of Interested Party Interstate Fire & Casualty Company tjacobs@phrd.com

U S Trustee

                         ustpregion02.vt.ecf@usdoj.gov


TOTAL: 51